STEVEN T. GUBNER - Bar No. 156593
JASON B. KOMORSKY - Bar No. 155677
MICHAEL DAVIS - Bar No. 274126
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email: sgubner@bg.law
        jkomorsky@bg.law
        mdavis@bg.law

Special Counsel for Plaintiffs
CECCHI GORI PICTURES and CECCHI
GORI USA, INC.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>CECCHI GORI PICTURES, a California corporation; CECCHI GORI USA, INC., a California corporation,<br><br>    Debtor. | Bank. Case No.: 16-53499<br>(Jointly Administered with Case No. 16-53500)<br><br>Chapter 11<br><br>Adv. Case No. 17-05084 |
| CECCHI GORI PICTURES and CECCHI GORI USA, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>GABRIELE ISRAILOVICI, an individual, GIOVANNI NAPPI, an individual, and KLAGI LIMITED (a/k/a/ KLAGI MANAGEMENT LIMITED and KLAGI LTD.), a Hong Kong corporation,<br><br>    Defendants. | **DECLARATION OF JASON B. KOMORSKY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE SECTION 56(d)**<br><br>**<u>Hearing</u>:**<br><br>Date:    July 15, 2019<br>Time:   11:00 a.m.<br>Place:   Courtroom 3020<br>            United States Bankruptcy Court<br>            280 South First Street,<br>            San Jose, CA 95113<br><br>Judge:  Hon. M. Elaine Hammond |

# DECLARATION OF JASON B. KOMORSKY

I, Jason B. Komorsky, declare as follows:

1.     I am counsel of record for the debtors in the above-entitled action, Cecchi Gori USA ("CGUSA") and Cecchi Gori Pictures ("CGP") (collectively, the "CG Entities" or "Debtors") and am licensed to practice in California and before this Court.  The matters stated in this declaration are true and correct and are within my personal knowledge and based on my review of relevant books and records and other documents of the Debtors, and if called upon to testify as a witness, I could and would testify competently thereto.  I provide this Declaration pursuant to Rule 56(d) for the limited purpose of demonstrating that Defendants have withheld all document discovery relating to their role in the clandestine dissipation of assets to the extent the Court believes that additional information is needed with respect to the doctrine of equitable estoppel, which is one of several independent bases presented by Debtors in opposition to Defendants' Motion for Summary Judgment.

2.     It is the Debtors' position that they have submitted sufficient evidence to demonstrate that the statute of limitations did not begin to run, was statutorily tolled, or equitably tolled such that the action against Defendants Gabriele Israilovici ("Israilovici") and Giovanni Nappi ("Nappi") (collectively, "Defendants") was timely filed.

3.     However, one of the arguments relating to equitable estoppel and, particularly, fraudulent concealment, pertains to the actions of Gori and/or his agents, the Debtors, during the course of the action styled *Nous, S.r.l. v. Vittorio Cecchi Gori, et al., L.A. Sup. Ct. Case No. BC466028* ("LASC Action") filed on July 25, 2011.  Specifically, Debtors have presented evidence of Gori's and his agents' fraudulent concealment of the dissipation from both Nous and the LASC.  Additionally, Debtors have submitted evidence from Gori that Defendants carried out the dissipation of assets without his knowledge or approval and that he only found out about it years later.  *See, generally,* Declaration of Vittorio Cecchi Gori ("Gori Decl.") filed concurrently herewith.

4.     Nevertheless, to the extent that the Court believes the evidence provided is insufficient to demonstrate fraudulent concealment, Debtors submit that the matter should be continued pending further discovery against Defendants.  To date, Debtors served document

1

discovery and requests for admissions on Israilovici and Nappi. Attached hereto as Exhibits 1 and 2 are true and correct copies of the November 20, 2018 document requests served on Israilovici and Nappi, respectively. Attached hereto as Exhibits 3 and 4 are true and correct copies of the November 20, 2018 requests for admissions served on Israilovici and Nappi, respectively.

5. The document discovery sought, among other things, communications among Defendants and (i) Brent Blakely, Gori's personal attorney, (ii) Brian Berlandi, joint counsel for the CG Entities and Defendants, (iii) Cervera Real Estate, the firm used by Defendants to purchase real estate in Florida, (iv) Carlo DiPasquale, the real estate agent Defendants used for the purchase and sale of real estate in Florida, (v) ISNA, LLC, a Florida company owned by Israilovici, and ISNA Trading Corporation, a Panamanian corporation, to which Defendants transferred monies, (vi) Klagi, LLC, a Florida company owned by Nappi, and Klagi Management Ltd., a Panamanian company, that was used in the transfer of Debtors' funds, (vii) Pippin Management, a conduit used by Defendants to transfer monies, (viii) Shiba, another Hong Kong entity used in the dissipation of assets, and (ix) Gori, the person that Defendants claim they were assisting in dissipating the Debtors' assets. The requests for production also sought evidence to support affirmative assertions made by the Defendants in the Joint Case Management Conference Statement filed with this Court on October 12, 2018 [Docket No. 50].

6. The requests for admission also sought definitive information from Defendants regarding their roles in the dissipation of assets.

7. On April 15, 2019, Defendants served their responses to the Debtors' requests for admission. A true and correct copy of Defendants' requests for admissions responses are attached hereto as Exhibits 5 and 6, respectively. Although littered with improper objections and questionable claims of "insufficient information," Defendants did admit their involvement in certain transfers of the CG Entities' assets. *See., e.g.* Exh. 5, pp. 85-86 (REQUEST FOR ADMISSION NO. 83: "Admit that you had prior knowledge of and consented to the transfer on or about January 22, 2014 of approximately $1,200,000 from the ISNA ACCOUNT to the ISNA TRADING ACCOUNT. RESPONSE: ADMIT."); *see also id.*, p. 5 (response to RFA no. 84).

8.      Nevertheless, on June 1, 2019, after multiple extensions of time based on Defendants' counsel's representation that the production of documents was time consuming because many of the documents were in Italian, Defendants provided their document responses. A true and correct copy of Defendants' document responses are attached hereto as Exhibits 7 and 8, respectively. Despite their active involvement in communications with vcecchigori@gmail.com, Brent Blakely ("Blakely"), the various entities that received the dissipated assets, Carlo DiPasquale, and each other, Defendants produced a total of one (1) document, which was a declaration of Gori that they obtained in November 2017.

9.      As detailed in the Gori Decl. provided concurrently with the Debtors' opposition to Defendants' summary judgment motion, Gori has recanted the statements in that prior declaration and explained that he was duped by Defendants. Gori Decl., ¶¶ 3, 4. Notably, Defendants have not produced and refuse to produce a single document during the relevant time period 2012-2016 despite their admissions that they were involved in at least some of the transfers and despite the fact that the summary judgment motion and opposition contain ample evidence that they were authors or recipients of numerous documents.

10.      After meeting and conferring on the document demands, Defendants agreed to supplement their production. On June 21, 2019, Defendants provided supplemental responses to the Debtors' document demands. A true and correct copy of Defendants' supplemental responses are attached hereto as Exhibits 9 and 10, respectively.

11.      As reflected in Defendants' supplemental responses, Defendants have refused to produce any responsive documents. Moreover, they have provided no privilege log.

12.      Debtors anticipate having to bring a motion to compel, followed by a motion for issue and/or terminating sanctions when Defendants fail to comply with this Court's orders. While generally a responding party's statement that they have no responsive documents is deemed facially valid where, as here, there is ample documentary evidence showing that Defendants wrote or received documents the Court can find that Defendants' answers are not made in good faith.

13.      As but one example of Israilovici and Nappi's improper withholding of documents, the declaration of Carlo DiPasquale provides details regarding Israilovici's transfers of monies to

3

pay for a condominium in Florida. Neither Israilovici nor Nappi have produced any of the financial documents evidencing the origins of that money despite the fact that companies owned by them, Klagi, LLC, and ISNA, LLC, were parties to the transactions.

14. Plaintiffs believe that these documents will expose the full extent of Defendants' role in both the dissipation of the Debtors' assets, as well as their role in hiding this information from Nous and the LASC. If Defendants' request for admission responses are to be believed, they were willing aiders of Gori's dissipation. *See e.g.* Exh. 5, pp. 85-86. If the Gori Decl. is to be believed, they were actually the masterminds behind the dissipation. Gori Decl., ¶¶ 5, 7-12. In either event, they were central figures in these transactions and their refusal to produce a single document during the relevant period of time has prejudiced the Debtors.

15. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on this 28th day of June 2019 at Los Angeles, California.

_____

Jason B. Komorsky

# EXHIBIT "1"

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ORI KATZ, Cal. Bar No. 209561
STEVEN B, SACKS, Cal. Bar No. 98875
ROBERT K. SAHYAN, Cal. Bar No. 253763
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Telephone:    415-434-9100
Facsimile:    415-434-3947
Email:    okatz@sheppardmullin.com
          ssacks@sheppardmullin.com
          rsahyan@sheppardmullin.com

Counsel for Debtors and Plaintiffs

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CECCHI GORI PICTURES, a California corporation; CECCHI GORI USA, INC., a California corporation,<br><br>Debtors, | Bank. Case No.: 16-53499<br>(Jointly Administered with Case No. 16-53500)<br><br>Chapter 11 |
| CECCHI GORI PICTURES and CECCHI GORI USA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>GABRIELE ISRAILOVICI, an individual, GIOVANNI NAPPI, an individual, and KLAGI LIMITED (a/k/a KLAGI MANAGEMENT LIMITED and KLAGI LTD.), a Hong Kong corporation<br><br>Defendants. | Adv. Case No.  17-05084<br><br>**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GABRIELE ISRAILOVICI** |

PROPOUNDING PARTY: CECCHI GORI PICTURES and CECCHI GORI USA, INC.

RESPONDING PARTY: DEFENDANT GABRIELE ISRAILOVICI

SET NO.: ONE

PLAINTIFFS CECCHI GORI PICTURES and CECCHI GORI USA, INC., hereby request that, pursuant to Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure and Rule 34 of the Federal Rules of Civil Procedure, within 30 days, DEFENDANT GABRIELE ISRAILOVICI produce for inspection and copying, each of the requested documents described below at the offices of counsel for the PLAINTIFFS at Sheppard, Mullin, Richter & Hampton, LLP, Attn: Ori Katz, Four Embarcadero Center, 17th Floor, San Francisco, CA 94111.

## GENERAL DEFINITIONS

1. "**AALL & ZYLEMAN**" means Aall & Zyleman Company Limited, a Hong Kong entity, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

2. "**ANSWER**" means the *Answer and Demand for a Jury Trial* filed in the above-captioned adversary proceeding on July 6, 2018 as Docket No. 48.

3. "**BERLANDI FIRM**" means Berlandi Nussbaum & Reitzas LLP, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

4. "**BLAKELEY FIRM**" means the Blakely Law Group, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

5. "**BREWER FIRM**" means Brewer & Tominaga CPAs, LLP, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

6. "**CERVERA REAL ESTATE**" means Cervera Real Estate, Inc., a Florida corporation, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

7. "**CGUSA**" means Cecchi Gori USA, Inc., one of the PLAINTIFFS.

8. "**COMMUNICATIONS**" means any instance in which words or information is transferred or transmitted between two or more **PERSONS** by whatever manner or means, and regardless of how or by whom the communication was initiated, including but not limited to, correspondence, conversation, instructions, meetings, requests, demands, and conferences.

9. "**CONFERENCE STATEMENT**" means the *Plaintiffs' and Defendants' Joint Case Management Conference Statement* filed in the above-captioned adversary proceeding on October 12, 2018 as Docket No. 50.

10. "**DARO**" means Daro Film Distribution GmbH, a company formed under the laws of Switzerland, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

11. "**DEFENDANTS**" means, collectively, (i) ISRAILOVICI, (ii) NAPPI, and (iii) Klagi Limited (a/k/a Klagi Management Limited and Klagi, Ltd.), a Hong Kong corporation.

12. "**DIPASQUALE**" means Carlo Dipasquale, an individual and real estate agent in the state of Florida, and any of his partners, agents, employees, representatives, investigators, accountants and attorneys, INSIDERS, and any person acting on his behalf.

13. "**DOCUMENT**" means all written, electronic, printed, typed, graphic or otherwise recorded matter, however produced or reproduced (including non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise); preliminary, intermediary and final drafts; writings, drawings, records and recordings of every kind and description, whether inscribed by hand or by mechanical, electronic, microfilm, photographic or other means (including information stored on computer storage device or media, as well as audio, such as tape recordings, or visual

means); reproductions of statements, **COMMUNICATIONS**, conversations or events; and all agreements, bids, bonds, calendars, change orders, checks, contracts, correspondence, including emails and text messages, statements, receipts, returns, summaries, data books, accounting records, work sheets, spread sheets, computer print-outs, information storage media, diary entries, drawings and charts (including additions and revisions), estimates, evaluations, financial statements and records, inter- and intra-office **COMMUNICATIONS**, invoices, job site reports, logs, memoranda of any type minutes of all meetings, notes of all types, orders, including purchase orders, photographs, records, schedules, including additions and revisions, surveyor's notes, reports or calculations, reports and studies of any kind, tape recordings, (including any form of recording of any telephone or other conversation, interview, conference, or meeting), and all working drawings, papers and files. Note: If any computer software is necessary to read, print or utilize information contained in any **DOCUMENT**, as defined hereinabove, such software shall be identified together with the **DOCUMEN**T or storage media to which it pertains.

14.     "**FABRICA**" means Fabrica Services, Inc., including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

15.     "**FEBRUARY DECLARATION**" means the *Declaration of Gabriele Israilovici* filed in adversary proceeding 17-05007 before the United States Bankruptcy Court, Northern District of California on February 20,  2017 as Docket No. 32-4.

16.     "**GORI**" means Vittorio Cecchi Gori, an individual, and any of his partners, agents, employees, representatives, investigators, accountants and attorneys, INSIDERS, and any person acting on his behalf.

17.     "**HUGHES**" means Niall Hughes, an individual, and any of his partners, agents, employees, representatives, investigators, accountants and attorneys, INSIDERS, and any person acting on his behalf.

18.     "**INSIDERS**" shall have the same meaning as the term "insider" is defined in 11 U.S.C. §101(31).

19.     "**ISNA**" means ISNA, LLC, a Florida limited liability company, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

20.     "**ISNA CONDO SALE**" means the sale by ISNA of the condominium unit located at 520 West Avenue, Unit No. 2403, Miami Beach, Florida 33139, which sale occurred on or about January 15, 2014.

21.     "**ISNA ENTITIES**" means, collectively, (i) ISNA, LLC and (ii) ISNA Trading Corporation, a Panamanian corporation, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

22.     "**ISRAILOVICI**" means Gabriele Israilovici, an individual and defendant in this adversary proceeding and any of his partners, agents, employees, representatives, investigators, accountants and attorneys, INSIDERS and any person acting on his behalf.

23.     "**JUUL**" means Niels Juul, an individual and any of his partners, agents, employees, representatives, investigators, accountants and attorneys, INSIDERS and any person acting on his behalf

24.     "**KLAGI ENTITIES**" means, collectively, (i) Klagi Limited (a/k/a Klagi Management Limited and Klagi, Ltd.), a Hong Kong corporation and one of the Defendants, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest and (ii) Klagi, LLC, a Florida limited liability company, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

25.     "**MAMELI**" means Luigi Paolo Fabio Mameli, an individual, and any of his partners, agents, employees, representatives, investigators, accountants and attorneys, INSIDERS and any person acting on his behalf.

26. "**MARCH DECLARATION**" means the *Declaration of Gabriele Israilovici in Support of Defendants' Reply to Plaintiffs' Opposition to Motion to Quash* filed in adversary proceeding 17-05007 before the United States Bankruptcy Court, Northern District of California on March 3, 2017 as Docket No. 46-1.

27. "**NAPPI**" means Giovanni Nappi, an individual and defendant in this adversary proceeding and any of his partners, agents, employees, representatives, investigators, accountants and attorneys, INSIDERS and any person acting on his behalf.

28. "**NEPOMUCENO**" means Oliver Nepomuceno, an individual, and any of his partners, agents, employees, representatives, investigators, accountants and attorneys, INSIDERS and any person acting on his behalf.

29. "**PEARSE FIRM**" means, collectively, Pearse Trust Limited and Pearse Consulting Corp., including each entity's agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

30. "**PERSON**" or "**PERSONS**" means all individuals and entities, including without limitation, individuals, representative persons, associations, companies, corporations, partnerships, limited partnerships, joint ventures, trusts, estates, public agencies, departments, division, bureaus and boards.

31. "**PIPPIN**" means Pippin Management Limited, an entity formed in British Columbia, Canada, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

32. "**PIPPIN ACCOUNTS**" means any and all accounts at Royal Bank of Canada maintained by PIPPIN.

33. "**PIPPIN TRANSFERS**" means, collectively, those transfers of funds from any bank account maintained by either of the PLAINTIFFS to any bank account maintained by PIPPIN, including (i) that certain wire transfer in the amount of $49,980.00 made on October 18, 2012 from a bank account maintained by CGUSA at City National Bank to an account at Royal Bank of Canada maintained by PIPPIN and (ii) that certain wire transfer in the amount of $4,550,000 made on November 19, 2012 from a bank

account maintained by CGUSA at Chase Bank to an account at Royal Bank of Canada maintained by PIPPIN.

34. **"PLAINTIFFS"** means, collectively, Cecchi Gori Pictures and Cecchi Gori USA, Inc.

35. **"RADEMAKER"** means Conrad Rademaker, an individual, and any of his partners, agents, employees, representatives, investigators, accountants and attorneys, INSIDERS and any person acting on his behalf.

36. **"SETTLEMENT PROCEEDS"** means the funds the PLAINTIFFS received in connection with the settlement of Case No. BC390245 before the Los Angeles County Superior Court entitled *Nunnari, et al. v. Cecchi Gori Pictures, et al*.

37. **"SHIBA"** means Shiba Limited, a private company registered in Hong Kong, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

38. **"SINE NOMINE"** means Sine Nomine Nominees Limited, a Hong Kong entity, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

39. **"SUN TRUST TITLE"** means Sun Trust Title, LLC, a Florida limited liability company, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

40. **"WOLF RIFKIN"** means Wolf, Rifkin, Shapiro, Schulman & Rabkin LLP, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

## **REQUESTS FOR PRODUCTION**

### **REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS containing any COMMUNICATIONS between you and AALL & ZYLEMAN that relate to or refer in any way to the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO,

FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS containing any COMMUNICATIONS between you and the BERLANDI FIRM that relate to or refer in any way to either of the PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS containing any COMMUNICATIONS between you and the BLAKELY FIRM that relate to or refer in any way to either of the PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS containing any COMMUNICATIONS between you and the BREWER FIRM that relate to or refer in any way to either of the PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS containing any COMMUNICATIONS between you and CERVERA REAL ESTATE that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS containing any COMMUNICATIONS between you and DIPASQUALE that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI, NEPOMUCENO, the PEARSE FIRM,

PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS containing any COMMUNICATIONS between you and DARO that relate to or refer in any way to either of the PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS containing any COMMUNICATIONS between you and FABRICA that relate to or refer in any way to either of the PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS containing any COMMUNICATIONS between you and GORI that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS relating to or referring in any way to any of the ISNA ENTITIES.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS containing any COMMUNICATIONS between you and JUUL that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, any of the KLAGI ENTITIES, MAMELI, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS relating to or referring in any way to any of the KLAGI ENTITIES.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS containing any COMMUNICATIONS between you and MAMELI that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, JUUL, any of the KLAGI ENTITIES, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS containing any COMMUNICATIONS between you and NAPPI that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, JUUL, any of the KLAGI ENTITIES, MAMELI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS containing any COMMUNICATIONS between you and NEPOMUCENO that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS that relate to or refer in any way to PIPPIN.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS that relate to or refer in any way to any of the PIPPIN TRANSFERS.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS that relate to or refer in any way to either of the PLAINTIFFS.

.**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS containing any COMMUNICATIONS between you and RADEMAKER that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS that relate to or refer in any way to SHIBA.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS containing any COMMUNICATIONS between you and SINE NOMINE that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SUN TRUST TITLE or WOLF RIFKIN.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS containing any COMMUNICATIONS between you and SUN TRUST TITLE that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES,

ISRAILOVICI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE or WOLF RIFKIN.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS containing any COMMUNICATIONS between you and WOLF RIFKIN that relate to or refer in any way to either of the PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS that relate to or refer in any way to any agreements between you and GORI.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS that relate to or refer in any way to any agreements between either of the ISNA ENTITIES and GORI.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS that support your statement in paragraph 2 of the MARCH DECLARATION that the PLAINTIFFS would have collapsed if they had not prevailed in the Nunnari Litigation (as such term is defined in the MARCH DECLARATION).

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS that support your statement in paragraph 16 of the FEBRUARY DECLARATION that you are aware the Nunnari Litigation Settlement Payment (as such term is defined in the FEBRUARY DECLARATION) was paid and distributed at the direction of JUUL.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS supporting your denial in the ANSWER of the allegation that, beginning at least as early as 2008 and continuing through mid-2015, you possessed decision-making authority over the PLAINTIFFS pursuant to authority granted by GORI.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS supporting your denial in the ANSWER of the allegation that, on multiple occasions, you informed JUUL that you were authorized to make decisions on behalf of each of the PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS supporting your denial in the ANSWER of the allegation that you controlled the expenditure of each of the PLAINTIFFS' funds during the period from March through June 2012.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS supporting your denial in the ANSWER of the allegation that the SHIBA ASSIGNMENT was made at your direction and for your benefit.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS supporting your denial in the ANSWER that you controlled the expenditure of each of the PLAINTIFFS' funds during the period in which the PIPPIN TRANSFERS occurred.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS supporting your denial in the ANSWER of the allegation that you created and maintained the PIPPIN ACCOUNTS for your own benefit.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS supporting your denial in the ANSWER of the allegation that you owed the PLAINTIFFS fiduciary duties.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS supporting your denial in the ANSWER of the allegation that you received property transferred from the PLAINTIFFS pursuant to the SHIBA ASSIGNMENT and the PIPPIN TRANSFERS.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS supporting your denial in the ANSWER of the allegation that you withheld or aided in the withholding of property transferred from the PLAINTIFFS pursuant to the SHIBA ASSIGNMENT and the PIPPIN TRANSFERS.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS supporting your denial in the ANSWER of the allegation that CGUSA was insolvent or became insolvent as a result of the PIPPIN TRANSFERS.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS supporting the first affirmative defense you asserted in the ANSWER.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS supporting the second affirmative defense you asserted in the ANSWER.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS supporting the third affirmative defense you asserted in the ANSWER.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS supporting your assertion in the CONFERENCE STATEMENT that the disposition of the SETTLEMENT PROCEEDS was directed by JUUL.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS supporting your assertion in the CONFERENCE STATEMENT that the disposition of the SETTLEMENT PROCEEDS was directed by GORI.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS supporting your assertion in the CONFERENCE STATEMENT that you never received any of the SETTLEMENT PROCEEDS for your benefit.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS supporting your assertion in the CONFERENCE STATEMENT that a portion of the SETTLEMENT PROCEEDS was transferred in trust for GORI, as beneficiary, to ISNA.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS supporting your assertion in the CONFERENCE STATEMENT that all of the proceeds of the ISNA CONDO SALE were transferred to an entity controlled by GORI.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS supporting your assertion in the CONFERENCE STATEMENT that you never received any of the proceeds of the ISNA CONDO SALE.

DATED:  November 20, 2018

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      *_/s/ Ori Katz_*

ORI KATZ
STEVEN B. SACKS
ROBERT K. SAHYAN

Counsel for Debtors and Plaintiffs

# EXHIBIT "2"

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ORI KATZ, Cal. Bar No. 209561
STEVEN B, SACKS, Cal. Bar No. 98875
ROBERT K. SAHYAN, Cal. Bar No. 253763
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Telephone:   415-434-9100
Facsimile:   415-434-3947
Email:   okatz@sheppardmullin.com
         ssacks@sheppardmullin.com
         rsahyan@sheppardmullin.com

Counsel for Debtors and Plaintiffs


# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION


| | |
|---|---|
| CECCHI GORI PICTURES, a California corporation; CECCHI GORI USA, INC., a California corporation,<br><br>          Debtors, | Bank. Case No.: 16-53499 (Jointly Administered with Case No. 16-53500)<br><br>Chapter 11 |
| CECCHI GORI PICTURES and CECCHI GORI USA, INC.,<br><br>          Plaintiffs,<br><br>     v.<br><br>GABRIELE ISRAILOVICI, an individual, GIOVANNI NAPPI, an individual, and KLAGI LIMITED (a/k/a KLAGI MANAGEMENT LIMITED and KLAGI LTD.), a Hong Kong corporation<br><br>          Defendants. | Adv. Case No.  17-05084<br><br>**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GIOVANNI NAPPI** |

PROPOUNDING PARTY: CECCHI GORI PICTURES and CECCHI GORI USA, INC.

RESPONDING PARTY: DEFENDANT GIOVANNI NAPPI

SET NO.: ONE

  PLAINTIFFS CECCHI GORI PICTURES and CECCHI GORI USA, INC., hereby request that, pursuant to Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure and Rule 34 of the Federal Rules of Civil Procedure, within 30 days, DEFENDANT GIOVANNI NAPPI produce for inspection and copying, each of the requested documents described below at the offices of counsel for the PLAINTIFFS at Sheppard, Mullin, Richter & Hampton, LLP, Attn: Ori Katz, Four Embarcadero Center, 17th Floor, San Francisco, CA 94111.

## <u>GENERAL DEFINITIONS</u>

1. "**AALL & ZYLEMAN**" means Aall & Zyleman Company Limited, a Hong Kong entity, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

2. "**ANSWER**" means the *Answer and Demand for a Jury Trial* filed in the above-captioned adversary proceeding on July 6, 2018 as Docket No. 48.

3. "**BERLANDI FIRM**" means Berlandi Nussbaum & Reitzas LLP, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

4. "**BLAKELEY FIRM**" means the Blakely Law Group, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

5. "**BREWER FIRM**" means Brewer & Tominaga CPAs, LLP, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

6.     "**CERVERA REAL ESTATE**" means Cervera Real Estate, Inc., a Florida corporation, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

7.     "**CGUSA**" means Cecchi Gori USA, Inc., one of the PLAINTIFFS.

8.     "**COMMUNICATIONS**" means any instance in which words or information is transferred or transmitted between two or more **PERSONS** by whatever manner or means, and regardless of how or by whom the communication was initiated, including but not limited to, correspondence, conversation, instructions, meetings, requests, demands, and conferences.

9.     "**CONFERENCE STATEMENT**" means the *Plaintiffs' and Defendants' Joint Case Management Conference Statement* filed in the above-captioned adversary proceeding on October 12, 2018 as Docket No. 50.

10.     "**DARO**" means Daro Film Distribution GmbH, a company formed under the laws of Switzerland, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

11.     "**DEFENDANTS**" means, collectively, (i) ISRAILOVICI, (ii) NAPPI, and (iii) Klagi Limited (a/k/a Klagi Management Limited and Klagi, Ltd.), a Hong Kong corporation.

12.     "**DIPASQUALE**" means Carlo Dipasquale, an individual and real estate agent in the state of Florida, and any of his partners, agents, employees, representatives, investigators, accountants and attorneys, INSIDERS, and any person acting on his behalf.

13.     "**DOCUMENT**" means all written, electronic, printed, typed, graphic or otherwise recorded matter, however produced or reproduced (including non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise); preliminary, intermediary and final drafts; writings, drawings, records and recordings of every kind and description, whether inscribed by hand or by mechanical, electronic, microfilm, photographic or other means (including information stored on computer storage device or media, as well as audio, such as tape recordings, or visual

means); reproductions of statements, **COMMUNICATIONS**, conversations or events; and all agreements, bids, bonds, calendars, change orders, checks, contracts, correspondence, including emails and text messages, statements, receipts, returns, summaries, data books, accounting records, work sheets, spread sheets, computer print-outs, information storage media, diary entries, drawings and charts (including additions and revisions), estimates, evaluations, financial statements and records, inter- and intra-office **COMMUNICATIONS**, invoices, job site reports, logs, memoranda of any type minutes of all meetings, notes of all types, orders, including purchase orders, photographs, records, schedules, including additions and revisions, surveyor's notes, reports or calculations, reports and studies of any kind, tape recordings, (including any form of recording of any telephone or other conversation, interview, conference, or meeting), and all working drawings, papers and files. Note: If any computer software is necessary to read, print or utilize information contained in any **DOCUMENT**, as defined hereinabove, such software shall be identified together with the **DOCUMEN**T or storage media to which it pertains.

14. "**FABRICA**" means Fabrica Services, Inc., including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

15. "**GORI**" means Vittorio Cecchi Gori, an individual, and any of his partners, agents, employees, representatives, investigators, accountants and attorneys, INSIDERS, and any person acting on his behalf.

16. "**HUGHES**" means Niall Hughes, an individual, and any of his partners, agents, employees, representatives, investigators, accountants and attorneys, INSIDERS, and any person acting on his behalf.

17. "**INSIDERS**" shall have the same meaning as the term "insider" is defined in 11 U.S.C. §101(31).

18. "**ISNA**" means ISNA, LLC, a Florida limited liability company, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

19. "**ISNA CONDO SALE**" means the sale by ISNA of the condominium unit located at 520 West Avenue, Unit No. 2403, Miami Beach, Florida 33139, which sale occurred on or about January 15, 2014.

20. "**ISNA ENTITIES**" means, collectively, (i) ISNA, LLC and (ii) ISNA Trading Corporation, a Panamanian corporation, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

21. "**ISRAILOVICI**" means Gabriele Israilovici, an individual and defendant in this adversary proceeding and any of his partners, agents, employees, representatives, investigators, accountants and attorneys, INSIDERS and any person acting on his behalf.

22. "**JUUL**" means Niels Juul, an individual and any of his partners, agents, employees, representatives, investigators, accountants and attorneys, INSIDERS and any person acting on his behalf

23. "**KLAGI ENTITIES**" means, collectively, (i) Klagi Limited (a/k/a Klagi Management Limited and Klagi, Ltd.), a Hong Kong corporation and one of the Defendants, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest and (ii) Klagi, LLC, a Florida limited liability company, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

24. "**MAMELI**" means Luigi Paolo Fabio Mameli, an individual, and any of his partners, agents, employees, representatives, investigators, accountants and attorneys, INSIDERS and any person acting on his behalf.

25. "**NAPPI**" means Giovanni Nappi, an individual and defendant in this adversary proceeding and any of his partners, agents, employees, representatives, investigators, accountants and attorneys, INSIDERS and any person acting on his behalf.

26. "**NEPOMUCENO**" means Oliver Nepomuceno, an individual, and any of his partners, agents, employees, representatives, investigators, accountants and attorneys, INSIDERS and any person acting on his behalf.

27. "**PEARSE FIRM**" means, collectively, Pearse Trust Limited and Pearse Consulting Corp., including each entity's agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

28. "**PERSON**" or "**PERSONS**" means all individuals and entities, including without limitation, individuals, representative persons, associations, companies, corporations, partnerships, limited partnerships, joint ventures, trusts, estates, public agencies, departments, division, bureaus and boards.

29. "**PIPPIN**" means Pippin Management Limited, an entity formed in British Columbia, Canada, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

30. "**PIPPIN ACCOUNTS**" means any and all accounts at Royal Bank of Canada maintained by PIPPIN.

31. "**PIPPIN TRANSFERS**" means, collectively, those transfers of funds from any bank account maintained by either of the PLAINTIFFS to any bank account maintained by PIPPIN, including (i) that certain wire transfer in the amount of $49,980.00 made on October 18, 2012 from a bank account maintained by CGUSA at City National Bank to an account at Royal Bank of Canada maintained by PIPPIN and (ii) that certain wire transfer in the amount of $4,550,000 made on November 19, 2012 from a bank account maintained by CGUSA at Chase Bank to an account at Royal Bank of Canada maintained by PIPPIN.

32. "**PLAINTIFFS**" means, collectively, Cecchi Gori Pictures and Cecchi Gori USA, Inc.

33. "**RADEMAKER**" means Conrad Rademaker, an individual, and any of his partners, agents, employees, representatives, investigators, accountants and attorneys, INSIDERS and any person acting on his behalf.

34. **"SETTLEMENT PROCEEDS"** means the funds the PLAINTIFFS received in connection with the settlement of Case No. BC390245 before the Los Angeles County Superior Court entitled *Nunnari, et al. v. Cecchi Gori Pictures, et al*.

35. **"SHIBA"** means Shiba Limited, a private company registered in Hong Kong, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

36. **"SINE NOMINE"** means Sine Nomine Nominees Limited, a Hong Kong entity, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

37. **"SUN TRUST TITLE"** means Sun Trust Title, LLC, a Florida limited liability company, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

38. **"WOLF RIFKIN"** means Wolf, Rifkin, Shapiro, Schulman & Rabkin LLP, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS containing any COMMUNICATIONS between you and AALL & ZYLEMAN that relate to or refer in any way to the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

### REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS containing any COMMUNICATIONS between you and the BERLANDI FIRM that relate to or refer in any way to either of the PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS containing any COMMUNICATIONS between you and the BLAKELY FIRM that relate to or refer in any way to either of the PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS containing any COMMUNICATIONS between you and the BREWER FIRM that relate to or refer in any way to either of the PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS containing any COMMUNICATIONS between you and CERVERA REAL ESTATE that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS containing any COMMUNICATIONS between you and DIPASQUALE that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS containing any COMMUNICATIONS between you and DARO that relate to or refer in any way to either of the PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS containing any COMMUNICATIONS between you and FABRICA that relate to or refer in any way to either of the PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS containing any COMMUNICATIONS between you and GORI that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS relating to or referring in any way to any of the ISNA ENTITIES.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS containing any COMMUNICATIONS between you and JUUL that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, any of the KLAGI ENTITIES, MAMELI, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS relating to or referring in any way to any of the KLAGI ENTITIES.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS containing any COMMUNICATIONS between you and MAMELI that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, JUUL, any of the KLAGI ENTITIES, NAPPI, NEPOMUCENO, the

PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS containing any COMMUNICATIONS between you and NAPPI that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, JUUL, any of the KLAGI ENTITIES, MAMELI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS containing any COMMUNICATIONS between you and NEPOMUCENO that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS that relate to or refer in any way to PIPPIN.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS that relate to or refer in any way to any of the PIPPIN TRANSFERS.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS that relate to or refer in any way to either of the PLAINTIFFS.

.**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS containing any COMMUNICATIONS between you and RADEMAKER that relate to or refer in any way to AALL & ZYLEMAN, the

BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS that relate to or refer in any way to SHIBA.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS containing any COMMUNICATIONS between you and SINE NOMINE that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SUN TRUST TITLE or WOLF RIFKIN.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS containing any COMMUNICATIONS between you and SUN TRUST TITLE that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE or WOLF RIFKIN.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS containing any COMMUNICATIONS between you and WOLF RIFKIN that relate to or refer in any way to either of the PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS that relate to or refer in any way to any agreements between you and GORI.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS that relate to or refer in any way to any agreements between either of the ISNA ENTITIES and GORI.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS supporting your denial in the ANSWER of the allegation that, beginning at least as early as 2008 and continuing through mid-2015, you possessed decision-making authority over the PLAINTIFFS pursuant to authority granted by GORI.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS supporting your denial in the ANSWER of the allegation that, on multiple occasions, you informed JUUL that you were authorized to make decisions on behalf of each of the PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS supporting your denial in the ANSWER of the allegation that you controlled the expenditure of each of the PLAINTIFFS' funds during the period from March through June 2012.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS supporting your denial in the ANSWER of the allegation that the SHIBA ASSIGNMENT was made at your direction and for your benefit.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS supporting your denial in the ANSWER that you controlled the expenditure of each of the PLAINTIFFS' funds during the period in which the PIPPIN TRANSFERS occurred.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS supporting your denial in the ANSWER of the allegation that you created and maintained the PIPPIN ACCOUNTS for your own benefit.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS supporting your denial in the ANSWER of the allegation that you owed the PLAINTIFFS fiduciary duties.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS supporting your denial in the ANSWER of the allegation that you received property transferred from the PLAINTIFFS pursuant to the SHIBA ASSIGNMENT and the PIPPIN TRANSFERS.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS supporting your denial in the ANSWER of the allegation that you withheld or aided in the withholding of property transferred from the PLAINTIFFS pursuant to the SHIBA ASSIGNMENT and the PIPPIN TRANSFERS.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS supporting your denial in the ANSWER of the allegation that CGUSA was insolvent or became insolvent as a result of the PIPPIN TRANSFERS.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS supporting the first affirmative defense you asserted in the ANSWER.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS supporting the second affirmative defense you asserted in the ANSWER.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS supporting the third affirmative defense you asserted in the ANSWER.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS supporting your assertion in the CONFERENCE STATEMENT that the disposition of the SETTLEMENT PROCEEDS was directed by JUUL.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS supporting your assertion in the CONFERENCE STATEMENT that the disposition of the SETTLEMENT PROCEEDS was directed by GORI.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS supporting your assertion in the CONFERENCE STATEMENT that you never received any of the SETTLEMENT PROCEEDS for your benefit.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS supporting your assertion in the CONFERENCE STATEMENT that a portion of the SETTLEMENT PROCEEDS was transferred in trust for GORI, as beneficiary, to ISNA.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS supporting your assertion in the CONFERENCE STATEMENT that all of the proceeds of the ISNA CONDO SALE were transferred to an entity controlled by GORI.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS supporting your assertion in the CONFERENCE STATEMENT that you never received any of the proceeds of the ISNA CONDO SALE.


DATED:  November 20, 2018

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      _____
                    */s/ Ori Katz*
                    ORI KATZ
                    STEVEN B. SACKS
                    ROBERT K. SAHYAN

            Counsel for Debtors and Plaintiffs

# EXHIBIT "3"

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ORI KATZ, Cal. Bar No. 209561
STEVEN B, SACKS, Cal. Bar No. 98875
ROBERT K. SAHYAN, Cal. Bar No. 253763
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Telephone:    415-434-9100
Facsimile:    415-434-3947
Email:    okatz@sheppardmullin.com
          ssacks@sheppardmullin.com
          rsahyan@sheppardmullin.com

Counsel for Debtors and Plaintiffs

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CECCHI GORI PICTURES, a California corporation; CECCHI GORI USA, INC., a California corporation,<br><br>                    Debtors, | Bank. Case No.: 16-53499 (Jointly Administered with Case No. 16-53500)<br><br>Chapter 11 |
| CECCHI GORI PICTURES and CECCHI GORI USA, INC.,<br><br>                    Plaintiffs,<br><br>        v.<br><br>GABRIELE ISRAILOVICI, an individual, GIOVANNI NAPPI, an individual, and KLAGI LIMITED (a/k/a KLAGI MANAGEMENT LIMITED and KLAGI LTD.), a Hong Kong corporation<br><br>                    Defendants. | Adv. Case No.  17-05084<br><br>**PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT GABRIELE ISRAILOVICI** |

PROPOUNDING PARTY:    CECCHI GORI PICTURES and CECCHI GORI USA, INC.

RESPONDING PARTY:    DEFENDANT GABRIELE ISRAILOVICI

SET NO.:    ONE

PLAINTIFFS CECCHI GORI PICTURES and CECCHI GORI USA, INC., hereby request that, pursuant to Rules 7036 and 9014 of the Federal Rules of Bankruptcy Procedure ("FRBP") and Rule 36 of the Federal Rules of Civil Procedure ("FRCP"), within thirty (30) days, DEFENDANT GABRIELE ISRAILOVICI admit the truth of each of the facts set forth below.

In accordance with FRBP 7035 and FRCP 36, ISRAILOVICI must either admit a request, deny a request or state in detail why he cannot truthfully admit or deny such request. A denial must fairly respond to the substance of each request and when good faith requires that a party qualify an answer or deny only part of a request, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if such party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Responses to these requests for admission are to be served upon counsel for the PLAINTIFFS at Sheppard, Mullin, Richter & Hampton, LLP, Attn: Ori Katz, Four Embarcadero Center, 17th Floor, San Francisco, CA 94111 (okatz@sheppardmullin.com).

## <u>GENERAL DEFINITIONS</u>

1.    "**CGUSA**" means Cecchi Gori USA, Inc., one of the PLAINTIFFS.

2.    "**COMMUNICATIONS**" means any instance in which words or information is transferred or transmitted between two or more **PERSONS** by whatever manner or means, and regardless of how or by whom the communication was initiated, including but not limited to, correspondence, conversation, instructions, meetings, requests, demands, and conferences.

3.   "**DARO**" means Daro Film Distribution GmbH, a company formed under the laws of Switzerland, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

4.   "**DEFENDANTS**" means, collectively, (i) ISRAILOVICI, (ii) NAPPI, and (iii) KLAGI LIMITED.

5.   "**DIPASQUALE**" means Carlo Dipasquale, an individual and real estate agent in the state of Florida, and any of his partners, agents, employees, representatives, investigators, accountants and attorneys, INSIDERS, and any person acting on his behalf.

6.   "**DOCUMENT**" means all written, electronic, printed, typed, graphic or otherwise recorded matter, however produced or reproduced (including non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise); preliminary, intermediary and final drafts; writings, drawings, records and recordings of every kind and description, whether inscribed by hand or by mechanical, electronic, microfilm, photographic or other means (including information stored on computer storage device or media, as well as audio, such as tape recordings, or visual means); reproductions of statements, **COMMUNICATIONS**, conversations or events; and all agreements, bids, bonds, calendars, change orders, checks, contracts, correspondence, including emails and text messages, statements, receipts, returns, summaries, data books, accounting records, work sheets, spread sheets, computer print-outs, information storage media, diary entries, drawings and charts (including additions and revisions), estimates, evaluations, financial statements and records, inter- and intra-office **COMMUNICATIONS**, invoices, job site reports, logs, memoranda of any type minutes of all meetings, notes of all types, orders, including purchase orders, photographs, records, schedules, including additions and revisions, surveyor's notes, reports or calculations, reports and studies of any kind, tape recordings, (including any form of recording of any telephone or other conversation, interview, conference, or meeting), and all working drawings, papers and files.  Note: If any computer software is necessary to read, print or utilize information contained in any **DOCUMENT**, as defined hereinabove,

such software shall be identified together with the **DOCUMEN**T or storage media to which it pertains.

7. "**GORI**" means Vittorio Cecchi Gori, an individual, and any of his partners, agents, employees, representatives, investigators, accountants and attorneys, INSIDERS, and any person acting on his behalf.

8. "**INSIDERS**" shall have the same meaning as the term "insider" is defined in 11 U.S.C. §101(31).

9. "**ISNA**" means ISNA, LLC, a Florida limited liability company, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest

10. "**ISNA ACCOUNT**" means the account at Wells Fargo Bank maintained by ISNA and ending in 1048.

11. "**ISNA CONDO**" means the condominium unit located at 520 West Avenue, Unit No. 2403, Miami Beach, Florida 33139.

12. "**ISNA CONDO PURCHASE**" means the purchase by ISNA of the ISNA CONDO, which purchase occurred in or around January 2013

13. "**ISNA CONDO SALE**" means the sale by ISNA of the ISNA CONDO, which sale occurred on or about January 15, 2014.

14. "**ISNA ENTITIES**" means, collectively, (i) ISNA and (ii) ISNA TRADING.

15. "**ISNA OPERATING AGREEMENT**" means the Operating Agreement of ISNA, LLC, a Florida Limited Liability Company, dated December 14, 2012.

16. "**ISNA TRADING**" means ISNA Trading Corporation, a Panamanian corporation, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

17. "**ISNA TRADING ACCOUNT**" means the account at Barclays Bank PLC maintained by ISNA TRADING and ending in 1899.

18. "**ISRAILOVICI**" means Gabriele Israilovici, an individual and one of the DEFENDANTS in this adversary proceeding and any of his partners, agents, employees,

representatives, investigators, accountants and attorneys, INSIDERS, and any person acting on his behalf.

19. "**JUUL**" means Niels Juul, an individual, and any of his partners, agents, employees, representatives, investigators, accountants and attorneys, INSIDERS, and any person acting on his behalf.

20. "**KLAGI ACCOUNTS**" means any and all accounts at Barclays Bank PLC maintained by KLAGI LIMITED.

21. "**KLAGI CONDO**" means the condominium unit located at 1605 Euclid Avenue, Unit A-2, Miami Beach, Florida 33139.

22. "**KLAGI ENTITIES**" means, collectively, (i) KLAGI LIMITED and (ii) KLAGI LLC.

23. "**KLAGI LIMITED**" means Klagi Limited (a/k/a Klagi Management Limited and Klagi, Ltd.), a Hong Kong corporation and one of the DEFENDANTS, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

24. "**KLAGI LLC**" means Klagi, LLC, a Florida limited liability company, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

25. "**NAPPI**" means Giovanni Nappi, an individual and one of the DEFENDANTS in this adversary proceeding and any of his partners, agents, employees, representatives, investigators, accountants and attorneys, INSIDERS, and any person acting on his behalf.

26. "**PERSON**" or "**PERSONS**" means all individuals and entities, including without limitation, individuals, representative persons, associations, companies, corporations, partnerships, limited partnerships, joint ventures, trusts, estates, public agencies, departments, division, bureaus and boards.

27.     "**PIPPIN**" means Pippin Management Limited, an entity formed in British Columbia, Canada, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

28.     "**PIPPIN ACCOUNTS**" means any and all accounts at Royal Bank of Canada maintained by PIPPIN.

29.     "**PLAINTIFFS**" means, collectively, Cecchi Gori Pictures and CGUSA.

30.     "**SHIBA**" means Shiba Limited, a private company registered in Hong Kong, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

31.     "**SHIBA ASSIGNMENT**" means CGUSA's assignment to SHIBA of approximately $808,484.05 due to CGUSA from DARO, which assignment occurred on or about March 12, 2012.

32.     "**SUN TRUST**" means Sun Trust Title, LLC, a Florida limited liability company, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

## REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:

Admit that GORI communicated to you that you had authority to make decisions on behalf of each of the PLAINTIFFS.

### REQUEST FOR ADMISSION NO. 2:

Admit that throughout 2012 you made decisions on behalf of each of the PLAINTIFFS.

### REQUEST FOR ADMISSION NO. 3:

Admit that in 2012 you informed JUUL that you were authorized by GORI to make decisions on behalf of each of the PLAINTIFFS.

### REQUEST FOR ADMISSION NO. 4:

Admit that during 2012, you gave instructions to JUUL regarding transfers of the PLAINTIFFS' funds.

**REQUEST FOR ADMISSION NO. 5:**

Admit that you received emails in or around June 2012 regarding payments from DARO to SHIBA.

**REQUEST FOR ADMISSION NO. 6:**

Admit that you instructed JUUL to have DARO pay approximately $808,484.05 to SHIBA that DARO owed to CGUSA.

**REQUEST FOR ADMISSION NO. 7:**

Admit that you instructed CGUSA to assign to SHIBA the approximately $808,484.05 that CGUSA was owed from DARO.

**REQUEST FOR ADMISSION NO. 8:**

Admit that you had prior knowledge of and consented to CGUSA's assignment of its right to receive funds from DARO.

**REQUEST FOR ADMISSION NO. 9:**

Admit that you are not aware of any business relationship between either of the PLAINTIFFS and SHIBA.

**REQUEST FOR ADMISSION NO. 10:**

Admit that you are not aware of any consideration received by either of the PLAINTIFFS in exchange for CGUSA assigning its right to receive funds from DARO.

**REQUEST FOR ADMISSION NO. 11:**

Admit that you were a recipient of emails dating in or around June 2012 that referenced PIPPIN.

**REQUEST FOR ADMISSION NO. 12:**

Admit that you created and maintained the PIPPIN ACCOUNTS.

**REQUEST FOR ADMISSION NO. 13:**

Admit that the October 18, 2012 transfer of $49,980.00 from a bank account maintained by CGUSA at City National Bank to the PIPPIN ACCOUNTS occurred at your instruction.

**REQUEST FOR ADMISSION NO. 14:**

Admit that the November 19, 2012 transfer of $4,550,000 from a bank account maintained by CGUSA at Chase Bank to the PIPPIN ACCOUNTS occurred at your instruction.

**REQUEST FOR ADMISSION NO. 15:**

Admit that you had prior knowledge of and consented to the October 18, 2012 transfer of $49,980.00 from a bank account maintained by CGUSA at City National Bank to the PIPPIN ACCOUNTS.

**REQUEST FOR ADMISSION NO. 16:**

Admit that you had prior knowledge of and consented to the November 19, 2012 transfer of $4,550,000 from a bank account maintained by CGUSA at Chase Bank to the PIPPIN ACCOUNTS.

**REQUEST FOR ADMISSION NO. 17:**

Admit that you authorized JUUL to transfer $49,980.00 from a bank account maintained by CGUSA at City National Bank to the PIPPIN ACCOUNTS.

**REQUEST FOR ADMISSION NO. 18:**

Admit that you authorized JUUL to transfer $4,550,000 from a bank account maintained by CGUSA at Chase Bank to the PIPPIN ACCOUNTS.

**REQUEST FOR ADMISSION NO. 19:**

Admit that GORI authorized JUUL to transfer $49,980.00 from a bank account maintained by CGUSA at City National Bank to the PIPPIN ACCOUNTS.

**REQUEST FOR ADMISSION NO. 20:**

Admit that GORI authorized JUUL to transfer $4,550,000 from a bank account maintained by CGUSA at Chase Bank to the PIPPIN ACCOUNTS.

**REQUEST FOR ADMISSION NO. 21:**

Admit that you benefitted from the transfer of $49,980.00 from a bank account maintained by CGUSA at City National Bank to the PIPPIN ACCOUNTS.

**REQUEST FOR ADMISSION NO. 22:**

Admit that you benefitted from the transfer of $4,550,000 from a bank account maintained by CGUSA at Chase Bank to the PIPPIN ACCOUNTS.

**REQUEST FOR ADMISSION NO. 23:**

Admit that GORI benefitted from the transfer of $49,980.00 from a bank account maintained by CGUSA at City National Bank to the PIPPIN ACCOUNTS.

**REQUEST FOR ADMISSION NO. 24:**

Admit that GORI benefitted from the transfer of $4,550,000 from a bank account maintained by CGUSA at Chase Bank to the PIPPIN ACCOUNTS.

**REQUEST FOR ADMISSION NO. 25:**

Admit that you are not aware of any business relationship between either of the PLAINTIFFS and PIPPIN.

**REQUEST FOR ADMISSION NO. 26:**

Admit that you are not aware of any consideration received by either of the PLAINTIFFS in exchange for the transfer of $49,980.00 from a bank account maintained by CGUSA at City National Bank to the PIPPIN ACCOUNTS.

**REQUEST FOR ADMISSION NO. 27:**

Admit that you are not aware of any consideration received by either of the PLAINTIFFS in exchange for the transfer of $4,550,000 from a bank account maintained by CGUSA at Chase Bank to the PIPPIN ACCOUNTS.

**REQUEST FOR ADMISSION NO. 28:**

Admit that the following transfers collectively involved substantially all of CGUSA's monetary assets: (i) the October 18, 2012 transfer of $49,980.00 from a bank account maintained by CGUSA at City National Bank to the PIPPIN ACCOUNTS and (ii) the November 19, 2012 transfer of $4,550,000 from a bank account maintained by CGUSA at Chase Bank to the PIPPIN ACCOUNTS.

**REQUEST FOR ADMISSION NO. 29:**

Admit that CGUSA's liabilities exceeded its assets on October 18, 2012.

**REQUEST FOR ADMISSION NO. 30:**

Admit that CGUSA's liabilities exceeded its assets on November 19, 2012.

**REQUEST FOR ADMISSION NO. 31:**

Admit that on October 18, 2012, CGUSA was unable to pay its debts as they became due.

**REQUEST FOR ADMISSION NO. 32:**

Admit that on November 19, 2012, CGUSA was unable to pay its debts as they became due.

**REQUEST FOR ADMISSION NO. 33:**

Admit that you created and maintained the KLAGI ACCOUNTS.

**REQUEST FOR ADMISSION NO. 34:**

Admit that the October 23, 2012 transfer of $50,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS occurred at your instruction.

**REQUEST FOR ADMISSION NO. 35:**

Admit that the November 28, 2012 transfer of $550,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS occurred at your instruction.

**REQUEST FOR ADMISSION NO. 36:**

Admit that the December 5, 2012 transfer of $750,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS occurred at your instruction.

**REQUEST FOR ADMISSION NO. 37:**

Admit that the December 11, 2012 transfer of $750,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS occurred at your instruction.

**REQUEST FOR ADMISSION NO. 38:**

Admit that the January 8, 2013 transfer of $750,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS occurred at your instruction.

**REQUEST FOR ADMISSION NO. 39:**

Admit that the January 21, 2013 transfer of $375,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS occurred at your instruction.

**REQUEST FOR ADMISSION NO. 40:**

Admit that the February 7, 2013 transfer of $750,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS  occurred at your instruction.

**REQUEST FOR ADMISSION NO. 41:**

Admit that the March 8, 2013 transfer of $595,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS occurred at your instruction.

**REQUEST FOR ADMISSION NO. 42:**

Admit that the August 20, 2013 transfer of $7,530.94 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS occurred at your instruction.

**REQUEST FOR ADMISSION NO. 43:**

Admit that you had prior knowledge of and consented to the October 23, 2012 transfer of $50,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS.

**REQUEST FOR ADMISSION NO. 44:**

Admit that you had prior knowledge of and consented to the November 28, 2012 transfer of $550,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS.

**REQUEST FOR ADMISSION NO. 45:**

Admit that you had prior knowledge of and consented to the December 5, 2012 transfer of $750,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS.

**REQUEST FOR ADMISSION NO. 46:**

Admit that you had prior knowledge of and consented to the December 11, 2012 transfer of $750,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS.

**REQUEST FOR ADMISSION NO. 47:**

Admit that you had prior knowledge of and consented to the January 8, 2013 transfer of $750,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS.

**REQUEST FOR ADMISSION NO. 48:**

Admit that you had prior knowledge of and consented to the January 21, 2013 transfer of $375,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS.

**REQUEST FOR ADMISSION NO. 49:**

Admit that you had prior knowledge of and consented to the February 7, 2013 transfer of $750,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS.

**REQUEST FOR ADMISSION NO. 50:**

Admit that you had prior knowledge of and consented to the March 8, 2013 transfer of $595,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS.

**REQUEST FOR ADMISSION NO. 51:**

Admit that you had prior knowledge of and consented to the August 20, 2013 transfer of $7,530.94 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS.

**REQUEST FOR ADMISSION NO. 52:**

Admit that you are not aware of any business relationship between either of the PLAINTIFFS and any of the KLAGI ENTITIES.

**REQUEST FOR ADMISSION NO. 53:**

Admit that you are not aware of any consideration received by either of the PLAINTIFFS in exchange for the transfer of $50,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS on October 23, 2012.

**REQUEST FOR ADMISSION NO. 54:**

Admit that you are not aware of any consideration received by either of the PLAINTIFFS in exchange for the transfer of $550,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS on November 28, 2012.

**REQUEST FOR ADMISSION NO. 55:**

Admit that you are not aware of any consideration received by either of the PLAINTIFFS in exchange for the transfer of $750,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS on December 5, 2012.

**REQUEST FOR ADMISSION NO. 56:**

Admit that you are not aware of any consideration received by either of the PLAINTIFFS in exchange for the transfer of $750,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS on December 11, 2012.

**REQUEST FOR ADMISSION NO. 57:**

Admit that you are not aware of any consideration received by either of the PLAINTIFFS in exchange for the transfer of $750,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS on January 8, 2013.

**REQUEST FOR ADMISSION NO. 58:**

Admit that you are not aware of any consideration received by either of the PLAINTIFFS in exchange for the transfer of $375,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS on January 21, 2013.

**REQUEST FOR ADMISSION NO. 59:**

Admit that you are not aware of any consideration received by either of the PLAINTIFFS in exchange for the transfer of $750,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS on February 7, 2013.

**REQUEST FOR ADMISSION NO. 60:**

Admit that you are not aware of any consideration received by either of the PLAINTIFFS in exchange for the transfer of $595,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS on March 8, 2013.

**REQUEST FOR ADMISSION NO. 61:**

Admit that you are not aware of any consideration received by either of the PLAINTIFFS in exchange for the transfer of $7,530.94 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS on August 20, 2013.

**REQUEST FOR ADMISSION NO. 62:**

Admit that in late 2012 you asked DIPASQUALE to find a condominium in the vicinity of Miami Beach, Florida, for purchase.

**REQUEST FOR ADMISSION NO. 63:**

Admit that, in his capacity as manager of ISNA, DIPASQUALE acted pursuant to your instructions.

**REQUEST FOR ADMISSION NO. 64:**

Admit that you possessed a debit card for the ISNA ACCOUNT.

**REQUEST FOR ADMISSION NO. 65:**

Admit that you used a debit card for the ISNA ACCOUNT to withdraw funds for your benefit.

**REQUEST FOR ADMISSION NO. 66:**

Admit that you were the only PERSON that possessed a debit card for the ISNA ACCOUNT.

**REQUEST FOR ADMISSION NO. 67:**

Admit that you instructed DIPASQUALE to withdraw funds from the ISNA ACCOUNT and provide those funds to you.

**REQUEST FOR ADMISSION NO. 68:**

Admit that you used funds withdrawn from the ISNA ACCOUNT to pay your personal expenses.

**REQUEST FOR ADMISSION NO. 69:**

Admit that you and NAPPI were the only PERSONS with a membership interest in ISNA.

**REQUEST FOR ADMISSION NO. 70:**

Admit that ISNA never held an annual meeting of its Members.

**REQUEST FOR ADMISSION NO. 71:**

Admit that ISNA never held an annual meeting of its Managers.

**REQUEST FOR ADMISSION NO. 72:**

Admit that you complied with the terms of the ISNA OPERATING AGREEMENT.

**REQUEST FOR ADMISSION NO. 73:**

50

Admit that the purpose of the transfers in December 2012 totaling $1,200,000 from the KLAGI ACCOUNTS to SUN TRUST was to effectuate the ISNA CONDO PURCHASE.

**REQUEST FOR ADMISSION NO. 74:**

Admit that the transfers in December 2012 totaling $1,200,000 from the KLAGI ACCOUNTS to SUN TRUST benefitted ISNA.

**REQUEST FOR ADMISSION NO. 75:**

Admit that at the time of the ISNA CONDO PURCHASE, ISNA had no obligation to anyone other than you and NAPPI.

**REQUEST FOR ADMISSION NO. 76:**

Admit that the proceeds of the ISNA CONDO SALE were deposited into the ISNA ACCOUNT.

**REQUEST FOR ADMISSION NO. 77:**

Admit that the total of all credits and deposits to the ISNA ACCOUNT is approximately $1,427,137.53.

**REQUEST FOR ADMISSION NO. 78:**

Admit that other than the ISNA ACCOUNT, ISNA had no other bank accounts.

**REQUEST FOR ADMISSION NO. 79:**

Admit that at the time of the ISNA CONDO SALE, ISNA had no obligation to anyone other than you and NAPPI.

**REQUEST FOR ADMISSION NO. 80:**

Admit that the name "ISNA" was a combination of your name and NAPPI's name.

**REQUEST FOR ADMISSION NO. 81:**

Admit that you created and maintained the ISNA TRADING ACCOUNT.

**REQUEST FOR ADMISSION NO. 82:**

Admit that you instructed the transfer on or about January 22, 2014 of approximately $1,200,000 from the ISNA ACCOUNT to the ISNA TRADING ACCOUNT be made.

**REQUEST FOR ADMISSION NO. 83:**

Admit that you had prior knowledge of and consented to the transfer on or about January 22, 2014 of approximately $1,200,000 from the ISNA ACCOUNT to the ISNA TRADING ACCOUNT.

**REQUEST FOR ADMISSION NO. 84:**

Admit that the transfer on or about January 22, 2014 of approximately $1,200,000 from the ISNA ACCOUNT to the ISNA TRADING ACCOUNT occurred for your benefit.

**REQUEST FOR ADMISSION NO. 85:**

Admit that in January 2014 you instructed that a $10,000 check be written from the ISNA ACCOUNT to SUN TRUST in connection with KLAGI, LLC's purchase of the KLAGI CONDO.

**REQUEST FOR ADMISSION NO. 86:**

Admit that you engaged in acts and transfers to convey funds to GORI without disclosing that he was the intended beneficiary of those acts and transfers.

**REQUEST FOR ADMISSION NO. 87:**

Admit that you engaged in acts and transfers to convey funds to GORI in a manner intended to conceal that he was the intended beneficiary of those acts and transfers.


DATED:  November 20, 2018

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By _____/s/ Ori Katz_____
ORI KATZ
STEVEN B. SACKS
ROBERT K. SAHYAN

Counsel for Debtors and Plaintiffs

# EXHIBIT "4"

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ORI KATZ, Cal. Bar No. 209561
STEVEN B, SACKS, Cal. Bar No. 98875
ROBERT K. SAHYAN, Cal. Bar No. 253763
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Telephone:    415-434-9100
Facsimile:    415-434-3947
Email:   okatz@sheppardmullin.com
         ssacks@sheppardmullin.com
         rsahyan@sheppardmullin.com

Counsel for Debtors and Plaintiffs

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CECCHI GORI PICTURES, a California corporation; CECCHI GORI USA, INC., a California corporation,<br><br>               Debtors, | Bank. Case No.: 16-53499 (Jointly Administered with Case No. 16-53500)<br><br>Chapter 11 |
| CECCHI GORI PICTURES and CECCHI GORI USA, INC.,<br><br>               Plaintiffs,<br><br>     v.<br><br>GABRIELE ISRAILOVICI, an individual, GIOVANNI NAPPI, an individual, and KLAGI LIMITED (a/k/a KLAGI MANAGEMENT LIMITED and KLAGI LTD.), a Hong Kong corporation<br><br>               Defendants. | Adv. Case No.  17-05084<br><br>**PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT GIOVANNI NAPPI** |

PROPOUNDING PARTY:     CECCHI GORI PICTURES and CECCHI GORI USA,
                       INC.

RESPONDING PARTY:      DEFENDANT GIOVANNI NAPPI

SET NO.:               ONE


PLAINTIFFS CECCHI GORI PICTURES and CECCHI GORI USA, INC., hereby request that, pursuant to Rules 7036 and 9014 of the Federal Rules of Bankruptcy Procedure ("FRBP") and Rule 36 of the Federal Rules of Civil Procedure ("FRCP"), within thirty (30) days, DEFENDANT GIOVANNI NAPPI admit the truth of each of the facts set forth below.

In accordance with FRBP 7035 and FRCP 36, NAPPI must either admit a request, deny a request or state in detail why he cannot truthfully admit or deny such request. A denial must fairly respond to the substance of each request and when good faith requires that a party qualify an answer or deny only part of a request, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if such party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Responses to these requests for admission are to be served upon counsel for the PLAINTIFFS at Sheppard, Mullin, Richter & Hampton, LLP, Attn: Ori Katz, Four Embarcadero Center, 17th Floor, San Francisco, CA 94111 (okatz@sheppardmullin.com).

## GENERAL DEFINITIONS

1.      "**CGUSA**" means Cecchi Gori USA, Inc., one of the PLAINTIFFS.

2.      "**COMMUNICATIONS**" means any instance in which words or information is transferred or transmitted between two or more **PERSONS** by whatever manner or means, and regardless of how or by whom the communication was initiated, including but not limited to, correspondence, conversation, instructions, meetings, requests, demands, and conferences.

3. "**DARO**" means Daro Film Distribution GmbH, a company formed under the laws of Switzerland, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

4. "**DEFENDANTS**" means, collectively, (i) ISRAILOVICI, (ii) NAPPI, and (iii) KLAGI LIMITED.

5. "**DIPASQUALE**" means Carlo Dipasquale, an individual and real estate agent in the state of Florida, and any of his partners, agents, employees, representatives, investigators, accountants and attorneys, INSIDERS, and any person acting on his behalf.

6. "**DOCUMENT**" means all written, electronic, printed, typed, graphic or otherwise recorded matter, however produced or reproduced (including non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise); preliminary, intermediary and final drafts; writings, drawings, records and recordings of every kind and description, whether inscribed by hand or by mechanical, electronic, microfilm, photographic or other means (including information stored on computer storage device or media, as well as audio, such as tape recordings, or visual means); reproductions of statements, **COMMUNICATIONS**, conversations or events; and all agreements, bids, bonds, calendars, change orders, checks, contracts, correspondence, including emails and text messages, statements, receipts, returns, summaries, data books, accounting records, work sheets, spread sheets, computer print-outs, information storage media, diary entries, drawings and charts (including additions and revisions), estimates, evaluations, financial statements and records, inter- and intra-office **COMMUNICATIONS**, invoices, job site reports, logs, memoranda of any type minutes of all meetings, notes of all types, orders, including purchase orders, photographs, records, schedules, including additions and revisions, surveyor's notes, reports or calculations, reports and studies of any kind, tape recordings, (including any form of recording of any telephone or other conversation, interview, conference, or meeting), and all working drawings, papers and files. Note: If any computer software is necessary to read, print or utilize information contained in any **DOCUMENT**, as defined hereinabove,

56

such software shall be identified together with the **DOCUMEN**T or storage media to which it pertains.

7.     "**GORI**" means Vittorio Cecchi Gori, an individual, and any of his partners, agents, employees, representatives, investigators, accountants and attorneys, INSIDERS, and any person acting on his behalf.

8.     "**INSIDERS**" shall have the same meaning as the term "insider" is defined in 11 U.S.C. §101(31).

9.     "**ISNA**" means ISNA, LLC, a Florida limited liability company, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest

10.     "**ISNA ACCOUNT**" means the account at Wells Fargo Bank maintained by ISNA and ending in 1048.

11.     "**ISNA CONDO**" means the condominium unit located at 520 West Avenue, Unit No. 2403, Miami Beach, Florida 33139.

12.     "**ISNA CONDO PURCHASE**" means the purchase by ISNA of the ISNA CONDO, which purchase occurred in or around January 2013

13.     "**ISNA CONDO SALE**" means the sale by ISNA of the ISNA CONDO, which sale occurred on or about January 15, 2014.

14.     "**ISNA ENTITIES**" means, collectively, (i) ISNA and (ii) ISNA TRADING.

15.     "**ISNA OPERATING AGREEMENT**" means the Operating Agreement of ISNA, LLC, a Florida Limited Liability Company, dated December 14, 2012.

16.     "**ISNA TRADING**" means ISNA Trading Corporation, a Panamanian corporation, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

17.     "**ISNA TRADING ACCOUNT**" means the account at Barclays Bank PLC maintained by ISNA TRADING and ending in 1899.

18.     "**ISRAILOVICI**" means Gabriele Israilovici, an individual and one of the DEFENDANTS in this adversary proceeding and any of his partners, agents, employees,

representatives, investigators, accountants and attorneys, INSIDERS, and any person acting on his behalf.

19.　　"**JUUL**" means Niels Juul, an individual, and any of his partners, agents, employees, representatives, investigators, accountants and attorneys, INSIDERS, and any person acting on his behalf.

20.　　"**KLAGI ACCOUNTS**" means any and all accounts at Barclays Bank PLC maintained by KLAGI LIMITED.

21.　　"**KLAGI CONDO**" means the condominium unit located at 1605 Euclid Avenue, Unit A-2, Miami Beach, Florida 33139.

22.　　"**KLAGI ENTITIES**" means, collectively, (i) KLAGI LIMITED and (ii) KLAGI LLC.

23.　　"**KLAGI LIMITED**" means Klagi Limited (a/k/a Klagi Management Limited and Klagi, Ltd.), a Hong Kong corporation and one of the DEFENDANTS, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

24.　　"**KLAGI LLC**" means Klagi, LLC, a Florida limited liability company, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

25.　　"**NAPPI**" means Giovanni Nappi, an individual and one of the DEFENDANTS in this adversary proceeding and any of his partners, agents, employees, representatives, investigators, accountants and attorneys, INSIDERS, and any person acting on his behalf.

26.　　"**PERSON**" or "**PERSONS**" means all individuals and entities, including without limitation, individuals, representative persons, associations, companies, corporations, partnerships, limited partnerships, joint ventures, trusts, estates, public agencies, departments, division, bureaus and boards.

27. "**PIPPIN**" means Pippin Management Limited, an entity formed in British Columbia, Canada, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

28. "**PIPPIN ACCOUNTS**" means any and all accounts at Royal Bank of Canada maintained by PIPPIN.

29. "**PLAINTIFFS**" means, collectively, Cecchi Gori Pictures and CGUSA.

30. "**SHIBA**" means Shiba Limited, a private company registered in Hong Kong, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

31. "**SHIBA ASSIGNMENT**" means CGUSA's assignment to SHIBA of approximately $808,484.05 due to CGUSA from DARO, which assignment occurred on or about March 12, 2012.

32. "**SUN TRUST**" means Sun Trust Title, LLC, a Florida limited liability company, including its agents, attorneys, employees, representatives, INSIDERS or any other persons acting on its behalf or in its interest.

## **REQUESTS FOR ADMISSION**

### **REQUEST FOR ADMISSION NO. 1:**

Admit that GORI communicated to you that you had authority to make decisions on behalf of each of the PLAINTIFFS.

### **REQUEST FOR ADMISSION NO. 2:**

Admit that throughout 2012 you made decisions on behalf of each of the PLAINTIFFS.

### **REQUEST FOR ADMISSION NO. 3:**

Admit that in 2012 you informed JUUL that you were authorized by GORI to make decisions on behalf of each of the PLAINTIFFS.

**REQUEST FOR ADMISSION NO. 4:**

Admit that during 2012, you gave instructions to JUUL regarding transfers of the PLAINTIFFS' funds.

**REQUEST FOR ADMISSION NO. 5:**

Admit that you received emails in or around June 2012 regarding payments from DARO to SHIBA.

**REQUEST FOR ADMISSION NO. 6:**

Admit that you instructed JUUL to have DARO pay approximately $808,484.05 to SHIBA that DARO owed to CGUSA.

**REQUEST FOR ADMISSION NO. 7:**

Admit that you instructed CGUSA to assign to SHIBA the approximately $808,484.05 that CGUSA was owed from DARO.

**REQUEST FOR ADMISSION NO. 8:**

Admit that you had prior knowledge of and consented to CGUSA's assignment of its right to receive funds from DARO.

**REQUEST FOR ADMISSION NO. 9:**

Admit that you are not aware of any business relationship between either of the PLAINTIFFS and SHIBA.

**REQUEST FOR ADMISSION NO. 10:**

Admit that you are not aware of any consideration received by either of the PLAINTIFFS in exchange for CGUSA assigning its right to receive funds from DARO.

**REQUEST FOR ADMISSION NO. 11:**

Admit that you were a recipient of emails dating in or around June 2012 that referenced PIPPIN.

**REQUEST FOR ADMISSION NO. 12:**

Admit that you created and maintained the PIPPIN ACCOUNTS.

**REQUEST FOR ADMISSION NO. 13:**

Admit that the October 18, 2012 transfer of $49,980.00 from a bank account maintained by CGUSA at City National Bank to the PIPPIN ACCOUNTS occurred at your instruction.

**REQUEST FOR ADMISSION NO. 14:**

Admit that the November 19, 2012 transfer of $4,550,000 from a bank account maintained by CGUSA at Chase Bank to the PIPPIN ACCOUNTS occurred at your instruction.

**REQUEST FOR ADMISSION NO. 15:**

Admit that you had prior knowledge of and consented to the October 18, 2012 transfer of $49,980.00 from a bank account maintained by CGUSA at City National Bank to the PIPPIN ACCOUNTS.

**REQUEST FOR ADMISSION NO. 16:**

Admit that you had prior knowledge of and consented to the November 19, 2012 transfer of $4,550,000 from a bank account maintained by CGUSA at Chase Bank to the PIPPIN ACCOUNTS.

**REQUEST FOR ADMISSION NO. 17:**

Admit that you authorized JUUL to transfer $49,980.00 from a bank account maintained by CGUSA at City National Bank to the PIPPIN ACCOUNTS.

**REQUEST FOR ADMISSION NO. 18:**

Admit that you authorized JUUL to transfer $4,550,000 from a bank account maintained by CGUSA at Chase Bank to the PIPPIN ACCOUNTS.

**REQUEST FOR ADMISSION NO. 19:**

Admit that GORI authorized JUUL to transfer $49,980.00 from a bank account maintained by CGUSA at City National Bank to the PIPPIN ACCOUNTS.

**REQUEST FOR ADMISSION NO. 20:**

Admit that GORI authorized JUUL to transfer $4,550,000 from a bank account maintained by CGUSA at Chase Bank to the PIPPIN ACCOUNTS.

**REQUEST FOR ADMISSION NO. 21:**

Admit that you benefitted from the transfer of $49,980.00 from a bank account maintained by CGUSA at City National Bank to the PIPPIN ACCOUNTS.

**REQUEST FOR ADMISSION NO. 22:**

Admit that you benefitted from the transfer of $4,550,000 from a bank account maintained by CGUSA at Chase Bank to the PIPPIN ACCOUNTS.

**REQUEST FOR ADMISSION NO. 23:**

Admit that GORI benefitted from the transfer of $49,980.00 from a bank account maintained by CGUSA at City National Bank to the PIPPIN ACCOUNTS.

**REQUEST FOR ADMISSION NO. 24:**

Admit that GORI benefitted from the transfer of $4,550,000 from a bank account maintained by CGUSA at Chase Bank to the PIPPIN ACCOUNTS.

**REQUEST FOR ADMISSION NO. 25:**

Admit that you are not aware of any business relationship between either of the PLAINTIFFS and PIPPIN.

**REQUEST FOR ADMISSION NO. 26:**

Admit that you are not aware of any consideration received by either of the PLAINTIFFS in exchange for the transfer of $49,980.00 from a bank account maintained by CGUSA at City National Bank to the PIPPIN ACCOUNTS.

**REQUEST FOR ADMISSION NO. 27:**

Admit that you are not aware of any consideration received by either of the PLAINTIFFS in exchange for the transfer of $4,550,000 from a bank account maintained by CGUSA at Chase Bank to the PIPPIN ACCOUNTS.

**REQUEST FOR ADMISSION NO. 28:**

Admit that the following transfers collectively involved substantially all of CGUSA's monetary assets: (i) the October 18, 2012 transfer of $49,980.00 from a bank account maintained by CGUSA at City National Bank to the PIPPIN ACCOUNTS and (ii)

the November 19, 2012 transfer of $4,550,000 from a bank account maintained by CGUSA at Chase Bank to the PIPPIN ACCOUNTS.

**REQUEST FOR ADMISSION NO. 29:**

Admit that CGUSA's liabilities exceeded its assets on October 18, 2012.

**REQUEST FOR ADMISSION NO. 30:**

Admit that CGUSA's liabilities exceeded its assets on November 19, 2012.

**REQUEST FOR ADMISSION NO. 31:**

Admit that on October 18, 2012, CGUSA was unable to pay its debts as they became due.

**REQUEST FOR ADMISSION NO. 32:**

Admit that on November 19, 2012, CGUSA was unable to pay its debts as they became due.

**REQUEST FOR ADMISSION NO. 33:**

Admit that you created and maintained the KLAGI ACCOUNTS.

**REQUEST FOR ADMISSION NO. 34:**

Admit that the October 23, 2012 transfer of $50,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS occurred at your instruction.

**REQUEST FOR ADMISSION NO. 35:**

Admit that the November 28, 2012 transfer of $550,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS occurred at your instruction.

**REQUEST FOR ADMISSION NO. 36:**

Admit that the December 5, 2012 transfer of $750,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS occurred at your instruction.

**REQUEST FOR ADMISSION NO. 37:**

Admit that the December 11, 2012 transfer of $750,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS occurred at your instruction.

**REQUEST FOR ADMISSION NO. 38:**

Admit that the January 8, 2013 transfer of $750,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS occurred at your instruction.

**REQUEST FOR ADMISSION NO. 39:**

Admit that the January 21, 2013 transfer of $375,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS occurred at your instruction.

**REQUEST FOR ADMISSION NO. 40:**

Admit that the February 7, 2013 transfer of $750,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS  occurred at your instruction.

**REQUEST FOR ADMISSION NO. 41:**

Admit that the March 8, 2013 transfer of $595,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS occurred at your instruction.

**REQUEST FOR ADMISSION NO. 42:**

Admit that the August 20, 2013 transfer of $7,530.94 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS occurred at your instruction.

**REQUEST FOR ADMISSION NO. 43:**

Admit that you had prior knowledge of and consented to the October 23, 2012 transfer of $50,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS.

**REQUEST FOR ADMISSION NO. 44:**

Admit that you had prior knowledge of and consented to the November 28, 2012 transfer of $550,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS.

**REQUEST FOR ADMISSION NO. 45:**

Admit that you had prior knowledge of and consented to the December 5, 2012 transfer of $750,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS.

**REQUEST FOR ADMISSION NO. 46:**

Admit that you had prior knowledge of and consented to the December 11, 2012 transfer of $750,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS.

**REQUEST FOR ADMISSION NO. 47:**

Admit that you had prior knowledge of and consented to the January 8, 2013 transfer of $750,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS.

**REQUEST FOR ADMISSION NO. 48:**

Admit that you had prior knowledge of and consented to the January 21, 2013 transfer of $375,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS.

**REQUEST FOR ADMISSION NO. 49:**

Admit that you had prior knowledge of and consented to the February 7, 2013 transfer of $750,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS.

**REQUEST FOR ADMISSION NO. 50:**

Admit that you had prior knowledge of and consented to the March 8, 2013 transfer of $595,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS.

**REQUEST FOR ADMISSION NO. 51:**

Admit that you had prior knowledge of and consented to the August 20, 2013 transfer of $7,530.94 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS.

**REQUEST FOR ADMISSION NO. 52:**

Admit that you are not aware of any business relationship between either of the PLAINTIFFS and any of the KLAGI ENTITIES.

**REQUEST FOR ADMISSION NO. 53:**

Admit that you are not aware of any consideration received by either of the PLAINTIFFS in exchange for the transfer of $50,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS on October 23, 2012.

**REQUEST FOR ADMISSION NO. 54:**

Admit that you are not aware of any consideration received by either of the PLAINTIFFS in exchange for the transfer of $550,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS on November 28, 2012.

**REQUEST FOR ADMISSION NO. 55:**

Admit that you are not aware of any consideration received by either of the PLAINTIFFS in exchange for the transfer of $750,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS on December 5, 2012.

**REQUEST FOR ADMISSION NO. 56:**

Admit that you are not aware of any consideration received by either of the PLAINTIFFS in exchange for the transfer of $750,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS on December 11, 2012.

**REQUEST FOR ADMISSION NO. 57:**

Admit that you are not aware of any consideration received by either of the PLAINTIFFS in exchange for the transfer of $750,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS on January 8, 2013.

**REQUEST FOR ADMISSION NO. 58:**

Admit that you are not aware of any consideration received by either of the PLAINTIFFS in exchange for the transfer of $375,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS on January 21, 2013.

**REQUEST FOR ADMISSION NO. 59:**

Admit that you are not aware of any consideration received by either of the PLAINTIFFS in exchange for the transfer of $750,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS on February 7, 2013.

**REQUEST FOR ADMISSION NO. 60:**

Admit that you are not aware of any consideration received by either of the PLAINTIFFS in exchange for the transfer of $595,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS on March 8, 2013.

**REQUEST FOR ADMISSION NO. 61:**

Admit that you are not aware of any consideration received by either of the PLAINTIFFS in exchange for the transfer of $7,530.94 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS on August 20, 2013.

**REQUEST FOR ADMISSION NO. 62:**

Admit that in late 2012 you asked DIPASQUALE to find a condominium in the vicinity of Miami Beach, Florida, for purchase.

**REQUEST FOR ADMISSION NO. 63:**

Admit that, in his capacity as manager of ISNA, DIPASQUALE acted pursuant to your instructions.

**REQUEST FOR ADMISSION NO. 64:**

Admit that ISRAILOVICI possessed a debit card for the ISNA ACCOUNT.

**REQUEST FOR ADMISSION NO. 65:**

Admit that ISRAILOVICI used a debit card for the ISNA ACCOUNT to withdraw funds for his benefit.

**REQUEST FOR ADMISSION NO. 66:**

Admit that ISRAILOVICI was the only PERSON that possessed a debit card for the ISNA ACCOUNT.

**REQUEST FOR ADMISSION NO. 67:**

Admit that ISRAILOVICI instructed DIPASQUALE to withdraw funds from the ISNA ACCOUNT and provide those funds to him.

**REQUEST FOR ADMISSION NO. 68:**

Admit that ISRAILOVICI used funds withdrawn from the ISNA ACCOUNT to pay his personal expenses.

**REQUEST FOR ADMISSION NO. 69:**

Admit that you and ISRAILOVICI were the only PERSONS with a membership interest in ISNA.

**REQUEST FOR ADMISSION NO. 70:**

Admit that ISNA never held an annual meeting of its Members.

**REQUEST FOR ADMISSION NO. 71:**

Admit that ISNA never held an annual meeting of its Managers.

**REQUEST FOR ADMISSION NO. 72:**

Admit that you complied with the terms of the ISNA OPERATING AGREEMENT.

**REQUEST FOR ADMISSION NO. 73:**

Admit that the purpose of the transfers in December 2012 totaling $1,200,000 from the KLAGI ACCOUNTS to SUN TRUST was to effectuate the ISNA CONDO PURCHASE.

**REQUEST FOR ADMISSION NO. 74:**

Admit that the transfers in December 2012 totaling $1,200,000 from the KLAGI ACCOUNTS to SUN TRUST benefitted ISNA.

**REQUEST FOR ADMISSION NO. 75:**

Admit that at the time of the ISNA CONDO PURCHASE, ISNA had no obligation to anyone other than you and ISRAILOVICI.

**REQUEST FOR ADMISSION NO. 76:**

Admit that the proceeds of the ISNA CONDO SALE were deposited into the ISNA ACCOUNT.

**REQUEST FOR ADMISSION NO. 77:**

Admit that the total of all credits and deposits to the ISNA ACCOUNT is approximately $1,427,137.53.

**REQUEST FOR ADMISSION NO. 78:**

Admit that other than the ISNA ACCOUNT, ISNA had no other bank accounts.

**REQUEST FOR ADMISSION NO. 79:**

Admit that at the time of the ISNA CONDO SALE, ISNA had no obligation to anyone other than you and ISRAILOVICI.

**REQUEST FOR ADMISSION NO. 80:**

Admit that the name "ISNA" was a combination of your name and ISRAILOVICI's name.

**REQUEST FOR ADMISSION NO. 81:**

Admit that you created and maintained the ISNA TRADING ACCOUNT.

**REQUEST FOR ADMISSION NO. 82:**

Admit that you instructed the transfer on or about January 22, 2014 of approximately $1,200,000 from the ISNA ACCOUNT to the ISNA TRADING ACCOUNT be made.

**REQUEST FOR ADMISSION NO. 83:**

Admit that you had prior knowledge of and consented to the transfer on or about January 22, 2014 of approximately $1,200,000 from the ISNA ACCOUNT to the ISNA TRADING ACCOUNT.

**REQUEST FOR ADMISSION NO. 84:**

Admit that the transfer on or about January 22, 2014 of approximately $1,200,000 from the ISNA ACCOUNT to the ISNA TRADING ACCOUNT occurred for your benefit.

**REQUEST FOR ADMISSION NO. 85:**

Admit that in January 2014 you instructed that a $10,000 check be written from the ISNA ACCOUNT to SUN TRUST in connection with KLAGI, LLC's purchase of the KLAGI CONDO.

**REQUEST FOR ADMISSION NO. 86:**

Admit that you engaged in acts and transfers to convey funds to GORI without disclosing that he was the intended beneficiary of those acts and transfers.

**REQUEST FOR ADMISSION NO. 87:**

Admit that you engaged in acts and transfers to convey funds to GORI in a manner intended to conceal that he was the intended beneficiary of those acts and transfers.

DATED:  November 20, 2018

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By        _____*/s/ Ori Katz*_____
                  ORI KATZ
                  STEVEN B. SACKS
                  ROBERT K. SAHYAN

Counsel for Debtors and Plaintiffs

# EXHIBIT "5"

Michael H. Weiss (State Bar Number 107481)
mw@weissandspees.com
Laura J. Meltzer (State Bar Number 151889)
lm@weissandspees.com
WEISS & SPEES, LLP
1925 Century Park East, Suite 650
Los Angeles, CA 90067-2701
Telephone: 424-245-3100
Facsimile: 424-217-4160

Attorneys for Defendants
Gabriele Israilovici and Giovanni Nappi

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| IN RE<br><br>CECCHI GORI PICTURES, INC., a California corporation; CECCHI GORI USA, INC., a California corporation,<br><br>    Debtors. | Case No. 16-53499<br>(Administratively consolidated with Case No. 16-53500)<br>Chapter 11<br>Adv. No. 17-05084<br>Judge: Hon. M. Elaine Hammond |
| CECCHI GORI PICTURES, INC. and CECCHI GORI USA, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>GABRIELE ISRAILOVICI, an individual, GIOVANNI NAPPI, an individual, and KLAGI LIMITED (a/k/a KLAGI MANAGEMENT LIMITED and KLAGI LTD.), a Hong Kong corporation<br><br>    Defendants. | **RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT GABRIELE ISRAILOVICI**<br><br>Hearing:<br>Date:<br>Time:<br>Place:    Courtroom 3020<br>        280 So. First St.<br>        San Jose, CA 95113-3099 |

Below please find the responses to Responses to Plaintiffs' First Set of Requests For Admission to Defendant Gabriele Israilovici:

REQUESTS FOR ADMISSION

REQUEST FOR ADMISSION NO. 1:

Adv. No. 17-05084                                                       1

1   Admit that GORI communicated to you that you had authority to make decisions on behalf of each of the

2   PLAINTIFFS.

3   RESPONSE:  DENY – I HAD AUTHORITY TO COMMUNICATE GORI'S INSTRUCTIONS. I

4                 HAD NO INDEPENDENT AUTHORITY TO GIVE INSTRUCTIONS.

5   REQUEST FOR ADMISSION NO. 2:

6   Admit that throughout 2012 you made decisions on behalf of each of the PLAINTIFFS.

7   RESPONSE:  DENY – I HAD AUTHORITY TO COMMUNICATE GORI'S INSTRUCTIONS. I

8                 HAD NO INDEPENDENT AUTHORITY TO GIVE INSTRUCTIONS.

9   REQUEST FOR ADMISSION NO. 3:

10   Admit that in 2012 you informed JUUL that you were authorized by GORI to make decisions on behalf

11   of each of the PLAINTIFFS.

12   RESPONSE:  DENY – I HAD AUTHORITY TO COMMUNICATE GORI'S INSTRUCTIONS. I

13                 HAD NO INDEPENDENT AUTHORITY TO GIVE INSTRUCTIONS.

14   REQUEST FOR ADMISSION NO. 4:

15   Admit that during 2012, you gave instructions to JUUL regarding transfers of the PLAINTIFFS' funds.

16   RESPONSE:  DENY – I HAD AUTHORITY TO COMMUNICATE GORI'S INSTRUCTIONS. I

17                 HAD NO INDEPENDENT AUTHORITY TO GIVE INSTRUCTIONS.

18   REQUEST FOR ADMISSION NO. 5:

19   Admit that you received emails in or around June 2012 regarding payments from DARO to SHIBA.

20   RESPONSE:  DENY - I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND

21                 THEREFORE DENY

22   REQUEST FOR ADMISSION NO. 6:

23   Admit that you instructed JUUL to have DARO pay approximately $808,484.05 to SHIBA that DARO

24   owed to CGUSA.

25   RESPONSE:  DENY – I HAD AUTHORITY TO COMMUNICATE GORI'S INSTRUCTIONS. I

26                 HAD NO INDEPENDENT AUTHORITY TO GIVE INSTRUCTIONS.

27   REQUEST FOR ADMISSION NO. 7:

28   Admit that you instructed CGUSA to assign to SHIBA the approximately $808,484.05 that CGUSA was

Adv. No. 17-05084                2

owed from DARO.

RESPONSE: DENY – I HAD AUTHORITY TO COMMUNICATE GORI'S INSTRUCTIONS. I
HAD NO INDEPENDENT AUTHORITY TO GIVE INSTRUCTIONS.

REQUEST FOR ADMISSION NO. 8:

Admit that you had prior knowledge of and consented to CGUSA's assignment of its right to receive
funds from DARO.

RESPONSE: ADMIT THAT I HAD PRIOR KNOWLEDGE BUT DENY THAT I HAD AN
AUTHORITY TO CONSENT TO THAT TRANSFER.

REQUEST FOR ADMISSION NO. 9:

Admit that you are not aware of any business relationship between either of the PLAINTIFFS and
SHIBA.

RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE
DENY.

REQUEST FOR ADMISSION NO. 10:

Admit that you are not aware of any consideration received by either of the PLAINTIFFS in exchange
for CGUSA assigning its right to receive funds from DARO.

RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE
DENY.

REQUEST FOR ADMISSION NO. 11:

Admit that you were a recipient of emails dating in or around June 2012 that referenced PIPPIN.

RESPONSE: DENY – OBJECTION, THIS REQUEST IS VAGUE, PLEASE IDENTIFY THE
SPECIFIC EMAILS

REQUEST FOR ADMISSION NO. 12:

Admit that you created and maintained the PIPPIN ACCOUNTS.

RESPONSE: DENY - I HAD AUTHORITY TO COMMUNICATE GORI'S INSTRUCTIONS. I
HAD NO INDEPENDENT AUTHORITY TO GIVE INSTRUCTIONS.

REQUEST FOR ADMISSION NO. 13:

Admit that the October 18, 2012 transfer of $49,980.00 from a bank account maintained by CGUSA at

Case: 17-05084    Doc# 76    Filed: 07/01/19    Entered: 07/01/19 15:53:58    Page 75 of
211

City National Bank to the PIPPIN ACCOUNTS occurred at your instruction.

RESPONSE:   DENY I HAD AUTHORITY TO COMMUNICATE GORI'S INSTRUCTIONS. I HAD NO INDEPENDENT AUTHORITY TO GIVE INSTRUCTIONS.

REQUEST FOR ADMISSION NO. 14:

Admit that the November 19, 2012 transfer of $4,550,000 from a bank account maintained by CGUSA at Chase Bank to the PIPPIN ACCOUNTS occurred at your instruction.

RESPONSE:   DENY - I HAD AUTHORITY TO COMMUNICATE GORI'S INSTRUCTIONS. I HAD NO INDEPENDENT AUTHORITY TO GIVE INSTRUCTIONS.

REQUEST FOR ADMISSION NO. 15:

Admit that you had prior knowledge of and consented to the October 18, 2012 transfer of $49,980.00 from a bank account maintained by CGUSA at City National Bank to the PIPPIN ACCOUNTS.

RESPONSE:   ADMIT THAT I HAD PRIOR KNOWLEDGE BUT DENY THAT I HAD AN AUTHORITY TO CONSENT TO THAT TRANSFER.

REQUEST FOR ADMISSION NO. 16:

Admit that you had prior knowledge of and consented to the November 19, 2012 transfer of $4,550,000 from a bank account maintained by CGUSA at Chase Bank to the PIPPIN ACCOUNTS.

RESPONSE:   ADMIT THAT I HAD PRIOR KNOWLEDGE BUT DENY THAT I HAD AN AUTHORITY TO CONSENT TO THAT TRANSFER.

REQUEST FOR ADMISSION NO. 17:

Admit that you authorized JUUL to transfer $49,980.00 from a bank account maintained by CGUSA at City National Bank to the PIPPIN ACCOUNTS.

RESPONSE:   DENY - I HAD AUTHORITY TO COMMUNICATE GORI'S INSTRUCTIONS. I HAD NO INDEPENDENT AUTHORITY TO GIVE INSTRUCTIONS

REQUEST FOR ADMISSION NO. 18:

Admit that you authorized JUUL to transfer $4,550,000 from a bank account maintained by CGUSA at Chase Bank to the PIPPIN ACCOUNTS.

RESPONSE:   DENY - I HAD AUTHORITY TO COMMUNICATE GORI'S INSTRUCTIONS. I HAD NO INDEPENDENT AUTHORITY TO GIVE INSTRUCTIONS

Case: 17-05084    Doc# 76    Filed: 07/01/19    Entered: 07/01/19 15:53:58    Page 76 of 211

REQUEST FOR ADMISSION NO. 19:

Admit that GORI authorized JUUL to transfer $49,980.00 from a bank account maintained by CGUSA at City National Bank to the PIPPIN ACCOUNTS.

RESPONSE:  I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE DENY

REQUEST FOR ADMISSION NO. 20:

Admit that GORI authorized JUUL to transfer $4,550,000 from a bank account maintained by CGUSA at Chase Bank to the PIPPIN ACCOUNTS.

RESPONSE:  ADMIT

REQUEST FOR ADMISSION NO. 21:

Admit that you benefitted from the transfer of $49,980.00 from a bank account maintained by CGUSA at City National Bank to the PIPPIN ACCOUNTS.

RESPONSE:  DENY

REQUEST FOR ADMISSION NO. 22:

Admit that you benefitted from the transfer of $4,550,000 from a bank account maintained by CGUSA at Chase Bank to the PIPPIN ACCOUNTS.

RESPONSE:  DENY

REQUEST FOR ADMISSION NO. 23:

Admit that GORI benefitted from the transfer of $49,980.00 from a bank account maintained by CGUSA at City National Bank to the PIPPIN ACCOUNTS.

RESPONSE:  I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE DENY

REQUEST FOR ADMISSION NO. 24:

Admit that GORI benefitted from the transfer of $4,550,000 from a bank account maintained by CGUSA at Chase Bank to the PIPPIN ACCOUNTS.

RESPONSE:  ADMIT

REQUEST FOR ADMISSION NO. 25:

Admit that you are not aware of any business relationship between either of the PLAINTIFFS and

Case: 17-05084    Doc# 76    Filed: 07/01/19    Entered: 07/01/19 15:53:58    Page 77 of 211

PIPPIN.

RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE
DENY

REQUEST FOR ADMISSION NO. 26:

Admit that you are not aware of any consideration received by either of the PLAINTIFFS in exchange for the transfer of $49,980.00 from a bank account maintained by CGUSA at City National Bank to the PIPPIN ACCOUNTS.

RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE
DENY

REQUEST FOR ADMISSION NO. 27:

Admit that you are not aware of any consideration received by either of the PLAINTIFFS in exchange for the transfer of $4,550,000 from a bank account maintained by CGUSA at Chase Bank to the PIPPIN ACCOUNTS.

RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE
DENY

REQUEST FOR ADMISSION NO. 28:

Admit that the following transfers collectively involved substantially all of CGUSA's monetary assets: (i) the October 18, 2012 transfer of $49,980.00 from a bank account maintained by CGUSA at City National Bank to the PIPPIN ACCOUNTS and (ii) the November 19, 2012 transfer of $4,550,000 from a bank account maintained by CGUSA at Chase Bank to the PIPPIN ACCOUNTS.

RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE
DENY

REQUEST FOR ADMISSION NO. 29:

Admit that CGUSA's liabilities exceeded its assets on October 18, 2012.

RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE
DENY

REQUEST FOR ADMISSION NO. 30:

Admit that CGUSA's liabilities exceeded its assets on November 19, 2012.

Case: 17-05084    Doc# 76    Filed: 07/01/19    Entered: 07/01/19 15:53:58    Page 78 of
211

1  RESPONSE:  I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE

2              DENY

3  REQUEST FOR ADMISSION NO. 31:

4  Admit that on October 18, 2012, CGUSA was unable to pay its debts as they became due.

5  RESPONSE:  I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE

6              DENY

7  REQUEST FOR ADMISSION NO. 32:

8  Admit that on November 19, 2012, CGUSA was unable to pay its debts as they became due.

9  RESPONSE:  I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE

10             DENY

11  REQUEST FOR ADMISSION NO. 33:

12  Admit that you created and maintained the KLAGI ACCOUNTS.

13  RESPONSE:  DENY

14  REQUEST FOR ADMISSION NO. 34:

15  Admit that the October 23, 2012 transfer of $50,000 from the PIPPIN ACCOUNTS to the KLAGI

16  ACCOUNTS occurred at your instruction.

17  RESPONSE:  DENY - I HAD AUTHORITY TO COMMUNICATE GORI'S INSTRUCTIONS.  I

18             HAD NO INDEPENDENT AUTHORITY TO GIVE INSTRUCTIONS

19  REQUEST FOR ADMISSION NO. 35:

20  Admit that the November 28, 2012 transfer of $550,000 from the PIPPIN ACCOUNTS to the KLAGI

21  ACCOUNTS occurred at your instruction.

22  RESPONSE:  DENY - I HAD AUTHORITY TO COMMUNICATE GORI'S INSTRUCTIONS.  I

23             HAD NO INDEPENDENT AUTHORITY TO GIVE INSTRUCTIONS

24  REQUEST FOR ADMISSION NO. 36:

25  Admit that the December 5, 2012 transfer of $750,000 from the PIPPIN ACCOUNTS to the KLAGI

26  ACCOUNTS occurred at your instruction.

27  RESPONSE:  DENY - I HAD AUTHORITY TO COMMUNICATE GORI'S INSTRUCTIONS.  I

28             HAD NO INDEPENDENT AUTHORITY TO GIVE INSTRUCTIONS

REQUEST FOR ADMISSION NO. 37:

Admit that the December 11, 2012 transfer of $750,000 from the PIPPIN ACCOUNTS to the KLAGI

ACCOUNTS occurred at your instruction.

RESPONSE; DENY

REQUEST FOR ADMISSION NO. 38:

Admit that the January 8, 2013 transfer of $750,000 from the PIPPIN ACCOUNTS to the KLAGI

ACCOUNTS occurred at your instruction.

RESPONSE: DENY -

REQUEST FOR ADMISSION NO. 39:

Admit that the January 21, 2013 transfer of $375,000 from the PIPPIN ACCOUNTS to the KLAGI

ACCOUNTS occurred at your instruction.

RESPONSE: DENY

REQUEST FOR ADMISSION NO. 40:

Admit that the February 7, 2013 transfer of $750,000 from the PIPPIN ACCOUNTS to the KLAGI

ACCOUNTS occurred at your instruction.

REQUEST FOR ADMISSION NO. 41:

Admit that the March 8, 2013 transfer of $595,000 from the PIPPIN ACCOUNTS to the KLAGI

ACCOUNTS occurred at your instruction.

RESPONSE: DENY

REQUEST FOR ADMISSION NO. 42:

Admit that the August 20, 2013 transfer of $7,530.94 from the PIPPIN ACCOUNTS to the KLAGI

ACCOUNTS occurred at your instruction.

RESPONSE: DENY

REQUEST FOR ADMISSION NO. 43:

Admit that you had prior knowledge of and consented to the October 23, 2012 transfer of $50,000 from

the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS.

RESPONSE: DENY

REQUEST FOR ADMISSION NO. 44:

Case: 17-05084    Doc# 76    Filed: 07/01/19    Entered: 07/01/19 15:53:58    Page 80 of
211

Admit that you had prior knowledge of and consented to the November 28, 2012 transfer of $550,000
from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS.

RESPONSE: DENY

REQUEST FOR ADMISSION NO. 45:

Admit that you had prior knowledge of and consented to the December 5, 2012 transfer of $750,000 from
the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS.

RESPONSE: DENY

REQUEST FOR ADMISSION NO. 46:

Admit that you had prior knowledge of and consented to the December 11, 2012 transfer of $750,000
from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS.

RESPONSE: DENY

REQUEST FOR ADMISSION NO. 47:

Admit that you had prior knowledge of and consented to the January 8, 2013 transfer of $750,000 from
the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS.

RESPONSE: DENY

REQUEST FOR ADMISSION NO. 48:

Admit that you had prior knowledge of and consented to the January 21, 2013 transfer of $375,000 from
the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS.

RESPONSE: DENY

REQUEST FOR ADMISSION NO. 49:

Admit that you had prior knowledge of and consented to the February 7, 2013 transfer of $750,000 from
the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS.

RESPONSE: DENY

REQUEST FOR ADMISSION NO. 50:

Admit that you had prior knowledge of and consented to the March 8, 2013 transfer of $595,000 from the
PIPPIN ACCOUNTS to the KLAGI ACCOUNTS.

RESPONSE: DENY

REQUEST FOR ADMISSION NO. 51:

Case: 17-05084    Doc# 76    Filed: 07/01/19    Entered: 07/01/19 15:53:58    Page 81 of
211

1 Admit that you had prior knowledge of and consented to the August 20, 2013 transfer of $7,530.94 from
2 the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS.
3 RESPONSE: DENY
4 REQUEST FOR ADMISSION NO. 52:
5 Admit that you are not aware of any business relationship between either of the PLAINTIFFS and any of
6 the KLAGI ENTITIES.
7 RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE
8             DENY
9 REQUEST FOR ADMISSION NO. 53:
10 Admit that you are not aware of any consideration received by either of the PLAINTIFFS in exchange
11 for the transfer of $50,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS on October 23,
12 2012.
13 RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE
14             DENY
15 REQUEST FOR ADMISSION NO. 54:
16 Admit that you are not aware of any consideration received by either of the PLAINTIFFS in exchange
17 for the transfer of $550,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS on November
18 28, 2012.
19 RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE
20             DENY
21 REQUEST FOR ADMISSION NO. 55:
22 Admit that you are not aware of any consideration received by either of the PLAINTIFFS in exchange
23 for the transfer of $750,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS on December 5,
24 2012.
25 RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE
26             DENY
27 REQUEST FOR ADMISSION NO. 56:
28 Admit that you are not aware of any consideration received by either of the PLAINTIFFS in exchange

Adv. No. 17-05084                                       10

for the transfer of $750,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS on December 11, 2012.

RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE DENY

REQUEST FOR ADMISSION NO. 57:

Admit that you are not aware of any consideration received by either of the PLAINTIFFS in exchange for the transfer of $750,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS on January 8, 2013.

RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE DENY

REQUEST FOR ADMISSION NO. 58:

Admit that you are not aware of any consideration received by either of the PLAINTIFFS in exchange for the transfer of $375,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS on January 21, 2013.

RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE DENY

REQUEST FOR ADMISSION NO. 59:

Admit that you are not aware of any consideration received by either of the PLAINTIFFS in exchange for the transfer of $750,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS on February 7, 2013.

RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE DENY

REQUEST FOR ADMISSION NO. 60:

Admit that you are not aware of any consideration received by either of the PLAINTIFFS in exchange for the transfer of $595,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS on March 8, 2013.

RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE DENY

REQUEST FOR ADMISSION NO. 61:

Admit that you are not aware of any consideration received by either of the PLAINTIFFS in exchange for the transfer of $7,530.94 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS on August 20, 2013.

RESPONSE:  I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE DENY

REQUEST FOR ADMISSION NO. 62:

Admit that in late 2012 you asked DIPASQUALE to find a condominium in the vicinity of Miami Beach, Florida, for purchase.

RESPONSE:  ADMIT

REQUEST FOR ADMISSION NO. 63:

Admit that, in his capacity as manager of ISNA, DIPASQUALE acted pursuant to your instructions.

RESPONSE:  ADMIT

REQUEST FOR ADMISSION NO. 64:

Admit that you possessed a debit card for the ISNA ACCOUNT.

RESPONSE:  ADMIT

REQUEST FOR ADMISSION NO. 65:

Admit that you used a debit card for the ISNA ACCOUNT to withdraw funds for your benefit.

RESPONSE:  DENY

REQUEST FOR ADMISSION NO. 66:

Admit that you were the only PERSON that possessed a debit card for the ISNA ACCOUNT.

RESPONSE:  ADMIT

REQUEST FOR ADMISSION NO. 67:

Admit that you instructed DIPASQUALE to withdraw funds from the ISNA ACCOUNT and provide those funds to you.

RESPONSE:  ADMIT

REQUEST FOR ADMISSION NO. 68:

Admit that you used funds withdrawn from the ISNA ACCOUNT to pay your personal expenses.

RESPONSE: DENY THERE WERE REFUNDS OF EXPENSIVES

REQUEST FOR ADMISSION NO. 69:

Admit that you and NAPPI were the only PERSONS with a membership interest in ISNA.

RESPONSE: ADMIT BUT IN TRUST FOR GORI

REQUEST FOR ADMISSION NO. 70:

Admit that ISNA never held an annual meeting of its Members.

RESPONSE: ADMIT

REQUEST FOR ADMISSION NO. 71:

Admit that ISNA never held an annual meeting of its Managers.

RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE
DENY

REQUEST FOR ADMISSION NO. 72:

Admit that you complied with the terms of the ISNA OPERATING AGREEMENT.

RESPONSE: DENY – IT WAS A LWYER OF MIAMI

REQUEST FOR ADMISSION NO. 73:

Admit that the purpose of the transfers in December 2012 totaling $1,200,000 from the KLAGI
ACCOUNTS to SUN TRUST was to effectuate the ISNA CONDO PURCHASE.

RESPONSE: ADMIT IN TRUST FOR GORI

REQUEST FOR ADMISSION NO. 74:

Admit that the transfers in December 2012 totaling $1,200,000 from the KLAGI ACCOUNTS to SUN
TRUST benefitted ISNA.

RESPONSE: DENY – THE CONDO WAS HELD IN TRUST BY ISNA FOR THE BENEFIT OF
GORI.

REQUEST FOR ADMISSION NO. 75:

Admit that at the time of the ISNA CONDO PURCHASE, ISNA had no obligation to anyone other than
you and NAPPI.

RESPONSE: DENY – THE CONDO WAS HELD IN TRUST BY ISNA FOR THE BENEFIT OF
GORI.

Adv. No. 17-05084                                                13

REQUEST FOR ADMISSION NO. 76:

Admit that the proceeds of the ISNA CONDO SALE were deposited into the ISNA ACCOUNT.

RESPONSE:   ADMIT IN TRUST FOR GORI

REQUEST FOR ADMISSION NO. 77:

Admit that the total of all credits and deposits to the ISNA ACCOUNT is approximately $1,427,137.53.

RESPONSE:   I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE
            DENY

REQUEST FOR ADMISSION NO. 78:

Admit that other than the ISNA ACCOUNT, ISNA had no other bank accounts.

RESPONSE:   ADMIT

REQUEST FOR ADMISSION NO. 79:

Admit that at the time of the ISNA CONDO SALE, ISNA had no obligation to anyone other than you
and NAPPI.

RESPONSE:   DENY – THE CONDO WAS HELD IN TRUST BY ISNA FOR THE BENEFIT OF
            GORI

REQUEST FOR ADMISSION NO. 80:

Admit that the name "ISNA" was a combination of your name and NAPPI's name.

RESPONSE:   ADMIT

REQUEST FOR ADMISSION NO. 81:

Admit that you created and maintained the ISNA TRADING ACCOUNT.

RESPONSE:   DENY

REQUEST FOR ADMISSION NO. 82:

Admit that you instructed the transfer on or about January 22, 2014 of approximately $1,200,000 from
the ISNA ACCOUNT to the ISNA TRADING ACCOUNT be made.

RESPONSE:   ADMIT AT THE INSTRUCTION OF GORI

REQUEST FOR ADMISSION NO. 83:

Admit that you had prior knowledge of and consented to the transfer on or about January 22, 2014 of
approximately $1,200,000 from the ISNA ACCOUNT to the ISNA TRADING ACCOUNT.

RESPONSE: ADMIT

REQUEST FOR ADMISSION NO. 84:

Admit that the transfer on or about January 22, 2014 of approximately $1,200,000 from the ISNA ACCOUNT to the ISNA TRADING ACCOUNT occurred for your benefit.

RESPONSE: DENY

REQUEST FOR ADMISSION NO. 85:

Admit that in January 2014 you instructed that a $10,000 check be written from the ISNA ACCOUNT to SUN TRUST in connection with KLAGI, LLC's purchase of the KLAGI CONDO.

RESPONSE: **I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY**

REQUEST FOR ADMISSION NO. 86:

Admit that you engaged in acts and transfers to convey funds to GORI without disclosing that he was the intended beneficiary of those acts and transfers.

RESPONSE: DENY

REQUEST FOR ADMISSION NO. 87:

Admit that you engaged in acts and transfers to convey funds to GORI in a manner intended to conceal that he was the intended beneficiary of those acts and transfers.

RESPONSE: DENY

Dated: April 15, 2018                              WEISS & SPEES, LLP


_____

Michael H. Weiss
Attorneys for Defendants
Gabriele Israilovici and Giovanni Nappi

1

## VERIFICATION

I declare under penalty and perjury under the laws of the United States that the foregoing responses to PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT GABRIELE ISRAILOVICI are true and correct and that I executed this verification April __, 2019 in Rome, Italy.

Gabriele Israilovici

# EXHIBIT "6"

Michael H. Weiss (State Bar Number 107481)
mw@weissandspees.com
Laura J. Meltzer (State Bar Number 151889)
lm@weissandspees.com
WEISS & SPEES, LLP
1925 Century Park East, Suite 650
Los Angeles, CA 90067-2701
Telephone: 424-245-3100
Facsimile: 424-217-4160

Attorneys for Defendants
Gabriele Israilovici and Giovanni Nappi

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE<br><br>CECCHI GORI PICTURES, INC., a California corporation; CECCHI GORI USA, INC., a California corporation,<br><br>    Debtors. | Case No. 16-53499<br>(Administratively consolidated with Case No. 16-53500)<br>Chapter 11<br>Adv. No. 17-05084<br>Judge: Hon. M. Elaine Hammond |
| CECCHI GORI PICTURES, INC. and CECCHI GORI USA, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>GABRIELE ISRAILOVICI, an individual, GIOVANNI NAPPI, an individual, and KLAGI LIMITED (a/k/a KLAGI MANAGEMENT LIMITED and KLAGI LTD.), a Hong Kong corporation<br><br>    Defendants. | **RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT GIOVANNI NAPPI**<br><br><br>Hearing:<br>Date:<br>Time:<br>Place:    Courtroom 3020<br>    280 So. First St.<br>    San Jose, CA 95113-3099 |

Below please find the responses to Responses to Plaintiffs' First Set of Requests for Admission to Defendant Giovanni Nappi:

**REQUESTS FOR ADMISSION**

**REQUESTS FOR ADMISSION**

Case: 17-05084    Doc# 76    Filed: 07/01/19    Entered: 07/01/19 15:53:58    Page 90 of 211

REQUEST FOR ADMISSION NO. 1:

     Admit that GORI communicated to you that you had authority to make decisions on behalf of each of the PLAINTIFFS.

RESPONSE:  DENY – I ONLY HAD AUTHORITY TO ACT AS GORI'S LAWYER  AND TO COMMUNICATE HIS INSTRUCTIONS.

REQUEST FOR ADMISSION NO. 2:

     Admit that throughout 2012 you made decisions on behalf of each of the PLAINTIFFS.

RESPONSE:  DENY – I ONLY HAD AUTHORITY TO ACT AS GORI'S LAWYER AND TO COMMUNICATE HIS INSTRUCTIONS

REQUEST FOR ADMISSION NO. 3:

Admit that in 2012 you informed JUUL that you were authorized by GORI to make decisions on behalf of each of the PLAINTIFFS.

RESPONSE:  DENY – I ONLY HAD AUTHORITY TO ACT AS GORI'S LAWYER AND TO COMMUNICATE HIS INSTRUCTIONS

REQUEST FOR ADMISSION NO. 4:

     Admit that during 2012, you gave instructions to JUUL regarding transfers of the PLAINTIFFS' funds.

RESPONSE:  DENY – I ONLY HAD AUTHORITY TO ACT AS GORI'S LAWYER AND TO COMMUNICATE HIS INSTRUCTIONS

REQUEST FOR ADMISSION NO. 5:

     Admit that you received emails in or around June 2012 regarding payments from DARO to SHIBA.

RESPONSE:  DENY. OBJECTION, THIS REQUEST IS VAGUE, PLEASE IDENTIFY THE SPECIFIC EMAILS

REQUEST FOR ADMISSION NO. 6:

     Admit that you instructed JUUL to have DARO pay approximately $808,484.05 to SHIBA that

1  DARO owed to CGUSA.

2  RESPONSE:  DENY – I ONLY HAD AUTHORITY TO ACT AS GORI'S LAWYER AND TO

3  COMMUNICATE HIS INSTRUCTIONS

4  REQUEST FOR ADMISSION NO. 7:

5      Admit that you instructed CGUSA to assign to SHIBA the approximately $808,484.05 that

6      CGUSA was owed from DARO.

7  RESPONSE:  DENY - I ONLY HAD AUTHORITY TO ACT AS VCG'S LAWYER AND TO

8              COMMUNICATE HIS INSTRUCTIONS

9  REQUEST FOR ADMISSION NO. 8:

10     Admit that you had prior knowledge of and consented to CGUSA's assignment of its right to

11     receive funds from DARO.

12  RESPONSE: ADMIT I HAD PRIOR KNOWLEDGE BUT DENY THAT I CONSENTED TO ANY

13              SUCH TRANSFER BECAUSE I ONLY HAD AUTHORITY TO ACT As GORI'S

14              LAWYER.

15  REQUEST FOR ADMISSION NO. 9:

16     Admit that you are not aware of any business relationship between either of the PLAINTIFFS and

17     SHIBA.

18  RESPONSE:  OBJECTION – VAGUE AS TO THE MEANING OF THE TERM 'BUSINESS

19              RELATIONSHIP".  DENY.

20  REQUEST FOR ADMISSION NO. 10:

21     Admit that you are not aware of any consideration received by either of the PLAINTIFFS in

22     exchange for CGUSA assigning its right to receive funds from DARO.

23  RESPONSE: ADMIT,  I DON'T KNOW WHO RECEIVED FOUNDS.

24  REQUEST FOR ADMISSION NO. 11:

25     Admit that you were a recipient of emails dating in or around June 2012 that referenced PIPPIN.

26  RESPONSE:  DENY I DON'T' KNOW PIPPIN

27  REQUEST FOR ADMISSION NO. 12:

28     Admit that you created and maintained the PIPPIN ACCOUNTS.

1  RESPONSE:   OBJECTION: THE TERMS "CREATED AND MAINTAINED ARE VAGUE. AS
2              SUCH, I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND
3              THEREFORE DENY.
4  REQUEST FOR ADMISSION NO. 13:
5      Admit that the October 18, 2012 transfer of $49,980.00 from a bank account maintained by
6  CGUSA at City National Bank to the PIPPIN ACCOUNTS occurred at your instruction.
7  RESPONSE: DENY - I ONLY HAD AUTHORITY TO ACT AS GORI'S LAWYER AND TO
8              COMMUNICATE HIS INSTRUCTIONS
9  REQUEST FOR ADMISSION NO. 14:
10     Admit that the November 19, 2012 transfer of $4,550,000 from a bank account maintained by
11 CGUSA at Chase Bank to the PIPPIN ACCOUNTS occurred at your instruction.
12 RESPONSE:   DENY - I ONLY HAD AUTHORITY TO ACT AS GORI'S LAWYER AND TO
13              COMMUNICATE HIS INSTRUCTIONS
14 REQUEST FOR ADMISSION NO. 15:
15     Admit that you had prior knowledge of and consented to the October 18, 2012 transfer of
16 $49,980.00 from a bank account maintained by CGUSA at City National Bank to the PIPPIN
17 ACCOUNTS.
18 RESPONSE:   DENY - I ONLY HAD AUTHORITY TO ACT AS GORI'S LAWYER AND TO
19              COMMUNICATE HIS INSTRUCTIONS
20 REQUEST FOR ADMISSION NO. 16:
21     Admit that you had prior knowledge of and consented to the November 19, 2012  transfer of
22 $4,550,000 from a bank account maintained by CGUSA at Chase Bank to the PIPPIN ACCOUNTS.
23 RESPONSE:   DENY - I ONLY HAD AUTHORITY TO ACT AS GORI'S LAWYER AND TO
24              COMMUNICATE HIS INSTRUCTIONS
25 REQUEST FOR ADMISSION NO. 17:
26     Admit that you authorized JUUL to transfer $49,980.00 from a bank account maintained by
27 CGUSA at City National Bank to the PIPPIN ACCOUNTS.
28 RESPONSE:   DENY - I ONLY HAD AUTHORITY TO ACT AS GORI'S LAWYER AND TO

Adv. No. 17-05084                                    4

1　　　　　COMMUNICATE HIS INSTRUCTIONS.

2　REQUEST FOR ADMISSION NO. 18:

3　　　Admit that you authorized JUUL to transfer $4,550,000 from a bank account maintained by

4　　　CGUSA at Chase Bank to the PIPPIN ACCOUNTS.

5　RESPONSE:　DENY - I ONLY HAD AUTHORITY TO ACT AS GORI'S LAWYER AND TO

6　　　　　COMMUNICATE HIS INSTRUCTIONS.

7　REQUEST FOR ADMISSION NO. 19:

8　　　Admit that GORI authorized JUUL to transfer $49,980.00 from a bank account maintained by

9　CGUSA at City National Bank to the PIPPIN ACCOUNTS.

10　RESPONSE: ADMIT

11　REQUEST FOR ADMISSION NO. 20:

12　　　Admit that GORI authorized JUUL to transfer $4,550,000 from a bank account maintained by

13　　　CGUSA at Chase Bank to the PIPPIN ACCOUNTS.

14　RESPONSE:　ADMIT

15　REQUEST FOR ADMISSION NO. 21:

16　　　Admit that you benefitted from the transfer of $49,980.00 from a bank account maintained by

17　　　CGUSA at City National Bank to the PIPPIN ACCOUNTS.

18　RESPONSE:　DENY - I ONLY HAD AUTHORITY TO ACT AS GORI'S LAWYER AND TO

19　　　　　COMMUNICATE HIS INSTRUCTIONS.

20　REQUEST FOR ADMISSION NO. 22:

21　　　Admit that you benefitted from the transfer of $4,550,000 from a bank account maintained by

22　　　CGUSA at Chase Bank to the PIPPIN ACCOUNTS.

23　RESPONSE: DENY - I ONLY HAD AUTHORITY TO ACT AS GORI'S LAWYER AND TO

24　　　　　COMMUNICATE HIS INSTRUCTIONS.

25　REQUEST FOR ADMISSION NO. 23:

26　　　Admit that GORI benefitted from the transfer of $49,980.00 from a bank account maintained by

27　　　CGUSA at City National Bank to the PIPPIN ACCOUNTS.

28　RESPONSE:　I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE

Case: 17-05084　　Doc# 76　　Filed: 07/01/19　　Entered: 07/01/19 15:53:58　　Page 94 of 211

DENY.

REQUEST FOR ADMISSION NO. 24:

Admit that GORI benefitted from the transfer of $4,550,000 from a bank account maintained by CGUSA at Chase Bank to the PIPPIN ACCOUNTS.

RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE DENY.

REQUEST FOR ADMISSION NO. 25:

Admit that you are not aware of any business relationship between either of the PLAINTIFFS and PIPPIN.

RESPONSE: OBJECTION. THE TERM "BUSINESS RELATIONSHIP" IS VAGUE, DENY.

REQUEST FOR ADMISSION NO. 26:

Admit that you are not aware of any consideration received by either of the PLAINTIFFS in exchange for the transfer of $49,980.00 from a bank account maintained by CGUSA at City National Bank to the PIPPIN ACCOUNTS.

RESPONSE: ADMIT

REQUEST FOR ADMISSION NO. 27:

Admit that you are not aware of any consideration received by either of the PLAINTIFFS in exchange for the transfer of $4,550,000 from a bank account maintained by CGUSA at Chase Bank to the PIPPIN ACCOUNTS.

RESPONSE: ADMIT

REQUEST FOR ADMISSION NO. 28:

Admit that the following transfers collectively involved substantially all of CGUSA's monetary assets: (i) the October 18, 2012 transfer of $49,980.00 from a bank account maintained by CGUSA at City National Bank to the PIPPIN ACCOUNTS and (ii) the November 19, 2012 transfer of $4,550,000 from a bank account maintained by CGUSA at Chase Bank to the PIPPIN ACCOUNTS.

RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE DENY.

REQUEST FOR ADMISSION NO. 29:

Admit that CGUSA's liabilities exceeded its assets on October 18, 2012.

RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE DENY.

REQUEST FOR ADMISSION NO. 30:

Admit that CGUSA's liabilities exceeded its assets on November 19, 2012.

RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE DENY.

REQUEST FOR ADMISSION NO. 31:

Admit that on October 18, 2012, CGUSA was unable to pay its debts as they became due.

RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE DENY

REQUEST FOR ADMISSION NO. 32:

Admit that on November 19, 2012, CGUSA was unable to pay its debts as they became due.

RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE DENY

REQUEST FOR ADMISSION NO. 33:

Admit that you created and maintained the KLAGI ACCOUNTS.

RESPONSE: OBJECTION: THE TERMS "CREATED AND MAINTAINED" ARE VAGUE. DENY

REQUEST FOR ADMISSION NO. 34:

Admit that the October 23, 2012 transfer of $50,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS occurred at your instruction.

RESPONSE: DENY - I ONLY HAD AUTHORITY TO ACT AS GORI'S LAWYER AND TO COMMUNICATE HIS INSTRUCTIONS.

REQUEST FOR ADMISSION NO. 35:

Admit that the November 28, 2012 transfer of $550,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS occurred at your instruction.

RESPONSE: DENY - I ONLY HAD AUTHORITY TO ACT AS GORI'S LAWYER AND TO

Case: 17-05084    Doc# 76    Filed: 07/01/19    Entered: 07/01/19 15:53:58    Page 96 of 211

COMMUNICATE HIS INSTRUCTIONS.

REQUEST FOR ADMISSION NO. 36:

Admit that the December 5, 2012 transfer of $750,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS occurred at your instruction.

RESPONSE: DENY - I ONLY HAD AUTHORITY TO ACT AS GORI'S LAWYER AND TO COMMUNICATE HIS INSTRUCTIONS.

REQUEST FOR ADMISSION NO. 37:

Admit that the December 11, 2012 transfer of $750,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS occurred at your instruction.

RESPONSE: DENY - I ONLY HAD AUTHORITY TO ACT AS GORI'S LAWYER AND TO COMMUNICATE HIS INSTRUCTIONS.

REQUEST FOR ADMISSION NO. 38:

Admit that the January 8, 2013 transfer of $750,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS occurred at your instruction.

RESPONSE: DENY - I ONLY HAD AUTHORITY TO ACT AS GORI'S LAWYER AND TO COMMUNICATE HIS INSTRUCTIONS

REQUEST FOR ADMISSION NO. 39:

Admit that the January 21, 2013 transfer of $375,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS occurred at your instruction.

RESPONSE: DENY - I ONLY HAD AUTHORITY TO ACT AS GORI'S LAWYER AND TO COMMUNICATE HIS INSTRUCTIONS

REQUEST FOR ADMISSION NO. 40:

Admit that the February 7, 2013 transfer of $750,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS occurred at your instruction.

RESPONSE: DENY - I ONLY HAD AUTHORITY TO ACT AS GORI'S LAWYER AND TO COMMUNICATE HIS INSTRUCTIONS

REQUEST FOR ADMISSION NO. 41:

Admit that the March 8, 2013 transfer of $595,000 from the PIPPIN ACCOUNTS to the KLAGI

1  ACCOUNTS occurred at your instruction.

2  RESPONSE:  DENY - I ONLY HAD AUTHORITY TO ACT AS GORI'S LAWYER AND TO

3      COMMUNICATE HIS INSTRUCTIONS

4  REQUEST FOR ADMISSION NO. 42:

5      Admit that the August 20, 2013 transfer of $7,530.94 from the PIPPIN ACCOUNTS to the

6  KLAGI ACCOUNTS occurred at your instruction.

7  RESPONSE:  DENY - I ONLY HAD AUTHORITY TO ACT AS GORI'S LAWYER AND TO

8      COMMUNICATE HIS INSTRUCTIONS

9  REQUEST FOR ADMISSION NO. 43:

10      Admit that you had prior knowledge of and consented to the October 23, 2012 transfer of $50,000

11  from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS.

12  RESPONSE:  DENY - I ONLY HAD AUTHORITY TO ACT AS GORI'S LAWYER AND TO

13      COMMUNICATE HIS INSTRUCTIONS.  ANY KNOWLEDGE OR SOURCE OF

14      SUCH KNOWLEDGE IS SUBJECT TO THE ATTORNEY CLIENT PRIVILEGE.

15  REQUEST FOR ADMISSION NO. 44:

16      Admit that you had prior knowledge of and consented to the November 28, 2012  transfer of

17  $550,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS.

18  RESPONSE:  DENY - I ONLY HAD AUTHORITY TO ACT AS GORI'S LAWYER AND TO

19      COMMUNICATE HIS INSTRUCTIONS.  ANY KNOWLEDGE OR SOURCE OF

20      SUCH KNOWLEDGE IS SUBJECT TO THE ATTORNEY CLIENT PRIVILEGE.

21  REQUEST FOR ADMISSION NO. 45:

22      Admit that you had prior knowledge of and consented to the December 5, 2012 transfer of

23  $750,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS.

24  RESPONSE:  DENY - I ONLY HAD AUTHORITY TO ACT AS GORI'S LAWYER AND TO

25      COMMUNICATE HIS INSTRUCTIONS.  ANY KNOWLEDGE OR SOURCE OF

26      SUCH KNOWLEDGE IS SUBJECT TO THE ATTORNEY CLIENT PRIVILEGE.

27  REQUEST FOR ADMISSION NO. 46:

28      Admit that you had prior knowledge of and consented to the December 11, 2012  transfer of

1    $750,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS.

2  RESPONSE:  DENY - I ONLY HAD AUTHORITY TO ACT AS GORI'S LAWYER AND TO

3              COMMUNICATE HIS INSTRUCTIONS.  ANY KNOWLEDGE OR SOURCE OF

4              SUCH KNOWLEDGE IS SUBJECT TO THE ATTORNEY CLIENT PRIVILEGE.

5   REQUEST FOR ADMISSION NO. 47:

6       Admit that you had prior knowledge of and consented to the January 8, 2013 transfer of $750,000

7       from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS.

8  RESPONSE:  DENY - I ONLY HAD AUTHORITY TO ACT AS GORI'S LAWYER AND TO

9              COMMUNICATE HIS INSTRUCTIONS.  ANY KNOWLEDGE OR SOURCE OF

10             SUCH KNOWLEDGE IS SUBJECT TO THE ATTORNEY CLIENT PRIVILEGE.

11  REQUEST FOR ADMISSION NO. 48:

12      Admit that you had prior knowledge of and consented to the January 21, 2013 transfer of

13      $375,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS.

14  RESPONSE:  DENY - I ONLY HAD AUTHORITY TO ACT AS GORI'S LAWYER AND TO

15             COMMUNICATE HIS INSTRUCTIONS.  ANY KNOWLEDGE OR SOURCE OF

16             SUCH KNOWLEDGE IS SUBJECT TO THE ATTORNEY CLIENT PRIVILEGE.

17  REQUEST FOR ADMISSION NO. 49:

18          Admit that you had prior knowledge of and consented to the February 7, 2013 transfer of

19          $750,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS.

20  RESPONSE:  DENY - I ONLY HAD AUTHORITY TO ACT AS GORI'S LAWYER AND TO

21             COMMUNICATE HIS INSTRUCTIONS.  ANY KNOWLEDGE OR SOURCE OF

22             SUCH KNOWLEDGE IS SUBJECT TO THE ATTORNEY CLIENT PRIVILEGE.

23  REQUEST FOR ADMISSION NO. 50:

24      Admit that you had prior knowledge of and consented to the March 8, 2013 transfer of $595,000

25      from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS.

26  RESPONSE:  DENY - I ONLY HAD AUTHORITY TO ACT AS GORI'S LAWYER AND TO

27             COMMUNICATE HIS INSTRUCTIONS.  ANY KNOWLEDGE OR SOURCE OF

28             SUCH KNOWLEDGE IS SUBJECT TO THE ATTORNEY CLIENT PRIVILEGE.

Adv. No. 17-05084                          10

1 REQUEST FOR ADMISSION NO. 51:

2     Admit that you had prior knowledge of and consented to the August 20, 2013 transfer of

3 $7,530.94 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS.

4 RESPONSE: DENY - I ONLY HAD AUTHORITY TO ACT AS GORI'S LAWYER AND TO

5              COMMUNICATE HIS INSTRUCTIONS. ANY KNOWLEDGE OR SOURCE OF

6              SUCH KNOWLEDGE IS SUBJECT TO THE ATTORNEY CLIENT PRIVILEGE.

7 REQUEST FOR ADMISSION NO. 52:

8     Admit that you are not aware of any business relationship between either of the PLAINTIFFS and

9 any of the KLAGI ENTITIES.

10 RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE

11              DENY

12 REQUEST FOR ADMISSION NO. 53:

13     Admit that you are not aware of any consideration received by either of the PLAINTIFFS in

14 exchange for the transfer of $50,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS

15 on October 23, 2012.

16 RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE

17              DENY

18 REQUEST FOR ADMISSION NO. 54:

19     Admit that you are not aware of any consideration received by either of the PLAINTIFFS in

20 exchange for the transfer of $550,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS

21 on November 28, 2012. 27

22 RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE

23              DENY

24 REQUEST FOR ADMISSION NO. 55:

25     Admit that you are not aware of any consideration received by either of the PLAINTIFFS in

26 exchange for the transfer of $750,000 from the PIPPIN ACCOUNTS to   the KLAGI

27 ACCOUNTS on December 5, 2012.

28 RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE

Adv. No. 17-05084                11

1    DENY

2    REQUEST FOR ADMISSION NO. 56:

3         Admit that you are not aware of any consideration received by either of the PLAINTIFFS in

4    exchange for the transfer of $750,000 from the PIPPIN ACCOUNTS to    the KLAGI

5    ACCOUNTS on December 11, 2012.

6    RESPONSE:   I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE

7              DENY

8    REQUEST FOR ADMISSION NO. 57:

9         Admit that you are not aware of any consideration received by either of the PLAINTIFFS in

10   exchange for the transfer of $750,000 from the PIPPIN ACCOUNTS to    the KLAGI

11   ACCOUNTS on January 8, 2013.

12   RESPONSE:   I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE

13              DENY

14   REQUEST FOR ADMISSION NO. 58:

15        Admit that you are not aware of any consideration received by either of the PLAINTIFFS in

16   exchange for the transfer of $375,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS

17   on January 21, 2013.

18   RESPONSE:   I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE

19              DENY

20   REQUEST FOR ADMISSION NO. 59:

21        Admit that you are not aware of any consideration received by either of the PLAINTIFFS in

22   exchange for the transfer of $750,000 from the PIPPIN ACCOUNTS to the KLAGI ACCOUNTS

23   on February 7, 2013.

24   RESPONSE:   I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE

25              DENY

26   REQUEST FOR ADMISSION NO. 60:

27        Admit that you are not aware of any consideration received by either of the PLAINTIFFS in

28   exchange for the transfer of $595,000 from the PIPPIN ACCOUNTS to    the KLAGI

Adv. No. 17-05084                          12

ACCOUNTS on March 8, 2013.

RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE
DENY

REQUEST FOR ADMISSION NO. 61:

Admit that you are not aware of any consideration received by either of the PLAINTIFFS in
Exchange for the transfer of $7,530.94 from the PIPPIN ACCOUNTS to the KLAGI
ACCOUNTS on August 20, 2013.

RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE
DENY

REQUEST FOR ADMISSION NO. 62:

Admit that in late 2012 you asked DIPASQUALE to find a condominium in the    vicinity of
Miami Beach, Florida, for purchase.

RESPONSE: DENY

REQUEST FOR ADMISSION NO. 63:

Admit that, in his capacity as manager of ISNA, DIPASQUALE acted pursuant to your
instructions.

RESPONSE: DENY

REQUEST FOR ADMISSION NO. 64:

Admit that ISRAILOVICI possessed a debit card for the ISNA ACCOUNT.

RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE
DENY

REQUEST FOR ADMISSION NO. 65:

Admit that ISRAILOVICI used a debit card for the ISNA ACCOUNT to withdraw funds for his
benefit.

RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE
DENY

REQUEST FOR ADMISSION NO. 66:

Admit that ISRAILOVICI was the only PERSON that possessed a debit card for the ISNA

Adv. No. 17-05084                                    13

1 ACCOUNT.

2 RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE

3         DENY

4 REQUEST FOR ADMISSION NO. 67:

5         Admit that ISRAILOVICI instructed DIPASQUALE to withdraw funds from the ISNA

6 ACCOUNT and provide those funds to him.

7 RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE

8         DENY

9 REQUEST FOR ADMISSION NO. 68:

10         Admit that ISRAILOVICI used funds withdrawn from the ISNA ACCOUNT to pay his personal

11 expenses.

12 RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE

13         DENY

14 REQUEST FOR ADMISSION NO. 69:

15         Admit that you and ISRAILOVICI were the only PERSONS with a membership interest in

16 ISNA.

17 RESPONSE: ADMIT BUT IN TRUST FOR GORI

18 REQUEST FOR ADMISSION NO. 70:

19         Admit that ISNA never held an annual meeting of its Members.

20 RESPONSE: ADMIT

21 REQUEST FOR ADMISSION NO. 71:

22         Admit that ISNA never held an annual meeting of its Managers.

23 RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE

24         DENY

25 REQUEST FOR ADMISSION NO. 72:

26         Admit that you complied with the terms of the ISNA OPERATING AGREEMENT.

27 RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE

28         DENY

Adv. No. 17-05084               14

REQUEST FOR ADMISSION NO. 73:

    Admit that the purpose of the transfers in December 2012 totaling $1,200,000 from the KLAGI ACCOUNTS to SUN TRUST was to effectuate the ISNA CONDO PURCHASE.

RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE DENY

REQUEST FOR ADMISSION NO. 74:

    Admit that the transfers in December 2012 totaling $1,200,000 from the KLAGI ACCOUNTS to SUN TRUST benefitted ISNA.

RESPONSE: DENY - ISNA RECEIVED THE FUNDS FROM THE KLAGI ACCOUNTS IN TRUST FOR GORI.

REQUEST FOR ADMISSION NO. 75:

    Admit that at the time of the ISNA CONDO PURCHASE, ISNA had no obligation to anyone other than you and ISRAILOVICI.

RESPONSE: DENY - ISNA RECEIVED THE FUNDS FROM THE KLAGI ACCOUNTS IN TRUST FOR GORI

REQUEST FOR ADMISSION NO. 76:

    Admit that the proceeds of the ISNA CONDO SALE were deposited into the ISNA ACCOUNT.

RESPONSE: ADMIT FOR TRUST FOR GORI

REQUEST FOR ADMISSION NO. 77:

    Admit that the total of all credits and deposits to the ISNA ACCOUNT is approximately $1,427,137.53.

RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE DENY

REQUEST FOR ADMISSION NO. 78:

    Admit that other than the ISNA ACCOUNT, ISNA had no other bank accounts.

RESPONSE: I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE DENY

REQUEST FOR ADMISSION NO. 79:

Case: 17-05084   Doc# 76   Filed: 07/01/19   Entered: 07/01/19 15:53:58   Page 104 of 211

1   Admit that at the time of the ISNA CONDO SALE, ISNA had no obligation to anyone other than

2   you and ISRAILOVICI.

3   RESPONSE:   DENY - ISNA RECEIVED THE FUNDS FROM THE KLAGI ACCOUNTS IN TRUST

4   FOR GORI

5   REQUEST FOR ADMISSION NO. 80:

6       Admit that the name "ISNA" was a combination of your name and ISRAILOVICI's name.

7   RESPONSE:   ADMIT

8   REQUEST FOR ADMISSION NO. 81:

9       Admit that you created and maintained the ISNA TRADING ACCOUNT.

10  RESPONSE:   I HAVE INSUFFICIENT INFORMATION TO ADMIT OR DENY AND THEREFORE

11                   DENY

12  REQUEST FOR ADMISSION NO. 82:

13      Admit that you instructed the transfer on or about January 22, 2014 of approximately $1,200,000

14  from the ISNA ACCOUNT to the ISNA TRADING ACCOUNT be made.

15  Response:       DENY - I ONLY HAD AUTHORITY TO ACT AS GORI'S LAWYER AND TO

16                   COMMUNICATE HIS INSTRUCTIONS.  ANY KNOWLEDGE OR SOURCE OF

17                   SUCH KNOWLEDGE IS SUBJECT TO THE ATTORNEY CLIENT PRIVILEGE.

18  REQUEST FOR ADMISSION NO. 83:

19      Admit that you had prior knowledge of and consented to the transfer on or about   January 22,

20  2014 of approximately $1,200,000 from the ISNA ACCOUNT to the ISNA TRADING

21  ACCOUNT.

22  RESPONSE:       DENY - I ONLY HAD AUTHORITY TO ACT AS GORI'S LAWYER AND TO

23                   COMMUNICATE HIS INSTRUCTIONS.  ANY KNOWLEDGE OR SOURCE OF

24                   SUCH KNOWLEDGE IS SUBJECT TO THE ATTORNEY CLIENT PRIVILEGE

25  REQUEST FOR ADMISSION NO. 84:

26      Admit that the transfer on or about January 22, 2014 of approximately $1,200,000 from the ISNA

27  ACCOUNT to the ISNA TRADING ACCOUNT occurred for your benefit.

28  RESPONSE:   DENY - ISNA RECEIVED THE FUNDS FROM THE KLAGI ACCOUNTS IN TRUST

Adv. No. 17-05084                               16

1        FOR GORI

2   <u>REQUEST FOR ADMISSION NO. 85</u>:

3        Admit that in January 2014 you instructed that a $10,000 check be written from the ISNA

4        ACCOUNT to SUN TRUST in connection with KLAGI, LLC's purchase of the KLAGI

5        CONDO.

6   RESPONSE:    DENY I ONLY HAD AUTHORITY TO ACT AS GORI'S LAWYER AND TO

7                COMMUNICATE HIS INSTRUCTIONS.  ANY KNOWLEDGE OR SOURCE OF

8                SUCH KNOWLEDGE IS SUBJECT TO THE ATTORNEY CLIENT PRIVILEGE

9   <u>REQUEST FOR ADMISSION NO. 86</u>:

10        Admit that you engaged in acts and transfers to convey funds to GORI without disclosing that he

11        was the intended beneficiary of those acts and transfers.

12   RESPONSE:   DENY - I ONLY HAD AUTHORITY TO ACT AS GORI'S LAWYER AND TO

13                COMMUNICATE HIS INSTRUCTIONS.

14   <u>REQUEST FOR ADMISSION NO. 87</u>:

15        Admit that you engaged in acts and transfers to convey funds to GORI in a manner intended to

16        conceal that he was the intended beneficiary of those acts and transfers.

17   RESPONSE: DENY - I ONLY HAD AUTHORITY TO ACT AS GORI'S LAWYER AND TO

18                COMMUNICATE HIS INSTRUCTIONS.

19   Dated: April 15, 2018                         WEISS & SPEES, LLP

20

21

22                                                 _____
                                                   Michael H. Weiss
23                                                 Attorneys for Defendants
                                                   Gabriele Israilovici and Giovanni Nappi

24

25

26

27

28

Adv. No. 17-05084                        17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## VERIFICATION

I declare under penalty and perjury under the laws of the United States that the foregoing responses to PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT GIOVANNI NAPPI are true and correct and that I executed this verification April ___, 2019 in Rome, Italy.

Giovanni Nappi

Case: 17-05084   Doc# 76   Filed: 07/01/19   Entered: 07/01/19 15:53:58   Page 107 of 211

# EXHIBIT "7"

Michael H. Weiss (State Bar Number 107481)
mw@weissandspees.com
Laura J. Meltzer (State Bar Number 151889)
lm@weissandspees.com
WEISS & SPEES, LLP
6310 S. San Vicente Blvd., Suite 401
Los Angeles, CA 90068
Telephone: 424-245-3100
Facsimile: 424-217-4160

Attorneys for Defendants
Gabriele Israilovici and Giovanni ISRAILOVICI

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| IN RE<br><br>CECCHI GORI PICTURES, INC., a California corporation; CECCHI GORI USA, INC., a California corporation,<br><br>    Debtors. | Case No. 16-53499<br>(Administratively consolidated with Case No. 16-53500)<br>Chapter 11<br>Adv. No. 17-05084<br>Judge: Hon. M. Elaine Hammond |
| CECCHI GORI PICTURES, INC. and CECCHI GORI USA, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>GABRIELE ISRAILOVICI, an individual, GIOVANNI ISRAILOVICI, an individual, and KLAGI LIMITED (a/k/a KLAGI MANAGEMENT LIMITED and KLAGI LTD.), a Hong Kong corporation<br><br>    Defendants. | **RESPONSE TO PLAINTIFFS' FRIST REQUEST FOR PRODUCTION OF DOCUMENTS UPON DEFENDANT GABRIELE ISRAILOVICI** |

PROPOUNDING PARTY:   CECCHI GORI PICTURES and CECCHI GORI USA, 2   INC.

RESPONDING PARTY:    DEFENDANT GABRIELE ISRAILOVICI ("Israilovici")

SET NO.:    ONE

## <u>PRELIMINARY STATEMENT</u>

All of the responses contained herein are based only on such information and documents which are presently available to and specifically known to ISRAILOVICI and reflect the current state of his knowledge.

These responses are made solely for the purpose of this action. No incidental or implied admissions are intended by the responses herein. The fact that ISRAILOVICI answers or objects to any request should not be taken as an admission that ISRAILOVICI accepts or admits the existence of any facts assumed by such request, or that such response to objections constitutes admissible evidence as to any such assumed facts. Nor does ISRAILOVICI concede the relevance or materiality of each request, or the subject matter to which each request refers.

ISRAILOVICI does not waive the attorney-client privilege; the attorney-work product doctrine; his constitutional right of privacy; or any other lawfully recognized privilege or immunity from disclosure that may attach to the documents called for in Propounding Party's Requests based on such privileges or immunities, and any response given to a particular request is not intended to and shall not be construed as a waiver by ISRAILOVICI of such right.

ISRAILOVICI reserves the right, prior to or at the time of trial, to introduce any evidence from any source hereafter discovered or any testimony of any witness whose identity is hereafter discovered.

The responses contained herein are made in a good faith effort to supply as much information as is presently known, but should in no way be to the prejudice of ISRAILOVICI in relation to further discovery, research or analysis.

## SPECIFIC OBJECTIONS

ISRAILOVICI incorporates by reference the foregoing General Objections into each and every one of the Specific Objections to the Requests for Production of Documents below, and further objects to the Requests for Production of Documents as follows:

### RESPONSES TO REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS containing any COMMUNICATIONS between you and AALL & ZYLEMAN that relate to or refer in any way to the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, JUUL, any of the KLAGI ENTITIES, MAMELI, ISRAILOVICI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS

HEREINABOVE. THIS REQUEST IS OVERBROAD IN THAT SEEKS DOCUMENTS BEYOND THE TWO TRANSACTIONS THE SHIBA PAYMENT AND THE PIPPIN PAYMENT (COLLECTIVELY, THE "DISPUTED PAYMENTS") WHICH ARE THE SUBJECT OF THE FIST AMENDED COMPLAINT ("FAC") AND AS SUCH THE REQUEST SEEKS DOCUMENTS WHICH ARE NEITHER RELEVANT NOR REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE. ISRAILOVICI OBJECTS ON THE GROUNDS THAT THE REQUEST IS COMPOUND AS IT CONTAINS MULTIPLE SUBPARTS. ISRAILOVICI HAS NO DOCUMENTS IN THIS CATEGORY THAT RELATE OR REFER TO THOSE PAYMENTS. IN ANY EVENT, ISRAILOVICI HAS NO SUCH DOCUMENTS.

REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS containing any COMMUNICATIONS between you and the BERLANDI FIRM that relate to or refer in any way to either of the PLAINTIFFS.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE. THIS REQUEST IS OVERBROAD IN THAT SEEKS DOCUMENTS BEYOND THE DISPUTED PAYMENTS. DEFENDANTS FURTHER OBJECTS ON THE GROUNDS THAT THE REQUEST SEEKS DOCUMENTS SUBJECT TO THE ATTORNEY CLIENT PRIVILEGE AND DOCUMENTS WHICH ARE NEITHER RELEVANT NOR REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE. THERE ARE NO DOCUMENTS IN THIS CATEGORY THAT RELATE OR REFER TO THOSE TRANSACTIONS. .

REQUEST FOR PRODUCTION NO. 3:

All DOCUMENTS containing any COMMUNICATIONS between you and the BLAKELY FIRM that relate to or refer in any way to either of the PLAINTIFFS.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE. THIS REQUEST IS OVERBROAD IN THAT SEEKS DOCUMENTS

THAT DO REFER OR RELATE TO THE DISPUTED PAYMENTS AND AS SUCH SEEKS DOCUMENTS WHICH ARE NEITHER RELEVANT NOR REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE. FURTHER, ISRAILOVICI OBJECTS BECAUSE THIS REQUESTS DOCUMENTS WHICH ARE SUBJECT TO THE ATTORNEY CLIENT PRIVILEGE. THERE ARE NO DOCUMENTS IN THIS CATEGORY THAT RELATE OR REFER TO THE DISPUTED PAYMENTS, EXCEPT THOSE THAT HAVE ALREADY BEEN PRODUCED IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS containing any COMMUNICATIONS between you and the BREWER FIRM that relate to or refer in any way to either of the PLAINTIFFS.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE. ISRAILOVICI OBJECTS FURTHER ON THE GROUNDS THAT THE REQUEST IS NOT RELEVANT TO ANY PARTY'S CLAIM OR DEFENSE NOR IS LIKELY TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE. ISRAILOVICI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 5:

All DOCUMENTS containing any COMMUNICATIONS between you and CERVERA REAL ESTATE that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, JUUL, any of the KLAGI ENTITIES, MAMELI, ISRAILOVICI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE. ISRAILOVICI OBJECTS ON THE GROUNDS THAT THE REQUEST IS COMPOUND AS IT CONTAINS MULTIPLE SUBPARTS. ISRAILOVICI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS containing any COMMUNICATIONS between you and DIPASQUALE that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, JUUL, any of the KLAGI ENTITIES, MAMELI, ISRAILOVICI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, 2     SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

> ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS
>
> HEREINABOVE. ISRAILOVICI OBJECTS ON THE GROUNDS THAT THE REQUEST IS
>
> COMPOUND AS IT CONTAINS MULTIPLE SUBPARTS. ISRAILOVICI HAS NO
>
> RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS
>
> OR ON FILE IN THIS BANKRUPTCY CASE.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS containing any COMMUNICATIONS between you and DARO that relate to or refer in any way to either of the PLAINTIFFS.

> ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS
>
> HEREINABOVE. ISRAILOVICI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE
>
> ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS containing any COMMUNICATIONS between you and FABRICA that relate to or refer in any way to either of the PLAINTIFFS.

> ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS
>
> HEREINABOVE. ISRAILOVICI OBJECTS FURTHER ON THE GROUNDS THAT THE
>
> REQUEST IS NOT RELEVANT TO ANY PARTY'S CLAIM OR DEFENSE NOR IS LIKELY
>
> TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE. ISRAILOVICI HAS NO
>
> RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS
>
> OR ON FILE IN THIS BANKRUPTCY CASE.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS containing any COMMUNICATIONS between you and GORI that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, JUUL, any of the KLAGI ENTITIES, MAMELI, ISRAILOVICI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE. ISRAILOVICI OBJECTS ON THE GROUNDS THAT THE REQUEST IS COMPOUND AS IT CONTAINS MULTIPLE SUBPARTS. ISRAILOVICI FURTHER OBJECTS ON THE GROUNDS THAT THE REQUEST IS UNINTELLIGIBLE AS POSED. TO THE EXTENT THAT THE REQUEST SEEKS DOCUMENTS THAT DO NOT RELATE OR REFER TO THE DISPUTED PAYMENTS, THE REQUEST IS NOT IS NOT LIKELY TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE. ISRAILOVICI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE. DOCUMENTS IN THIS CATEGORY THAT RELATE OR REFER TO THOSE TRANSACTIONS ARE PRODUCED.

REQUEST FOR PRODUCTION NO. 10:

All DOCUMENTS relating to or referring in any way to any of the ISNA ENTITIES.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE. ISRAILOVICI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 11:

All DOCUMENTS containing any COMMUNICATIONS between you and JUUL that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, any of the KLAGI ENTITIES, MAMELI, ISRAILOVICI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE. ISRAILOVICI OBJECTS ON THE GROUNDS THAT THE REQUEST IS

COMPOUND AS IT CONTAINS MULTIPLE SUBPARTS, IS UNINTELLIGIBLE AS POSED AND SEEKS DOCUMENTS NOT RELEVANT TO ANY PARTY'S CLAIM OR DEFENSE TO THE EXTENT IT SEEKS DOCUMENTS UNRELATED TO THE DISPUTED PAYMENTS. ISRAILOVICI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 12:

All DOCUMENTS relating to or referring in any way to any of the KLAGI ENTITIES.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE. ISRAILOVICI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 13:

All DOCUMENTS containing any COMMUNICATIONS between you and MAMELI that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, JUUL, any of the KLAGI ENTITIES, ISRAILOVICI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE. ISRAILOVICI OBJECTS BECAUSE THE REQUEST IS COMPOUND AS IT CONTAINS MULTIPLE SUBPARTS, IS UNINTELLIGIBLE AS POSED AND SEEKS DOCUMENTS NOT RELEVANT TO ANY PARTY'S CLAIM OR DEFENSE TO THE EXTENT IT SEEKS DOCUMENTS UNRELATED TO THE DISPUTED PAYMENTS. ISRAILOVICI HAS NO RESPONSIVE DOCUMENTS.

REQUEST FOR PRODUCTION NO. 14:

All DOCUMENTS containing any COMMUNICATIONS between you and ISRAILOVICI that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, JUUL, any of the KLAGI ENTITIES, MAMELI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS
HEREINABOVE.  ISRAILOVICI OBJECTS ON THE GROUNDS THAT THE REQUEST IS
COMPOUND AS IT CONTAINS MULTIPLE SUBPARTS.  ISRAILOVICI FURTHER
OBJECTS ON THE GROUNDS THAT THE REQUEST IS UNINTELLIGIBLE AS POSED
BECAUSE ISRAILOVICI CANNOT HAVE COMMUNICATION WITH HIMSELF

REQUEST FOR PRODUCTION NO. 15:

All DOCUMENTS containing any COMMUNICATIONS between you and NEPOMUCENO that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, JUUL, any of the KLAGI ENTITIES, MAMELI, ISRAILOVICI, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS
HEREINABOVE.  ISRAILOVICI OBJECTS BECAUSE THE REQUEST IS COMPOUND AS
IT CONTAINS MULTIPLE SUBPARTS, IS UNINTELLIGIBLE AS POSED AND SEEKS
DOCUMENTS NOT RELEVANT TO ANY PARTY'S CLAIM OR DEFENSE TO THE
EXTENT IT SEEKS DOCUMENTS UNRELATED TO THE DISPUTED PAYMENTS.
ISRAILOVICI HAS NO RESPONSIVE DOCUMENTS.

REQUEST FOR PRODUCTION NO. 16:

All DOCUMENTS that relate to or refer in any way to PIPPIN.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS
HEREINABOVE. .  ISRAILOVICI OBJECTS FURTHER ON THE GROUNDS THAT THE
REQUEST IS NOT.  ISRAILOVICI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE
ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 17:

All DOCUMENTS that relate to or refer in any way to any of the PIPPIN TRANSFERS.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS

HEREINABOVE. . ISRAILOVICI OBJECTS FURTHER ON THE GROUNDS THAT THE REQUEST IS NOT. ISRAILOVICI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 18:

All DOCUMENTS that relate to or refer in any way to either of the PLAINTIFFS.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE. ISRAILOVICI OBJECTS BECAUSE THIS REQUEST IS OVERBROAD AND IRRELEVANT IN THAT IT SEEKS DOCUMENTS THAT DO NOT RELATE OR REFER TO THE DISPUTED PAYMENTS. ISRAILOVICI OBJECTS BECAUSE THE REQUESTS SEEKS DOCUMENTS THAT ARE SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE. ISRAILOVICI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE THAT RELATE TO THE DISPUTED PAYMENTS.

REQUEST FOR PRODUCTION NO. 19:

All DOCUMENTS containing any COMMUNICATIONS between you and RADEMAKER that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL         ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, JUUL, any of the KLAGI ENTITIES, MAMELI, ISRAILOVICI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE. ISRAILOVICI OBJECTS BECAUSE THE REQUEST IS COMPOUND AS IT CONTAINS MULTIPLE SUBPARTS, IS UNINTELLIGIBLE AS POSED AND SEEKS DOCUMENTS NOT RELEVANT TO ANY PARTY'S CLAIM OR DEFENSE TO THE EXTENT IT SEEKS DOCUMENTS UNRELATED TO THE DISPUTED PAYMENTS. ISRAILOVICI HAS NO RESPONSIVE DOCUMENTS.

REQUEST FOR PRODUCTION NO. 20:

All DOCUMENTS that relate to or refer in any way to SHIBA.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS
HEREINABOVE.  ISRAILOVICI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE
ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 21:

All DOCUMENTS containing any COMMUNICATIONS between you and SINE NOMINE that relate
to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the
BREWER FIRM, CERVERA REAL ESTATE,        DIPASQUALE, DARO, FABRICA, GORI,
HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, JUUL, any of the KLAGI ENTITIES,
MAMELI, ISRAILOVICI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN
TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SUN TRUST TITLE or WOLF
RIFKIN.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS
HEREINABOVE.  ISRAILOVICI OBJECTS BECAUSE THE REQUEST IS COMPOUND AS
IT CONTAINS MULTIPLE SUBPARTS, IS UNINTELLIGIBLE AS POSED AND SEEKS
DOCUMENTS NOT RELEVANT TO ANY PARTY'S CLAIM OR DEFENSE TO THE
EXTENT IT SEEKS DOCUMENTS UNRELATED TO THE DISPUTED PAYMENTS.
ISRAILOVICI HAS NO RESPONSIVE DOCUMENTS.

REQUEST FOR PRODUCTION NO. 22:

All DOCUMENTS containing any COMMUNICATIONS between you and SUN TRUST TITLE that
relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the
BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES,
any of the ISNA ENTITIES, ISRAILOVICI, JUUL, any of the KLAGI ENTITIES, MAMELI,
ISRAILOVICI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either
of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE or WOLF RIFKIN.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS
HEREINABOVE.  ISRAILOVICI OBJECTS ON THE GROUNDS THAT THE REQUEST IS
COMPOUND AS IT CONTAINS MULTIPLE SUBPARTS.  ISRAILOVICI FURTHER
OBJECTS ON THE GROUNDS THAT THE REQUEST IS UNINTELLIGIBLE AS POSED.
ISRAILOVICI OBJECTS FURTHER ON THE GROUNDS THAT THE REQUEST IS NOT
RELEVANT TO ANY PARTY'S CLAIM OR DEFENSE NOR IS LIKELY TO LEAD TO THE

DISCOVERY OF ADMISSIBLE EVIDENCE.  ISRAILOVICI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 23:

All DOCUMENTS containing any COMMUNICATIONS between you and WOLF RIFKIN that relate to or refer in any way to either of the PLAINTIFFS.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE.  ISRAILOVICI FURTHER OBJECTS ON THE GROUNDS THAT THE REQUEST IS UNINTELLIGIBLE AS POSED.  ISRAILOVICI OBJECTS FURTHER ON THE GROUNDS THAT THE REQUEST IS NOT RELEVANT TO ANY PARTY'S CLAIM OR DEFENSE NOR IS LIKELY TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE TO THE EXTENT THAT ITS SEEKS DOCUMENTS THAT DO NOT RELATE OR REFER TO THE DISPUTED PAYMENTS.  ISRAILOVICI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 24(1):

All DOCUMENTS that relate to or refer in any way to any agreements between you and GORI.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE.  THIS REQUEST IS OVERBROAD IN THAT SEEKS DOCUMENTS WHICH RELATE OR REFER TO THE DISPUTED PAYMENTS.  ISRAILOVICI FURTHER OBJECTS ON THE GROUNDS THAT THE REQUEST SEEKS DOCUMENTS SUBJECT TO THE ATTORNEY CLIENT PRIVILEGE.  ALL NON PRIVILEGED DOCUMENTS IN THIS CATEGORY THAT RELATE OR REFER TO THE DISPUTED PAYMENTS HAVE BEEN PRODUCED IN THIS BANKRUPTCY, EXCEPT FOR THE GORI DECLARATION.

.

REQUEST FOR PRODUCTION NO. 24(2):

All DOCUMENTS that relate to or refer in any way to any agreements between either of the ISNA ENTITIES and GORI.

> ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS
> HEREINABOVE. . ISRAILOVICI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE
> ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.
> ISRAILOVICI FURTHER OBJECTS ON THE GROUNDS THAT THE REQUEST SEEKS
> DOCUMENTS SUBJECT TO THE ATTORNEY CLIENT PRIVILEGE. ALL NON
> PRIVILEGED DOCUMENTS IN THIS CATEGORY THAT RELATE OR REFER TO THE
> DISPUTED PAYMENTS WILL BE PRODUCED.

REQUEST FOR PRODUCTION NO. 25:

All DOCUMENTS that support your statement in paragraph 2 of the MARCH DECLARATION that the PLAINTIFFS would have collapsed if they had not prevailed in the Nunnari Litigation (as such term is defined in the MARCH DECLARATION).

> ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS
> HEREINABOVE. ISRAILOVICI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE
> ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 26:

All DOCUMENTS that support your statement in paragraph 16 of the FEBRUARY DECLARATION that you are aware the Nunnari Litigation Settlement Payment (as such term is defined in the FEBRUARY DECLARATION) was paid and distributed at the direction of JUUL.

> ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS
> HEREINABOVE. ISRAILOVICI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE
> ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 27:

All DOCUMENTS supporting your denial in the ANSWER of the allegation that, beginning at least as early as 2008 and continuing through mid-2015, you possessed decision-making authority over the PLAINTIFFS pursuant to authority granted by GORI.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS

HEREINABOVE.  ISRAILOVICI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE

ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 28:

All DOCUMENTS supporting your denial in the ANSWER of the allegation that, on multiple occasions, you informed JUUL that you were authorized to make decisions on behalf of each of the PLAINTIFFS.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS

HEREINABOVE.  ISRAILOVICI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE

ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 29:

All DOCUMENTS supporting your denial in the ANSWER of the allegation that you controlled the expenditure of each of the PLAINTIFFS' funds during the period from march through June 2012.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS

HEREINABOVE.  ISRAILOVICI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE

ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 30:

All DOCUMENTS supporting your denial in the ANSWER of the allegation that the SHIBA ASSIGNMENT was made at your direction and for your benefit.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS

HEREINABOVE.  ISRAILOVICI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE

ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 31:

All DOCUMENTS supporting your denial in the ANSWER that you controlled the expenditure of each of the PLAINTIFFS' funds during the period in which the PIPPIN TRANSFERS occurred.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS

HEREINABOVE.  ISRAILOVICI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE

ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 32:

All DOCUMENTS supporting your denial in the ANSWER of the allegation that you created and maintained the PIPPIN ACCOUNTS for your own benefit.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS

HEREINABOVE. ISRAILOVICI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE

ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 33:

All DOCUMENTS supporting your denial in the ANSWER of the allegation that you owed the PLAINTIFFS fiduciary duties.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS

HEREINABOVE. ISRAILOVICI FURTHER OBJECTS ON THE GROUNDS THAT THE

REQUEST CALLS FOR A LEGAL CONCLUSION. ISRAILOVICI HAS NO RESPONSIVE

DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN

THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 34:

All DOCUMENTS supporting your denial in the ANSWER of the allegation that you received property transferred from the PLAINTIFFS pursuant to the SHIBA ASSIGNMENT and the PIPPIN TRANSFERS.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS

HEREINABOVE. ISRAILOVICI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE

ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 35:

All DOCUMENTS supporting your denial in the ANSWER of the allegation that you withheld or aided in the withholding of property transferred from the PLAINTIFFS pursuant to the SHIBA ASSIGNMENT and the PIPPIN TRANSFERS.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS

HEREINABOVE.  ISRAILOVICI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE

ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 36:

All DOCUMENTS supporting your denial in the ANSWER of the allegation that CGUSA was insolvent or became insolvent as a result of the PIPPIN TRANSFERS.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS

HEREINABOVE.  ISRAILOVICI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE

ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 37:

All DOCUMENTS supporting the first affirmative defense [STATUTE OF LIMITATIONS] you

asserted in the ANSWER.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS

HEREINABOVE.  ISRAILOVICI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE

ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

ALL SUCH DOCUMENTS ARE ATTACHED TO ISRAILOVICI'S MOTION FOR

SUMMARY ADJUDICATION

REQUEST FOR PRODUCTION NO. 38:

All DOCUMENTS supporting the second affirmative defense [AGENT IMMUNITY] you asserted in the ANSWER.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS

HEREINABOVE.  ISRAILOVICI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE

ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.  .

REQUEST FOR PRODUCTION NO. 39:

All DOCUMENTS supporting the third affirmative defense [RES JUDICATA / COLLATERAL ESTOPPEL] you asserted in the ANSWER.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS

HEREINABOVE. ISRAILOVICI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE

ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 40:

All DOCUMENTS supporting your assertion in the CONFERENCE STATEMENT that the disposition
of the SETTLEMENT PROCEEDS was directed by JUUL.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS

HEREINABOVE. ISRAILOVICI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE

ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE

REQUEST FOR PRODUCTION NO. 41:

All DOCUMENTS supporting your assertion in the CONFERENCE STATEMENT that the disposition
of the SETTLEMENT PROCEEDS was directed by GORI.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS

HEREINABOVE. ISRAILOVICI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE

ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE. IN

ADDITION, ISRAILOVICI IS PRODUCING A DECLARATION OF GORI THAT IS

RELEVANT ON THIS POINT.

REQUEST FOR PRODUCTION NO. 42:

All DOCUMENTS supporting your assertion in the CONFERENCE STATEMENT that you never
received any of the SETTLEMENT PROCEEDS for your benefit.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS

HEREINABOVE. ISRAILOVICI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE

ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE. IN

ADDITION, ISRAILOVICI IS PRODUCING A DECLARATION OF GORI THAT IS

RELEVANT ON THIS POINT.

REQUEST FOR PRODUCTION NO. 43:

All DOCUMENTS supporting your assertion in the CONFERENCE STATEMENT that a portion of the SETTLEMENT PROCEEDS was transferred in trust for GORI, as beneficiary, to ISNA.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS

HEREINABOVE.  ISRAILOVICI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE

ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.  IN

ADDITION, ISRAILOVICI IS PRODUCING A DECLARATION OF GORI THAT IS

RELEVANT ON THIS POINT

REQUEST FOR PRODUCTION NO. 44:

All DOCUMENTS supporting your assertion in the CONFERENCE STATEMENT that all of the proceeds of the ISNA CONDO SALE were transferred to an entity controlled by GORI.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS

HEREINABOVE.  ISRAILOVICI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE

ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.  IN

ADDITION, ISRAILOVICI IS PRODUCING A DECLARATION OF GORI THAT IS

RELEVANT ON THIS POINT

REQUEST FOR PRODUCTION NO. 45:

All DOCUMENTS supporting your assertion in the CONFERENCE STATEMENT that you never received any of the proceeds of the ISNA CONDO SALE.

ISRAILOVICI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS

HEREINABOVE.  ISRAILOVICI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE

ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.  IN

ADDITION, ISRAILOVICI IS PRODUCING A DECLARATION OF GORI THAT IS

RELEVANT ON THIS POINT.

Dated:  June 1, 2019                                    WEISS & SPEES, LLP

_____
Michael H. Weiss
Attorneys for Defendants
Gabrile Israilovici and Giovanni Nappi

# EXHIBIT "8"

Michael H. Weiss (State Bar Number 107481)
mw@weissandspees.com
Laura J. Meltzer (State Bar Number 151889)
lm@weissandspees.com
WEISS & SPEES, LLP
6310 S. San Vicente Blvd., Suite 401
Los Angeles, CA 90068
Telephone: 424-245-3100
Facsimile: 424-217-4160

Attorneys for Defendants
Gabriele Israilovici and Giovanni Nappi

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| IN RE<br><br>CECCHI GORI PICTURES, INC., a California corporation; CECCHI GORI USA, INC., a California corporation,<br><br>    Debtors. | Case No. 16-53499<br>(Administratively consolidated with Case No. 16-53500)<br>Chapter 11<br>Adv. No. 17-05084<br>Judge: Hon. M. Elaine Hammond |
| CECCHI GORI PICTURES, INC. and CECCHI GORI USA, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>GABRIELE ISRAILOVICI, an individual, GIOVANNI NAPPI, an individual, and KLAGI LIMITED (a/k/a KLAGI MANAGEMENT LIMITED and KLAGI LTD.), a Hong Kong corporation<br><br>    Defendants. | **RESPONSE TO PLAINTIFFS' FRIST REQUEST FOR PRODUCTION OF DOCUMENTS UPON DEFENDANT GIOVANNI NAPPI** |

PROPOUNDING PARTY:   CECCHI GORI PICTURES and CECCHI GORI USA, 2   INC.

RESPONDING PARTY:    DEFENDANT GIOVANNI NAPPI ("NAPPI")

SET NO.:    ONE

## PRELIMINARY STATEMENT

All of the responses contained herein are based only on such information and documents which are presently available to and specifically known to NAPPI, and reflect the current state of his knowledge.

These responses are made solely for the purpose of this action. No incidental or implied admissions are intended by the responses herein. The fact that NAPPI answers or objects to any request should not be taken as an admission that NAPPI accepts or admits the existence of any facts assumed by such request, or that such response to objections constitutes admissible evidence as to any such assumed facts. Nor does NAPPI concede the relevance or materiality of each request, or the subject matter to which each request refers.

NAPPI does not waive the attorney-client privilege; the attorney-work product doctrine; his constitutional right of privacy; or any other lawfully recognized privilege or immunity from disclosure that may attach to the documents called for in Propounding Party's Requests based on such privileges or immunities, and any response given to a particular request is not intended to and shall not be construed as a waiver by NAPPI of such right.

NAPPI reserves the right, prior to or at the time of trial, to introduce any evidence from any source hereafter discovered or any testimony of any witness whose identity is hereafter discovered.

The responses contained herein are made in a good faith effort to supply as much information as is presently known, but should in no way be to the prejudice of NAPPI in relation to further discovery, research or analysis.

## SPECIFIC OBJECTIONS

NAPPI incorporates by reference the foregoing General Objections into each and every one of the Specific Objections to the Requests for Production of Documents below, and further objects to the Requests for Production of Documents as follows:

## RESPONSES TO SPECIFIC REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS containing any COMMUNICATIONS between you and AALL & ZYLEMAN that relate to or refer in any way to the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE.
THIS REQUEST IS OVERBROAD IN THAT SEEKS DOCUMENTS BEYOND THE TWO
TRANSACTIONS THE SHIBA PAYMENT AND THE PIPPIN PAYMENT
(COLLECTIVELY, THE "DISPUTED PAYMENTS") WHICH ARE THE SUBJECT OF THE
FIST AMENDED COMPLAINT ("FAC") AND AS SUCH THE REQUEST SEEKS
DOCUMENTS WHICH ARE NEITHER RELEVANT NOR REASONABLY CALCULATED
TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE. NAPPI OBJECTS ON THE
GROUNDS THAT THE REQUEST IS COMPOUND AS IT CONTAINS MULTIPLE
SUBPARTS. NAPPI HAS NO DOCUMENTS IN THIS CATEGORY THAT RELATE OR
REFER TO THOSE PAYMENTS. IN ANY EVENT, NAPPI HAS NO SUCH DOCUMENTS.

REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS containing any COMMUNICATIONS between you and the BERLANDI FIRM that
relate to or refer in any way to either of the PLAINTIFFS.

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE.
THIS REQUEST IS OVERBROAD IN THAT SEEKS DOCUMENTS WHICH RELATE OR
REFER TO THE DISPUTED PAYMENTS. DEFENDANTS FURTHER OBJECTS ON THE
GROUNDS THAT THE REQUEST SEEKS DOCUMENTS SUBJECT TO THE ATTORNEY
CLIENT PRIVILEGE. THERE ARE NO DOCUMENTS IN THIS CATEGORY THAT
RELATE OR REFER TO THE DISPUTED PAYMENTS.

REQUEST FOR PRODUCTION NO. 3:

All DOCUMENTS containing any COMMUNICATIONS between you and the BLAKELY FIRM that
relate to or refer in any way to either of the PLAINTIFFS

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE.
THIS REQUEST IS OVERBROAD IN THAT SEEKS DOCUMENTS WHICH RELATE OR
REFER TO THE DISPUTED PAYMENTS. DEFENDANTS FURTHER OBJECTS ON THE
GROUNDS THAT THE REQUEST SEEKS DOCUMENTS SUBJECT TO THE ATTORNEY
CLIENT PRIVILEGE. THERE ARE NO DOCUMENTS IN THIS CATEGORY THAT
RELATE OR REFER TO THE DISPUTED PAYMENTS, EXCEPT THOSE THAT HAVE

ALREADY BEEN PRODUCED IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS containing any COMMUNICATIONS between you and the BREWER FIRM that relate to or refer in any way to either of the PLAINTIFFS.

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE. NAPPI OBJECTS FURTHER ON THE GROUNDS THAT THE REQUEST IS NOT RELEVANT TO ANY PARTY'S CLAIM OR DEFENSE NOR IS LIKELY TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE. NAPPI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 5:

All DOCUMENTS containing any COMMUNICATIONS between you and CERVERA REAL ESTATE that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE. NAPPI OBJECTS ON THE GROUNDS THAT THE REQUEST IS COMPOUND AS IT CONTAINS MULTIPLE SUBPARTS. NAPPI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 6:

All DOCUMENTS containing any COMMUNICATIONS between you and DIPASQUALE that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, HIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE. NAPPI OBJECTS ON THE GROUNDS THAT THE REQUEST IS COMPOUND AS IT

CONTAINS MULTIPLE SUBPARTS. NAPPI HAS NO RESPONSIVE DOCUMENTS,

EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS

BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 7:

All DOCUMENTS containing any COMMUNICATIONS between you and DARO that relate to or refer in any way to either of the PLAINTIFFS.

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE.

NAPPI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED

BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 8:

All DOCUMENTS containing any COMMUNICATIONS between you and FABRICA that relate to or refer in any way to either of the PLAINTIFFS.

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE.

NAPPI OBJECTS FURTHER ON THE GROUNDS THAT THE REQUEST IS NOT

RELEVANT TO ANY PARTY'S CLAIM OR DEFENSE NOR IS LIKELY TO LEAD TO THE

DISCOVERY OF ADMISSIBLE EVIDENCE. NAPPI HAS NO RESPONSIVE

DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN

THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 9:

All DOCUMENTS containing any COMMUNICATIONS between you and GORI that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, HUGHES, any of the ISNA ENTITIES, NAPPI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

NAPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE.

ISRAILOVICI OBJECTS ON THE GROUNDS THAT THE REQUEST IS COMPOUND AS IT

CONTAINS MULTIPLE SUBPARTS. NAPPI FURTHER OBJECTS ON THE GROUNDS

THAT THE REQUEST IS UNINTELLIGIBLE AS POSED. THIS REQUEST INVADES THE

ATTORNEY-CLIENT PRIVILEGE. NAPPI WILL PRODUCE NON-PRIVILEGED

DOCUMENTS, IF ANY, THAT RELATE TO THE DISPUTED PAYMENTS.

REQUEST FOR PRODUCTION NO. 10:

All DOCUMENTS relating to or referring in any way to any of the ISNA ENTITIES.

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE.  .

NAPPI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED

BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 11:

All DOCUMENTS containing any COMMUNICATIONS between you and JUUL that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE,  DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, NAPPI, any of the KLAGI ENTITIES, MAMELI, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE.

NAPPI OBJECTS BECAUSE THE REQUEST IS COMPOUND AS IT CONTAINS

MULTIPLE SUBPARTS, IS UNINTELLIGIBLE AS POSED AND SEEKS DOCUMENTS

NOT RELEVANT TO ANY PARTY'S CLAIM OR DEFENSE TO THE EXTENT IT SEEKS

DOCUMENTS UNRELATED TO THE DISPUTED PAYMENTS.  NAPPI HAS NO

RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS

OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 12:

All DOCUMENTS relating to or referring in any way to any of the KLAGI ENTITIES.

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE.

NAPPI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED

BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 13:

All DOCUMENTS containing any COMMUNICATIONS between you and MAMELI that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, NAPPI, JUUL, any of the KLAGI ENTITIES, NAPPI, NEPOMUCENO, the

PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE.

NAPPI OBJECTS BECAUSE THE REQUEST IS COMPOUND AS IT CONTAINS MULTIPLE SUBPARTS, IS UNINTELLIGIBLE AS POSED AND SEEKS DOCUMENTS NOT RELEVANT TO ANY PARTY'S CLAIM OR DEFENSE TO THE EXTENT IT SEEKS DOCUMENTS UNRELATED TO THE DISPUTED PAYMENTS. NAPPI HAS NO RESPONSIVE DOCUMENTS.

REQUEST FOR PRODUCTION NO. 14:

All DOCUMENTS containing any COMMUNICATIONS between you and NAPPI that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, NAPPI, JUUL, any of the KLAGI ENTITIES, MAMELI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE.

NAPPI OBJECTS ON THE GROUNDS THAT THE REQUEST IS COMPOUND AS IT CONTAINS MULTIPLE SUBPARTS. NAPPI FURTHER OBJECTS ON THE GROUNDS THAT THE REQUEST IS UNINTELLIGIBLE AS POSED BECAUSE NAPPI CANNOT HAVE COMMUNICATION WITH HIMSELF.

REQUEST FOR PRODUCTION NO. 15:

All DOCUMENTS containing any COMMUNICATIONS between you and NEPOMUCENO that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, NAPPI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE.

NAPPI OBJECTS BECAUSE THE REQUEST IS COMPOUND AS IT CONTAINS MULTIPLE SUBPARTS, IS UNINTELLIGIBLE AS POSED AND SEEKS DOCUMENTS NOT RELEVANT TO ANY PARTY'S CLAIM OR DEFENSE TO THE EXTENT IT SEEKS DOCUMENTS UNRELATED TO THE DISPUTED PAYMENTS. NAPPI HAS NO

RESPONSIVE DOCUMENTS.

REQUEST FOR PRODUCTION NO. 16:

All DOCUMENTS that relate to or refer in any way to PIPPIN.

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE. . NAPPI OBJECTS FURTHER ON THE GROUNDS THAT THE REQUEST IS NOT.  NAPPI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 17:

All DOCUMENTS that relate to or refer in any way to any of the PIPPIN TRANSFERS.

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE. . NAPPI OBJECTS FURTHER ON THE GROUNDS THAT THE REQUEST IS NOT.  NAPPI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 18:

All DOCUMENTS that relate to or refer in any way to either of the PLAINTIFFS.

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE. NAPPI OBJECTS BECAUSE THIS REQUEST IS OVERBROAD AND IRRELEVANT IN THAT IT SEEKS DOCUMENTS THAT DO NOT RELATE OR REFER TO THE DISPUTED PAYMENTS.  NAPPI OBJECTS BECAUSE THE REQUESTS SEEKS DOCUMENTS THAT ARE SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE.  NAPPI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE THAT RELATE TO THE DISPUTED PAYMENTS.

REQUEST FOR PRODUCTION NO. 19:

All DOCUMENTS containing any COMMUNICATIONS between you and RADEMAKER that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL          ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, NAPPI, JUUL, any of the KLAGI ENTITIES, MAMELI,

NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE.

NAPPI OBJECTS BECAUSE THE REQUEST IS COMPOUND AS IT CONTAINS

MULTIPLE SUBPARTS, IS UNINTELLIGIBLE AS POSED AND SEEKS DOCUMENTS

NOT RELEVANT TO ANY PARTY'S CLAIM OR DEFENSE TO THE EXTENT IT SEEKS

DOCUMENTS UNRELATED TO THE DISPUTED PAYMENTS. NAPPI HAS NO

RESPONSIVE DOCUMENTS.

REQUEST FOR PRODUCTION NO. 20:

All DOCUMENTS that relate to or refer in any way to SHIBA.

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE.

NAPPI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED

BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 21:

All DOCUMENTS containing any COMMUNICATIONS between you and SINE NOMINE that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, NAPPI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SUN TRUST TITLE or WOLF RIFKIN.

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE.

NAPPI OBJECTS BECAUSE THE REQUEST IS COMPOUND AS IT CONTAINS

MULTIPLE SUBPARTS, IS UNINTELLIGIBLE AS POSED AND SEEKS DOCUMENTS

NOT RELEVANT TO ANY PARTY'S CLAIM OR DEFENSE TO THE EXTENT IT SEEKS

DOCUMENTS UNRELATED TO THE DISPUTED PAYMENTS. NAPPI HAS NO

RESPONSIVE DOCUMENTS.

REQUEST FOR PRODUCTION NO. 22:

All DOCUMENTS containing any COMMUNICATIONS between you and SUN TRUST TITLE that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, NAPPI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI,

NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE or WOLF RIFKIN.

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE. NAPPI OBJECTS ON THE GROUNDS THAT THE REQUEST IS COMPOUND AS IT CONTAINS MULTIPLE SUBPARTS. NAPPI FURTHER OBJECTS ON THE GROUNDS THAT THE REQUEST IS UNINTELLIGIBLE AS POSED. NAPPI OBJECTS FURTHER ON THE GROUNDS THAT THE REQUEST IS NOT RELEVANT TO ANY PARTY'S CLAIM OR DEFENSE NOR IS LIKELY TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE. NAPPI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 23:

All DOCUMENTS containing any COMMUNICATIONS between you and WOLF RIFKIN that relate to or refer in any way to either of the PLAINTIFFS.

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE. NAPPI FURTHER OBJECTS ON THE GROUNDS THAT THE REQUEST IS UNINTELLIGIBLE AS POSED. NAPPI OBJECTS FURTHER ON THE GROUNDS THAT THE REQUEST IS NOT RELEVANT TO ANY PARTY'S CLAIM OR DEFENSE NOR IS LIKELY TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE TO THE EXTENT THAT ITS SEEKS DOCUMENTS THAT DO NOT RELATE OR REFER TO THE DISPUTED PAYMENTS. NAPPI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 24(1):

All DOCUMENTS that relate to or refer in any way to any agreements between you and GORI.

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE. THIS REQUEST IS OVERBROAD IN THAT SEEKS DOCUMENTS WHICH RELATE OR REFER TO THE DISPUTED PAYMENTS. NAPPI FURTHER OBJECTS ON THE GROUNDS THAT THE REQUEST SEEKS DOCUMENTS SUBJECT TO THE ATTORNEY

CLIENT PRIVILEGE.  ALL NON PRIVILEGED DOCUMENTS IN THIS CATEGORY THAT

RELATE OR REFER TO THE DISPUTED PAYMENTS WILL BE PRODUCED.

REQUEST FOR PRODUCTION NO. 24(2):

All DOCUMENTS that relate to or refer in any way to any agreements between either of the ISNA
ENTITIES and GORI.

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE.  .

NAPPI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED

BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.  NAPPI FURTHER

OBJECTS ON THE GROUNDS THAT THE REQUEST SEEKS DOCUMENTS SUBJECT TO

THE ATTORNEY CLIENT PRIVILEGE.  ALL NON PRIVILEGED DOCUMENTS IN THIS

CATEGORY THAT RELATE OR REFER TO THE DISPUTED PAYMENTS WILL BE

PRODUCED.

REQUEST FOR PRODUCTION NO. 25:

All DOCUMENTS supporting your denial in the ANSWER of the allegation that, beginning at least as
early as 2008 and continuing through mid-2015, you possessed decision-making authority over the
PLAINTIFFS pursuant to authority granted by GORI.

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE.

NAPPI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED

BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 26:

All DOCUMENTS supporting your denial in the ANSWER of the allegation that, on multiple occasions,
you informed JUUL that you were authorized to make decisions on behalf of each of the PLAINTIFFS.

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE.

NAPPI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED

BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 27:

All DOCUMENTS supporting your denial in the ANSWER of the allegation that you controlled the
expenditure of each of the PLAINTIFFS' funds during the period from March through June 2012.

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE.

NAPPI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 28:

All DOCUMENTS supporting your denial in the ANSWER of the allegation that the SHIBA ASSIGNMENT was made at your direction and for your benefit.

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE.

NAPPI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 29:

All DOCUMENTS supporting your denial in the ANSWER that you controlled the expenditure of each of the PLAINTIFFS' funds during the period in which the PIPPIN TRANSFERS occurred.

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE.

NAPPI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 30:

All DOCUMENTS supporting your denial in the ANSWER of the allegation that you created and maintained the PIPPIN ACCOUNTS for your own benefit.

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE.

NAPPI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 31:

All DOCUMENTS supporting your denial in the ANSWER of the allegation that you owed the PLAINTIFFS fiduciary duties.

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE.

NAPPI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 32:

All DOCUMENTS supporting your denial in the ANSWER of the allegation that you received property transferred from the PLAINTIFFS pursuant to the SHIBA ASSIGNMENT and the PIPPIN TRANSFERS.

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE.

NAPPI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 33:

All DOCUMENTS supporting your denial in the ANSWER of the allegation that you withheld or aided in the withholding of property transferred from the PLAINTIFFS pursuant to the SHIBA ASSIGNMENT and the PIPPIN TRANSFERS.

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE.

NAPPI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 34:

All DOCUMENTS supporting your denial in the ANSWER of the allegation that CGUSA was insolvent or became insolvent as a result of the PIPPIN TRANSFERS.

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE.

NAPPI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 35:

All DOCUMENTS supporting the first affirmative defense [Statute of Limitations] you asserted in the ANSWER.

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE.

NAPPI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.  ALL SUCH DOCUMENTS ARE ATTACHED TO NAPPI'S MOTION FOR SUMMARY ADJUDICATION

REQUEST FOR PRODUCTION NO. 36:

All DOCUMENTS supporting the second affirmative defense [agent immunity] you asserted in the ANSWER.

> NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE.
>
> NAPPI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE AND THE GORI DECLARATION PRODUCED HEREWITH.

REQUEST FOR PRODUCTION NO. 37:

All DOCUMENTS supporting the third affirmative defense [RES JUDICATA / COLLATERAL ESTOPPEL] you asserted in the ANSWER.

> NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE.
>
> NAPPI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 38:

All DOCUMENTS supporting your assertion in the CONFERENCE STATEMENT that the disposition of the SETTLEMENT PROCEEDS was directed by JUUL.

> NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE.
>
> NAPPI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE.

REQUEST FOR PRODUCTION NO. 39:

All DOCUMENTS supporting your assertion in the CONFERENCE STATEMENT that the disposition of the SETTLEMENT PROCEEDS was directed by GORI.

> NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE.
>
> NAPPI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE AND THE GORI DECLARATION PRODUCED HEREWITH.

REQUEST FOR PRODUCTION NO. 40:

All DOCUMENTS supporting your assertion in the CONFERENCE STATEMENT that you never received any of the SETTLEMENT PROCEEDS for your benefit.

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE.

NAPPI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE AND THE GORI DECLARATION PRODUCED HEREWITH.

REQUEST FOR PRODUCTION NO. 41:

All DOCUMENTS supporting your assertion in the CONFERENCE STATEMENT that a portion of the SETTLEMENT PROCEEDS was transferred in trust for GORI, as beneficiary, to ISNA.

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE.

NAPPI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE AND THE GORI DECLARATION PRODUCED HEREWITH.

REQUEST FOR PRODUCTION NO. 42:

All DOCUMENTS supporting your assertion in the CONFERENCE STATEMENT that all of the proceeds of the ISNA CONDO SALE were transferred to an entity controlled by GORI.

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE.

NAPPI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE AND THE GORI DECLARATION PRODUCED HEREWITH.

REQUEST FOR PRODUCTION NO. 43:

All DOCUMENTS supporting your assertion in the CONFERENCE STATEMENT that you never received any of the proceeds of the ISNA CONDO SALE.

NAPPI INCORPORATES AND REPEATS HIS GENERAL OBJECTIONS HEREINABOVE.

NAPPI HAS NO RESPONSIVE DOCUMENTS, EXCEPT THOSE ALREADY PRODUCED BY PLAINTIFFS OR ON FILE IN THIS BANKRUPTCY CASE AND THE GORI DECLARATION PRODUCED HEREWITH.

Dated:  June 1, 2019               WEISS & SPEES, LLP

_____

Michael H. Weiss
Attorneys for Defendants
Gabrile NAPPI and Giovanni Nappi

# EXHIBIT "9"

Michael H. Weiss (State Bar Number 107481)
mw@weissandspees.com
Laura J. Meltzer (State Bar Number 151889)
lm@weissandspees.com
WEISS & SPEES, LLP
6310 S. San Vicente Blvd., Suite 401
Los Angeles, CA 90068
Telephone: 424-245-3100
Facsimile: 424-217-4160

*Attorneys for Defendants*
*Gabriele Israilovici and Giovanni Nappi*

<br>

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| IN RE<br>CECCHI GORI PICTURES, INC., a California corporation; CECCHI GORI USA, INC., a California corporation,<br><br>               Debtors<br><br>CECCHI GORI PICTURES, INC. and CECCHI GORI USA, INC.,<br><br>     Plaintiffs,<br>v.<br><br>GABRIELE ISRAILOVICI, an individual, GIOVANNI NAPPI, an individual, and KLAGI LIMITED (a/k/a KLAGI MANAGEMENT LIMITED and KLAGI LTD.), a Hong Kong corporation<br><br>     Defendants.. | Case No. 16-53499<br>(Administratively consolidated with Case No. 16-53500)<br>Chapter 11<br>Adv. No. 17-05084<br>Judge: Hon. M. Elaine Hammond<br><br>**2nd AMENDED RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS UPON ISRAILOVICI GABRIELE ISRAILOVICI** |

PROPOUNDING PARTY: CECCHI GORI PICTURES and CECCHI GORI USA, INC.

RESPONDING PARTY: ISRAILOVICI GABRIELE ISRAILOVICI ("Israilovici")

SET:    ONE

## **GENERAL OBJECTIONS**

1.     Israilovici objects to each and every Request to the extent it seeks confidential, trade secret,

and/or proprietary information.

2.      Israilovici objects to each and every Request to the extent that it purports, through instructions or otherwise, to impose burdens and duties on Israilovici that exceeds the proper scope of discovery under the Federal Rules of Civil Procedure and the Local Rules of this Court.

3.      Israilovici objects to each and every Request to the extent it seeks information that is not relevant to any claim or defense in the lawsuit and/or is disproportionate to the needs of the case pursuant to Federal Rule of Civil Procedure 26(b).

4.      Israilovici objects to each and every Request to the extent that it seeks disclosure of information subject to the attorney-client privilege, work product doctrine, or other applicable privileges. Any disclosure of such information is inadvertent and shall not be deemed a waiver of any applicable privilege.

5.      Israilovici objects to each and every Request to the extent that it seeks information not in the possession, custody, or control of Israilovici.

6.      Israilovici objects generally to the definitions and instructions as vague, overbroad, unduly burdensome, and as seeking to impose obligations beyond the Federal Rules of Civil Procedure—including the first two paragraphs of the Requests and the definitions and instructions. By attempting to respond to the Requests, Israilovici does not accede to the propriety of any definitions or instructions included in the Requests.

7.      Israilovici objects to the definitions of "DOCUMENT," "THING," "COMMUNICATE" and "COMMUNICATIONS" to the extent they seek to impose obligations beyond the Federal Rules of Civil Procedure.

### **SPECIFIC OBJECTIONS**

ISRAILOVICI incorporates by reference the foregoing General Objections into each and every one of the Specific Objections to the Requests for Production of Documents below, and further objects to the Requests for Production of Documents as follows:

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS containing any COMMUNICATIONS between you and AALL & ZYLEMAN that relate to or refer in any way to the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows: based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici has no responsive documents.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS containing any COMMUNICATIONS between you and the BERLANDI FIRM that relate to or refer in any way to either of the PLAINTIFFS.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiff has agreed to withdraw this request.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS containing any COMMUNICATIONS between you and the BLAKELY

FIRM that relate to or refer in any way to either of the PLAINTIFFS.

**2ⁿᵈ** **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows: based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici, either through himself or G&G, has already produced all documents in his possession, custody or control related to the Blakely Firm's work in connection with the Nous and Nunnari litigations,[1] and the assignment of payments to Shiba Limited described in the First Amended Complaint ("FAC") at ¶¶ 23-33; the transfer of funds through Pippin Management Limited to Klagi Limited described in ¶¶ 34-44 of the FAC and the funds transferred to purchase the Miami Condominium and the subsequent transfer of the proceeds of the sale of said condominium to ISNA Trading described in ¶¶ 45-50 of the FAC (collectively, the Disputed Transactions).

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS containing any COMMUNICATIONS between you and the BREWER FIRM that relate to or refer in any way to either of the PLAINTIFFS.

**2ⁿᵈ** **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

---

[1] Respectively, *Nunnari, et al. v. Cecchi Pictures, Inc., et al* , L.A. Sup. Ct. Case No. BC390245 and *Nous S.r.l v. Checchi Gori Pictures*, L.A. Sup. Ct. Case No. BC466028.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows: based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici is not aware of, nor has possession custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Israilovici will not re-produce documents already identified in the Bankruptcy case and therefore equally available to Plaintiff or produced to Plaintiffs in response to various subpoenas or examination under Fed. R. Bankr. Pro. 2004 (collectively, the "Previously Produced Documents." *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014).

## REQUEST NO. 5:

All DOCUMENTS containing any COMMUNICATIONS between you and CERVERA REAL ESTATE that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

## 2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici

further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows: based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici is not aware of, nor has possession custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Israilovici will not re-produce the Previously Produced Documents which are equally available to Plaintiff. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014).

## REQUEST FOR PRODUCTION NO. 6:

All DOCUMENTS containing any COMMUNICATIONS between you and DIPASQUALE that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

## 2d AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows:  based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request,  Israilovici is not aware of, nor has possession custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case.  Israilovici will not re-produce the Previously Produced Documents which are equally available to Plaintiff.  *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014)

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS containing any COMMUNICATIONS between you and DARO that relate to or refer in any way to either of the PLAINTIFFS.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case.  Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows:  based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request,  Israilovici is not aware of, nor has possession custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case.  Israilovici will not re-produce the Previously Produced Documents which are equally available to Plaintiff.  *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014).

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS containing any COMMUNICATIONS between you and FABRICA that relate to or refer in any way to either of the PLAINTIFFS.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiff has agreed to withdraw this request.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS containing any COMMUNICATIONS between you and GORI that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, HUGHES, any of the ISNA ENTITIES, NAPPI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows: Israilovici, through himself or G&G, has already produced all responsive documents in his possession, custody or control related to the Disputed Transactions.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS relating to or referring in any way to any of the ISNA ENTITIES.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows: based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici is not aware of, nor has possession custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Israilovici will not re-produce the Previously Produced Documents which are equally available to Plaintiff. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014)

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS containing any COMMUNICATIONS between you and JUUL that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, NAPPI, any of the KLAGI ENTITIES, MAMELI, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici

further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows: based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici is not aware of, nor has possession custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. I Israilovici will not re-produce the Previously Produced Documents which are equally available to Plaintiff. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014).

## REQUEST FOR PRODUCTION NO. 12:

All DOCUMENTS relating to or referring in any way to any of the KLAGI ENTITIES.

## 2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 12

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows: based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici is not aware of, nor has possession custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Israilovici will not re-produce documents already identified in the Bankruptcy case and therefore equally available to Plaintiff. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED

Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014)

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS containing any COMMUNICATIONS between you and MAMELI that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, NAPPI, JUUL, any of the KLAGI ENTITIES, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

**2ⁿᵈ AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows: based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici has no responsive documents.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS containing any COMMUNICATIONS between you and ISRAILOVICI that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, NAPPI, JUUL, any of the KLAGI ENTITIES, MAMELI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either

of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to his request as hopelessly vague. Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows: based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request – Israilovici has no responsive documents in that he cannot have communications with himself and he has no responsive documents regarding the Disputed Transactions other than Previously Produced Documents. Israilovici will not re-produce the Previously Produced Documents which are equally available to Plaintiff. .

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS containing any COMMUNICATIONS between you and NEPOMUCENO that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, NAPPI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

**2d AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows: based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici has no responsive documents.

### REQUEST FOR PRODUCTION NO. 16:

All DOCUMENTS that relate to or refer in any way to PIPPIN.

### AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 16

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows: based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici is not aware of, nor has possession custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Israilovici will not re-produce the Previously Produced Documents which are equally available to Plaintiff. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014).

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS that relate to or refer in any way to any of the PIPPIN TRANSFERS.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows: based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici is not aware of, nor has possession custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Israilovici will not re-produce the Previously Produced Documents which are equally available to Plaintiff. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014)

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS that relate to or refer in any way to either of the PLAINTIFFS.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore

oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows: based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici, either through himself or G&G, Plaintiffs have already produced all non-privileged documents in his possession, custody or control responsive to this request. Israilovici will not re-produce the Previously Produced Documents which are equally available to Plaintiff. Israilovici has no additional documents.

## REQUEST FOR PRODUCTION NO. 19:

All DOCUMENTS containing any COMMUNICATIONS between you and RADEMAKER that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, NAPPI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

## 2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 19

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein. Israilovici objects to this Request to the extent it calls for documents outside of Israilovici's possession, custody or control.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows: based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici has no responsive documents.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS that relate to or refer in any way to SHIBA.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows: based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici is not aware of, nor has possession custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Israilovici will not re-produce the Previously Produced Documents which are equally available to Plaintiff. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014).

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS containing any COMMUNICATIONS between you and SINE NOMINE that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, NAPPI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SUN TRUST TITLE or WOLF RIFKIN.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 21**

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents outside of Israilovici's possession, custody or control. Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows: based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici has no responsive documents.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS containing any COMMUNICATIONS between you and SUN TRUST TITLE that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, NAPPI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE or WOLF RIFKIN.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 22**

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore

oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows: based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici is not aware of, nor has possession custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Israilovici will not re-produce the Previously Produced Documents which are equally available to Plaintiff. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014)

## REQUEST FOR PRODUCTION NO. 23:

All DOCUMENTS containing any COMMUNICATIONS between you and WOLF RIFKIN that relate to or refer in any way to either of the PLAINTIFFS.

## 2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 23

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows: based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici is not aware of, nor has possession custody or control over, any responsive documents with regards to the Disputed Transactions, except those already produced by Plaintiffs or on file in the Bankruptcy case. Israilovici will not re-produce the Previously Produced Documents which are equally available to Plaintiff. *Garcia v. O'Rafferty*, 2017

U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014).

**REQUEST FOR PRODUCTION NO. 24(1):**

All DOCUMENTS that relate to or refer in any way to any agreements between you and GORI.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 24(1)**

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows: based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici, either through himself of G&G, has already produced all non-privileged documents in his possession, control or custody responsive to this request. Israilovici will not re-produce the Previously Produced Documents which are equally available to Plaintiff. Israilovici has no additional documents.

**REQUEST FOR PRODUCTION NO. 24 (2):**

All DOCUMENTS that relate to or refer in any way to any agreements between either of the ISNA ENTITIES and GORI.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 24 (2):**

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici

further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows:  based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici, either through himself or G&G, has already produced all non-privileged documents in his possession, custody or control related to the Disputed Payments.  Israilovici will not re-produce the Previously Produced Documents which are equally available to Plaintiff.  Israilovici has no additional documents.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS that support your statement in paragraph 2 of the MARCH DECLARATION that the PLAINTIFFS would have collapsed if they had not prevailed in the Nunnari Litigation (as such term is defined in the MARCH DECLARATION).

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case.  Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows:  based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici is not aware of, nor has possession custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Israilovici will not re-produce the Previously Produced Documents which are equally available to Plaintiff.  . *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017);

*Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014)

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS that support your statement in paragraph 16 of the FEBRUARY DECLARATION that you are aware the Nunnari Litigation Settlement Payment (as such term is defined in the FEBRUARY DECLARATION) was paid and distributed at the direction of JUUL.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows: based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici is not aware of, nor has possession custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Israilovici will not re-produce the Previously Produced Documents which are equally available to Plaintiff. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014)

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS supporting your denial in the ANSWER of the allegation that, beginning at least as early as 2008 and continuing through mid-2015, you possessed decision-making authority over the PLAINTIFFS pursuant to authority granted by GORI.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows: based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici is not aware of, nor has possession custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Israilovici will not re-produce the Previously Produced Documents which are equally available to Plaintiff. . *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014)

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS supporting your denial in the ANSWER of the allegation that, on multiple occasions, you informed JUUL that you were authorized to make decisions on behalf of each of the PLAINTIFFS.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore

oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows:  based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici is not aware of, nor has possession custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Israilovici will not re-produce the Previously Produced Documents which are equally available to Plaintiff.  *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014)

## REQUEST FOR PRODUCTION NO. 29:

All DOCUMENTS supporting your denial in the ANSWER of the allegation that you controlled the expenditure of each of the PLAINTIFFS' funds during the period from march through June 2012.

## 2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case.  Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows:  based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici is not aware of, nor has possession custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case.  Israilovici will not re-produce the Previously Produced Documents which are

equally available to Plaintiff. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014) Israilovici believes that Niels Juul, who controlled Debtors' bank accounts until 2016, has responsive documents.

## 2nd REQUEST FOR PRODUCTION NO. 30:

All DOCUMENTS supporting your denial in the ANSWER of the allegation that the SHIBA ASSIGNMENT was made at your direction and for your benefit.

## AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows: based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici is not aware of, nor has possession custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Israilovici will not re-produce the Previously Produced Documents which are equally available to Plaintiff. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014).

## REQUEST FOR PRODUCTION NO. 31:

All DOCUMENTS supporting your denial in the ANSWER that you controlled the expenditure of each of the PLAINTIFFS' funds during the period in which the PIPPIN TRANSFERS occurred.

## 2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows: based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici is not aware of, nor has possession custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Israilovici will not re-produce documents already identified in the Bankruptcy case and therefore equally available to Plaintiff. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014).

## REQUEST FOR PRODUCTION NO. 32:

All DOCUMENTS supporting your denial in the ANSWER of the allegation that you created and maintained the PIPPIN ACCOUNTS for your own benefit.

## AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows: based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici is not aware of, nor has possession custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Israilovici will not re-produce the Previously Produced Documents which are equally available to Plaintiff. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014).

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS supporting your denial in the ANSWER of the allegation that you owed the PLAINTIFFS fiduciary duties.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows: based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici is not aware of, nor has possession custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Israilovici will not re-produce the Previously Produced Documents which are equally available to Plaintiff. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014).

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS supporting your denial in the ANSWER of the allegation that you received property transferred from the PLAINTIFFS pursuant to the SHIBA ASSIGNMENT and the PIPPIN TRANSFERS.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case.  Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows:  based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici is not aware of, nor has possession custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Israilovici will not re-produce the Previously Produced Documents which are equally available to Plaintiff.   *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014).

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS supporting your denial in the ANSWER of the allegation that you withheld or aided in the withholding of property transferred from the PLAINTIFFS pursuant to the SHIBA ASSIGNMENT and the PIPPIN TRANSFERS.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows: based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici is not aware of, nor has possession custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Israilovici will not re-produce the Previously Produced Documents which are equally available to Plaintiff. to Plaintiff. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014).

## REQUEST FOR PRODUCTION NO. 36:

All DOCUMENTS supporting your denial in the ANSWER of the allegation that CGUSA was insolvent or became insolvent as a result of the PIPPIN TRANSFERS.

## 2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 36:

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows: based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici is not aware of, nor has possession custody or

control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Israilovici will not re-produce the Previously Produced Documents which are equally available to Plaintiff. . *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014)

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS supporting the first affirmative defense [STATUTE OF LIMITATIONS] you asserted in the ANSWER.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows: based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici, either through himself or G&G, has already produced all non-privileged documents in his possession, custody or control responsive to this request or he produced them in pleadings filed in these bankruptcy cases, as well as all documents filed in the Nous and Nunnari litigations.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS supporting the second affirmative defense [AGENT IMMUNITY] you asserted in the ANSWER.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows: based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici is not aware of, nor has possession custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Israilovici will not re-produce the Previously Produced Documents which are equally available to Plaintiff. These documents include the declaration of Vittorio Cecchi Gori previously produced. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014).

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS supporting the third affirmative defense [RES JUDICATA / COLLATERAL ESTOPPEL] you asserted in the ANSWER.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows:  based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici is not aware of, nor has possession custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Israilovici will not re-produce the Previously Produced Documents which are equally available to Plaintiff, including all documents filed in the Nous and Nunnari litigations. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal.  2014).

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS supporting your assertion in the CONFERENCE STATEMENT that the disposition of the SETTLEMENT PROCEEDS was directed by JUUL.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case.  Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows:  based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici is not aware of, nor has possession custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Israilovici will not re-produce the Previously Produced Documents which are equally available to Plaintiff, including all documents filed in the Nous and Nunnari litigations.  . *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal.  2014)

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS supporting your assertion in the CONFERENCE STATEMENT that the disposition of the SETTLEMENT PROCEEDS was directed by GORI.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows: based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici is not aware of, nor has possession custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Israilovici will not re-produce the Previously Produced Documents which are equally available to Plaintiff, including all documents filed in the Nous and Nunnari litigations. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014).

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS supporting your assertion in the CONFERENCE STATEMENT that you never received any of the SETTLEMENT PROCEEDS for your benefit.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici

further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows: based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici, either through himself or G&G, has either already produced all non-privileged documents in his possession, custody or control responsive to this request. Israilovici will not re-produce the Previously Produced Documents which are equally available to Plaintiff, including all documents filed in the Nous and Nunnari litigations. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014).

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS supporting your assertion in the CONFERENCE STATEMENT that a portion of the SETTLEMENT PROCEEDS was transferred in trust for GORI, as beneficiary, to ISNA.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows: based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici, either through himself or G&G, has already produced all non-privileged documents in his possession, custody or control responsive to this

request. Israilovici will not re-produce the Previously Produced Documents which are equally available to Plaintiff, including all documents filed in the Nous and Nunnari litigations. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014).

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS supporting your assertion in the CONFERENCE STATEMENT that all of the proceeds of the ISNA CONDO SALE were transferred to an entity controlled by GORI.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows: based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici, either through himself or G&G, has already produced all non-privileged documents in his possession, custody or control responsive to this request, including the declaration of Vittorio Cecchi Gori. Israilovici will not re-produce the Previously Produced Documents which are equally available to Plaintiff, including all documents filed in the Nous and Nunnari litigations. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014).

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS supporting your assertion in the CONFERENCE STATEMENT that you never received any of the proceeds of the ISNA CONDO SALE.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Israilovici incorporates by reference the foregoing General Objections as if set forth fully herein.

Israilovici objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Israilovici further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Israilovici further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Israilovici responds as follows: based on Israilovici's investigation to date, a reasonable search, and as Israilovici understands the Request, Israilovici, either through himself or G&G, has already produced all non-privileged documents in his possession, custody or control responsive to this request, including the previously produced declaration of Vittorio Cecchi Gori. Israilovici will not re-produce the Previously Produced Documents which are equally available to Plaintiff, including all documents filed in the Nous and Nunnari litigations. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014)

DATED:         June 21, 2019                    WEISS & SPEES, LLP

_____
Michael H. Weiss
Attorneys for Defendants
Gabriele Israilovici and Giovanni Nappi

# EXHIBIT "10"

Michael H. Weiss (State Bar Number 107481)
mw@weissandspees.com
Laura J. Meltzer (State Bar Number 151889)
lm@weissandspees.com
WEISS & SPEES, LLP
6310 S. San Vicente Blvd., Suite 401
Los Angeles, CA 90068
Telephone: 424-245-3100
Facsimile: 424-217-4160

*Attorneys for Israilovicis*
*Gabriele Israilovici and Giovanni Nappi*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| IN RE<br><br>CECCHI GORI PICTURES, INC., a California corporation; CECCHI GORI USA, INC., a California corporation,<br><br>Debtors<br><br>CECCHI GORI PICTURES, INC. and CECCHI GORI USA, INC.,<br><br>Plaintiffs,<br>v.<br><br>GABRIELE ISRAILOVICI, an individual, GIOVANNI NAPPI, an individual, and KLAGI LIMITED (a/k/a KLAGI MANAGEMENT LIMITED and KLAGI LTD.), a Hong Kong corporation<br><br>Defendants. | Case No. 16-53499<br>(Administratively consolidated with Case No. 16-53500)<br>Chapter 11<br>Adv. No. 17-05084<br>Judge: Hon. M. Elaine Hammond<br><br>**2nd AMENDED RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS UPON DEFENDANT GIOVANNI NAPPI** |

PROPOUNDING PARTY: CECCHI GORI PICTURES and CECCHI GORI USA, INC.

RESPONDING PARTY: DEFENDANT GIOVANNI NAPPI ("Nappi")

SET:     ONE

## GENERAL OBJECTIONS

1.      Nappi objects to each and every Request to the extent it seeks confidential, trade secret, and/or proprietary information.

2.      Nappi objects to each and every Request to the extent that it purports, through instructions or otherwise, to impose burdens and duties on Nappi that exceeds the proper scope of discovery under the Federal Rules of Civil Procedure and the Local Rules of this Court.

3.      Nappi objects to each and every Request to the extent it seeks information that is not relevant to any claim or defense in the lawsuit and/or is disproportionate to the needs of the case pursuant to Federal Rule of Bankruptcy Procedure 7026(b).

4.      Nappi objects to each and every Request to the extent that it seeks disclosure of information subject to the attorney-client privilege, work product doctrine, or other applicable privileges. Any disclosure of such information is inadvertent and shall not be deemed a waiver of any applicable privilege.

5.      Nappi objects to each and every Request to the extent that it seeks information not in the possession, custody, or control of Nappi.

6.      Nappi objects generally to the definitions and instructions as vague, overbroad, unduly burdensome, and as seeking to impose obligations beyond the Federal Rules of Civil Procedure—including the first two paragraphs of the Requests and the definitions and instructions. By attempting to respond to the Requests, Nappi does not accede to the propriety of any definitions or instructions included in the Requests.

7.      Nappi objects to the definitions of "DOCUMENT," "THING," "COMMUNICATE" and "COMMUNICATIONS" to the extent they seek to impose obligations beyond the Federal Rules of Bankruptcy Procedure.

## SPECIFIC OBJECTIONS

ISRAILOVICI incorporates by reference the foregoing General Objections into each and every one of the Specific Objections to the Requests for Production of Documents below, and further objects to the Requests for Production of Documents as follows:

<h1 style="text-align:center">REQUESTS FOR PRODUCTION</h1>

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS containing any COMMUNICATIONS between you and AALL & ZYLEMAN that relate to or refer in any way to the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows: Based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request, Nappi has no responsive documents .

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS containing any COMMUNICATIONS between you and the BERLANDI FIRM that relate to or refer in any way to either of the PLAINTIFFS.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiff has agreed to withdraw this request.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS containing any COMMUNICATIONS between you and the BLAKELY FIRM that relate to or refer in any way to either of the PLAINTIFFS.

2nd **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows: Based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request, Nappi, either through himself or G&G, has already produced all documents in his possession, custody or control related to the Blakely Firm's work in connection with the Nous and Nunnari litigations[1], and the assignment of payments to Shiba Limited described in the First Amended Complaint ("FAC") at ¶¶ 23-33; the transfer of funds through Pippin Management Limited to Klagi Limited described in ¶¶ 34-44 of the FAC and the funds transferred to purchase the Miami Condominium and the subsequent transfer of the proceeds of the sale of said condominium to ISNA Trading described in ¶¶ 45-50 of the FAC (collectively, the Disputed Transactions).

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS containing any COMMUNICATIONS between you and the BREWER FIRM that relate to or refer in any way to either of the PLAINTIFFS.

2nd **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi

---

[1]     Respectively, *Nunnari, et al. v. Cecchi Pictures, Inc., et al* , L.A. Sup. Ct. Case No. BC390245 and *Nous S.r.l v. Checchi Gori Pictures*, L.A. Sup. Ct. Case No. BC466028.

further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows:  based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request,  Nappi is not aware of, and does not have custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Nappi will not re-produce documents already identified in the Bankruptcy case and therefore equally available to Plaintiff or produced to Plaintiffs in response to various subpoenas or examinations under Fed. R. Bankr. Pro. 2004 (collectively, the "Previously Produced Documents"). *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal.  2014).

## REQUEST NO. 5:

All DOCUMENTS containing any COMMUNICATIONS between you and CERVERA REAL ESTATE that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, ISRAILOVICI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

## 2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case.  Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive.  Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows:  based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request,  Nappi is not aware of, and does not have custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Nappi will not re-produce the Previously Produced Documents which are  equally available to Plaintiff.  *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal.  2014).

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS containing any COMMUNICATIONS between you and DIPASQUALE that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, NAPPI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case.  Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows:  based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request,  Nappi is not aware of, and does not have custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Nappi will not re-produce the Previously Produced Documents which are equally available to

Plaintiff. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014).

## REQUEST FOR PRODUCTION NO. 7:

All DOCUMENTS containing any COMMUNICATIONS between you and DARO that relate to or refer in any way to either of the PLAINTIFFS.

## 2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows: based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request, Nappi is not aware of, and does not have custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Nappi will not re-produce the Previously Produced Documents which are equally available to Plaintiff. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014).

## REQUEST FOR PRODUCTION NO. 8:

All DOCUMENTS containing any COMMUNICATIONS between you and FABRICA that relate to or refer in any way to either of the PLAINTIFFS.

## 2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Plaintiff has agreed to withdraw this request.

## REQUEST FOR PRODUCTION NO. 9:

All DOCUMENTS containing any COMMUNICATIONS between you and GORI that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the

BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, HUGHES, any of the ISNA ENTITIES, NAPPI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows: Nappi, through himself or G&G, has already produced all responsive documents in his possession, custody or control related to the Disputed Transactions.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS relating to or referring in any way to any of the ISNA ENTITIES.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows: based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request, Nappi is not aware of, and does not have custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case.

Nappi will not re-produce the Previously Produced Documents which are equally available to Plaintiff.  Nappi*Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal.  2014).

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS containing any COMMUNICATIONS between you and JUUL that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, NAPPI, any of the KLAGI ENTITIES, MAMELI, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case.  Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows:  based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request, Nappi is not aware of, and does not have custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. I Nappi will not re-produce the Previously Produced Documents which are equally available to Plaintiff.  *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal.  2014).

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS relating to or referring in any way to any of the KLAGI ENTITIES.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows: based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request, Nappi is not aware of, and does not have custody or control over, any responsive documents that relate to the Disputed Trasnactions, except those already produced by Plaintiffs or on file in the Bankruptcy case. Nappi will not re-produce documents already identified in the Bankruptcy case and therefore equally available to Plaintiff. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014)

## REQUEST FOR PRODUCTION NO. 13:

All DOCUMENTS containing any COMMUNICATIONS between you and MAMELI that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, NAPPI, JUUL, any of the KLAGI ENTITIES, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

## 2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 13

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi

further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows:  based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request, Nappi has no responsive documents.

## REQUEST FOR PRODUCTION NO. 14:

All DOCUMENTS containing any COMMUNICATIONS between you and NAPPI that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, NAPPI, JUUL, any of the KLAGI ENTITIES, MAMELI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

## AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 14

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to his request as hopelessly vague.  Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case.  Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows:  based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request – Nappi has no responsive documents in that he cannot have communications with himself and he has no responsive documents regarding the Disputed Transactions other than Previously Produced Documents. Nappi will not re-produce the Previously Produced Documents which are equally available to Plaintiff.    .

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS containing any COMMUNICATIONS between you and NEPOMUCENO that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, NAPPI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

**2d AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows: based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request, Nappi has no responsive documents.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS that relate to or refer in any way to PIPPIN.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows: based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request, Nappi is not aware of, and does not have custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Nappi will not re-produce the Previously Produced Documents which are equally available to Plaintiff. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014)

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS that relate to or refer in any way to any of the PIPPIN TRANSFERS.

**2ⁿᵈ AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows: based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request, Nappi is not aware of, and does not have custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Nappi will not re-produce the Previously Produced Documents which are equally available to Plaintiff. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014)

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS that relate to or refer in any way to either of the PLAINTIFFS.

**2ⁿᵈ AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows: based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request, Nappi, either through himself or G&G, Plaintiffs have already produced all non-privileged documents in his possession, custody or control responsive to this request. Nappi will not re-produce the Previously Produced Documents which are equally available to Plaintiff. Nappi has no additional documents.

## REQUEST FOR PRODUCTION NO. 19:

All DOCUMENTS containing any COMMUNICATIONS between you and RADEMAKER that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, NAPPI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, SHIBA, SINE NOMINE, SUN TRUST TITLE or WOLF RIFKIN.

## 2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 19

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein. Nappi objects to this Request to the extent it calls for documents outside of Nappi's possession, custody or control.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows:  based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request, Nappi has no responsive documents.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS that relate to or refer in any way to SHIBA.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case.  Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows:  based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request, Nappi is not aware of, and does not have custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Nappi will not re-produce the Previously Produced Documents which are equally available to Plaintiff.  *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal.  2014)

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS containing any COMMUNICATIONS between you and SINE NOMINE that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, NAPPI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SUN TRUST TITLE or WOLF RIFKIN.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 21**

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents outside of Nappi's possession, custody or control. Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows: based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request, Nappi has no responsive documents.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS containing any COMMUNICATIONS between you and SUN TRUST TITLE that relate to or refer in any way to AALL & ZYLEMAN, the BERLANDI FIRM, the BLAKELY FIRM, the BREWER FIRM, CERVERA REAL ESTATE, DIPASQUALE, DARO, FABRICA, GORI, HUGHES, any of the ISNA ENTITIES, NAPPI, JUUL, any of the KLAGI ENTITIES, MAMELI, NAPPI, NEPOMUCENO, the PEARSE FIRM, PIPPIN, any of the PIPPIN TRANSFERS, either of the PLAINTIFFS, RADEMAKER, SHIBA, SINE NOMINE or WOLF RIFKIN.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 22**

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows: based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request, Nappi is not aware of, and does not have custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Nappi will not re-produce the Previously Produced Documents which are equally available to Plaintiff. Nappi*Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014)

## REQUEST FOR PRODUCTION NO. 23:

All DOCUMENTS containing any COMMUNICATIONS between you and WOLF RIFKIN that relate to or refer in any way to either of the PLAINTIFFS.

## 2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 23

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows: based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request, Nappi is not aware of, and does not have custody or control over, any responsive documents with regards to the Disputed Transactions, except those already produced by Plaintiffs or on file in the Bankruptcy case. Nappi will not re-produce the Previously Produced Documents which are equally available to Plaintiff. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014).

**REQUEST FOR PRODUCTION NO. 24(1):**

All DOCUMENTS that relate to or refer in any way to any agreements between you and GORI.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 24(1)**

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Nappi represented Gori in about 167 matters, none of which involved the Debtors or the Disputed Transfers, except the objection to certain claims of FinMaVi against the Debtors. As such Mr. Nappi has no other privileged documents that are responsive to the requests and as a consequence, the Defendants have propounded no privilege log for these unrelated matters. Nappi did represent the Debtors in connection with the FinMaVi claims through the summer of 2017. However, the Debtors have transferred that file to Edoardo Albanese Ginnami and the Defendants will not produce it.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows: based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request, Nappi, either through himself of G&G, has already produced all non-privileged documents in his possession, control or custody responsive to this request. Nappi will not re-produce the Previously Produced Documents which are equally available to Plaintiffs. Nappi has no additional documents.

**REQUEST FOR PRODUCTION NO. 24 (2):**

All DOCUMENTS that relate to or refer in any way to any agreements between either of the ISNA ENTITIES and GORI.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 24 (2):**

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows: based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request, Nappi, either through himself or G&G, has already produced all non-privileged documents in his possession, custody or control related to the Disputed Payments. Nappi will not re-produce the Previously Produced Documents which are equally available to Plaintiff. Nappi has no additional documents.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS supporting your denial in the ANSWER of the allegation that, beginning at least as early as 2008 and continuing through mid-2015, you possessed decision-making authority over the PLAINTIFFS pursuant to authority granted by GORI..

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows: based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request, Nappi is not aware of, and does not have custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case.

Nappi will not re-produce the Previously Produced Documents which are equally available to Plaintiff. Nappi. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014).

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS supporting your denial in the ANSWER of the allegation that, on multiple occasions, you informed JUUL that you were authorized to make decisions on behalf of each of the PLAINTIFFS.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows: based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request, Nappi is not aware of, and does not have custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Nappi will not re-produce the Previously Produced Documents which are equally available to Plaintiff. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014).

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS supporting your denial in the ANSWER of the allegation that you controlled the expenditure of each of the PLAINTIFFS' funds during the period from March through June 2012..

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows: based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request, Nappi is not aware of, and does not have custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Nappi will not re-produce the Previously Produced Documents which are equally available to Plaintiff. Nappi. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014)

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS supporting your denial in the ANSWER of the allegation that the SHIBA ASSIGNMENT was made at your direction and for your benefit..

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows: based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request, Nappi is not aware of, and does not have custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Nappi will not re-produce the Previously Produced Documents which are equally available to

Plaintiff.  *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal.  2014).

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS supporting your denial in the ANSWER that you controlled the expenditure of each of the PLAINTIFFS' funds during the period in which the PIPPIN TRANSFERS occurred.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case.  Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows:  based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request, Nappi is not aware of, and does not have custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Nappi will not re-produce the Previously Produced Documents which are equally available to Plaintiff.  Nappi*Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal.  2014). Nappi believes that Niels Juul, who controlled Debtors' bank accounts until 2016, has responsive documents.

**2nd REQUEST FOR PRODUCTION NO. 30:**

 All DOCUMENTS supporting your denial in the ANSWER of the allegation that you created and maintained the PIPPIN ACCOUNTS for your own benefit.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows: based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request, Nappi is not aware of, and does not have custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Nappi will not re-produce the Previously Produced Documents which are equally available to Plaintiff. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014).

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS supporting your denial in the ANSWER of the allegation that you owed the PLAINTIFFS fiduciary duties.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows: based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request, Nappi is not aware of, and does not have custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Nappi will not re-produce documents already identified in the Bankruptcy case and therefore equally

available to Plaintiff. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014).

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS supporting your denial in the ANSWER of the allegation that you received property transferred from the PLAINTIFFS pursuant to the SHIBA ASSIGNMENT and the PIPPIN TRANSFERS.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows: based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request, Nappi is not aware of, and does not have custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Nappi will not re-produce the Previously Produced Documents which are equally available to Plaintiff. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014).

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS supporting your denial in the ANSWER of the allegation that you withheld or aided in the withholding of property transferred from the PLAINTIFFS pursuant to the SHIBA ASSIGNMENT and the PIPPIN TRANSFERS.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows: based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request, Nappi is not aware of, and does not have custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Nappi will not re-produce the Previously Produced Documents which are equally available to Plaintiff. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014).

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS supporting your denial in the ANSWER of the allegation that CGUSA was insolvent or became insolvent as a result of the PIPPIN TRANSFERS.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows: based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request, Nappi is not aware of, and does not have custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Nappi will not re-produce the Previously Produced Documents which are equally available to

Plaintiff. Nappi *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014).

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS supporting the first affirmative defense [Statute of Limitations] you asserted in the ANSWER.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows: based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request, Nappi is not aware of, and does not have custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Nappi will not re-produce the Previously Produced Documents which are equally available to Plaintiff, including any documents publicly available in the Nunnari and Nous litigations. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014).

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS supporting the second affirmative defense [agent immunity] you asserted in the ANSWER.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Nappi further objects

to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows: based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request, Nappi is not aware of, and does not have custody or control over, any responsive documents, except those already produced by him or Plaintiffs or on file in the Bankruptcy case. Nappi will not re-produce the Previously Produced Documents which are equally available to Plaintiff. Nappi. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014).

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS supporting the third affirmative defense [RES JUDICATA / COLLATERAL ESTOPPEL] you asserted in the ANSWER.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows: based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request, Nappi, either through himself or G&G, has already produced all non-privileged documents in his possession, custody or control responsive to this request or he produced them in pleadings filed in these bankruptcy cases, as well as all documents filed in the Nous and Nunnari litigations.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS supporting your assertion in the CONFERENCE STATEMENT that the disposition of the SETTLEMENT PROCEEDS was directed by JUUL..

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows: based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request, Nappi is not aware of, and does not have custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Nappi will not re-produce the Previously Produced Documents which are equally available to Plaintiff. These documents include the declaration of Vittorio Cecchi Gori previously produced as well as the declaration of Andrew deCamara filed in these bankruptcy cases. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014).

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS supporting your assertion in the CONFERENCE STATEMENT that the disposition of the SETTLEMENT PROCEEDS was directed by GORI..

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi

further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows: based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request, Nappi is not aware of, and does not have custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Nappi will not re-produce the Previously Produced Documents which are equally available to Plaintiff, including all documents filed in the Nous and Nunnari litigations. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014).

## REQUEST FOR PRODUCTION NO. 40:

All DOCUMENTS supporting your assertion in the CONFERENCE STATEMENT that you never received any of the SETTLEMENT PROCEEDS for your benefit..

## AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 40:

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows: based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request, Nappi is not aware of, and does not have custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Nappi will not re-produce the Previously Produced Documents which are equally available to Plaintiff, including all documents filed in the Nous and Nunnari litigations. *Garcia v. O'Rafferty*,

2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014).

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS supporting your assertion in the CONFERENCE STATEMENT that a portion of the SETTLEMENT PROCEEDS was transferred in trust for GORI, as beneficiary, to ISNA.

**2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows: based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request, Nappi is not aware of, and does not have custody or control over, any responsive documents, except those already produced by Plaintiffs or on file in the Bankruptcy case. Nappi will not re-produce the Previously Produced Documents which are equally available to Plaintiff, including all documents filed in the Nous and Nunnari litigations. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014).

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS supporting your assertion in the CONFERENCE STATEMENT that all of the proceeds of the ISNA CONDO SALE were transferred to an entity controlled by GORI.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows: based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request, Nappi, either through himself or G&G, has either already produced all non-privileged documents in his possession, custody or control responsive to this request, including a declaration of Vittorio Cecchi Gori, Nappi will not re-produce the Previously Produced Documents which are equally available to Plaintiff, including all documents filed in the Nous and Nunnari litigations. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014).

### REQUEST FOR PRODUCTION NO. 43:

All DOCUMENTS supporting your assertion in the CONFERENCE STATEMENT that you never received any of the proceeds of the ISNA CONDO SALE..

### 2nd AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 43:

Nappi incorporates by reference the foregoing General Objections as if set forth fully herein.

Nappi objects to this Request to the extent it calls for documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of this case. Nappi further objects to this Request to the extent it is overbroad, unduly burdensome, and therefore oppressive. Nappi further objects to this Request to the extent it calls for the production of documents protected by the attorney-client and/or work product privilege.

Without waiving the foregoing objections and to the extent he understands this Request, Nappi responds as follows: based on Nappi's investigation to date, a reasonable search, and as Nappi understands the Request, Nappi, either through himself or G&G, has already produced all non-privileged documents in his possession, custody or control responsive to this request. Nappi will not

re-produce the Previously Produced Documents which are equally available to Plaintiff, including all documents filed in the Nous and Nunnari litigations. *Garcia v. O'Rafferty*, 2017 U.S. Dist. LEXIS 38945 (ED Cal. 2017); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2014 U.S. Dist. LEXIS 88235 (CD Cal. 2014).

DATED: June 21, 2019 WEISS & SPEES, LLP

_____
Michael H. Weiss
*Attorneys for Nappis*
*Gabrile NAPPI and Giovanni Nappi*